**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner,<br><br>Complainant,<br><br>v.<br><br>The United States of America,<br><br>Respondent. | Case No. 06-0030-EGB |

**MEMORANDUM OF LAW IN SUPPORT OF COMPLAINANT'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT FOR THE 2000 TAX YEAR**

Complainant Russian Recovery Advisors, L.L.C. ("Recovery Advisors"), Tax Matters Partner for Russian Recovery Fund Limited ("RRF")[1], respectfully submits this Memorandum in Support of its Motion for Partial Summary Judgment. Recovery Advisors asks the Court to rule that the Notice of Final Partnership Administrative Adjustment ("FPAA") issued to Recovery Advisors for the tax year ended December 31, 2000 (the "2000 FPAA") is untimely under Section 6501 of the Internal Revenue Code of 1986 (the "Code") insofar as it purports to adjust the partnership items of anyone other than the one indirect partner (who received a 1.3% allocation of the adjusted partnership item) whose statute may have been open as of the date of the 2000 FPAA's issuance. Recovery Advisors asks the Court to rule that the FPAA is invalid as time barred as to any other direct or indirect partner of RRF. 26 U.S.C. §§ 6501(a), 6229(a).

[1] Pursuant to an order dated May 11, 2007, this Court consolidated Case No. 06-035-EGB, which is identical in all respects to the present case except with respect to the name of the tax matters partner, under Case No. 06-030-EGB. This memorandum applies equally to support the motion filed in respect of both Case No. 06-030-EGB and Case No. 06-035-EGB.

In general, and as applicable here, Section 6501 of the Code imposes a three year period of limitations on assessments that begins to run from the later of the original due date of the return or the filing date. 26 U.S.C. § 6501(a). Assessments that are attributable to partnership items are made at the partner level, not at the partnership level. *See* 26 U.S.C. §§ 6221, 6225. For an adjustment to be timely, the Internal Revenue Service (the "IRS") must issue an FPAA no later than either (i) three years after the filing of the partnership return or (ii) during the period of limitations on assessment for the partner whose items the IRS seeks to adjust. 26 U.S.C. § 6229(a); *AD Global Fund, L.L.C. v. United States*, -- F.3d --, 2007 WL 624366 (Fed. Cir., March 2, 2007).

Here, the IRS mailed the 2000 FPAA to RRF on October 14, 2005 – *four years and two months after RRF had filed its federal partnership return and more than three years after all of RRF's partners' partners had filed their returns*. By the time the IRS issued the 2000 FPAA, the three year minimum period for assessment had lapsed at the RRF partnership level. The three year minimum period for assessment had also lapsed for RRF's partner, FFIP, L.P. ("FFIP"), to whom the entire adjusted item was allocated. The individual statute of limitations under Section 6501 of the Code had expired for all but one of FFIP's partners, which partner may have extended its limitations period. In other words, the periods for adjusting partnership items and assessing any tax attributable to such adjustments had expired for all partners of FFIP except one – Partner #26 – to whom $543,330 of RRF's losses had been allocated and whose statute may have been open on the date the 2000 FPAA was issued. The 2000 FPAA is invalid to the extent that it purports to adjust any portion of a partnership item allocable to any FFIP partner other than the one partner whose statute may have been open.

## FACTUAL BACKGROUND

Recovery Advisors is a limited liability company formed under the laws of the State of Delaware. (Proposed Findings of Uncontroverted Fact ("Prop. Find."), ¶1). Recovery Advisors was designated the Tax Matters Partner ("TMP") for RRF for the tax year that ended on December 31, 2000 (the "2000 Tax Year"). (Prop. Find., ¶2). RRF is a limited liability company incorporated under the laws of the Cayman Islands that has elected status as a partnership for federal income tax purposes. (Prop. Find., ¶3). FFIP is a partner of RRF. (Prop. Find., ¶5). FFIP is a limited partnership governed under the laws of the state of Delaware. (Prop. Find. ¶4).

In 2000, RRF allocated net Section 988 losses of $46,424,782 entirely to FFIP. No RRF partner other than FFIP received an allocation of all or any portion of the net Section 988 losses. (Prop. Find., ¶6).

RRF's timely filed partnership return (Form 1065) for the 2000 Tax Year (the "2000 RRF Return") was mailed on August 14, 2001 and received by the IRS on August 17, 2001. (Prop. Find., ¶7). FFIP's federal partnership return was also filed on August 14, 2001. (Prop. Find., ¶8). At no time in the next *four years* did the IRS issue a Notice of Beginning of Administrative Proceeding to RRF or Recovery Advisors (as TMP for RRF), nor did it issue an FPAA to RRF or Recovery Advisors (as TMP for RRF). (Prop. Find., ¶¶9-10). To the knowledge of Recovery Advisors, each of FFIP's partners, including those partners of the FFIP partners that are also themselves partnerships, except for one – Partner #26 – filed their federal returns for the 2000 Tax Year prior to October 14, 2002. (Prop. Find., ¶13). Partner #26 was allocated $543,330 of RRF losses. (Prop. Find., ¶13). In sum, all of RRF's partners – and all of

FFIP's partners but one – had statutes of limitations that were closed as of October 14, 2005.[2] (Prop. Find., ¶¶13).

On September 28, 2005, the IRS issued to Recovery Advisors, as TMP for RRF, a Notice of Beginning of Administrative Proceeding for RRF for the tax year ended on December 31, 2000. (Prop. Find., ¶9). On October 14, 2005, the IRS mailed to Recovery Advisors the 2000 FPAA, proposing a $46,424,782 adjustment to Other Income on the 2000 RRF Return. (Prop. Find.,¶ 10).

The date of issuance of the 2000 FPAA was not only more than three years after RRF had filed its 2000 RRF Return, it was more than three years after FFIP (the partner that was allocated all of the losses subject to the adjustment in the 2000 FPAA) had filed its partnership return, and it was more than three years after all but one of FFIP's partners had filed their federal returns for the 2000 Tax Year. (Prop. Find., ¶¶7, 8, 13). The 2000 FPAA seeks to adjust not only the partnership item allocated to a single partner of FFIP whose individual statute of limitations may be open, but also those allocated to FFIP's partners whose statutes of limitations had expired (the "Closed Partners").

On January 10, 2006, $50,000 was deposited with the Boston, Massachusetts office of the IRS in connection with this action, and Recovery Advisors filed the instant action seeking, *inter alia*, an order stating that the 2000 FPAA was invalid insofar as it sought to adjust those amounts allocable to the Closed Partners. (Prop. Find., ¶11).

---

[2] By letter dated May 30, 2007, Recovery Advisors separately provided sufficient information to the Internal Revenue Service (the "IRS") to facilitate the verification that all but one of the direct and indirect partners of RRF had statutes of limitations that were closed as of October 14, 2005, the date of issuance of the 2000 FPAA. The information provided to the IRS contains confidential information relating to individual tax information of the direct and indirect partners, the disclosure of which would violate Section 6103 of the Code. *See* Prop. Find., ¶12. While the direct and indirect partners of RRF with closed statutes of limitations will be affected by this Court's ruling in this action, such partners are not parties to this matter and individually have no right to participate in this case pursuant to Section 6226(d)(1)(B) of the Code.

## ARGUMENT

A motion for summary judgment must be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Rules of the Court of Federal Claims ("RCFC"), 56(c); *see also Geisler v. United States*, 232 F.3d 864, 869 (Fed. Cir. 2000). The question of law presented by this motion is narrow: is the FPAA invalid to the extent it seeks to adjust partnership items attributable to the Closed Partners because the IRS issued it more than three years after RRF and the Closed Partners filed their 2000 federal income tax returns?[3] No genuine issue of material fact exists on this question, and Recovery Advisors is entitled to summary judgment as a matter of law.

Partnerships are not subject to income tax. 26 U.S.C. § 701. Partners are individually liable for the income tax attributable to their respective shares of the partnership's items of income, gain, loss, deduction and credit. 26 U.S.C. §§ 701, 702. The IRS may assess income tax attributable to adjustments of partnership items only against individual partners, 26 U.S.C. §§ 6225, 6230(a)(2), but it can adjust partnership items only by auditing the partnership. 26 U.S.C.§§ 6221, 6223(a); *Maxwell v. Commissioner,* 87 T.C. 783 (1986). The Code requires the IRS to issue a Notice of the Beginning of Administrative Proceedings ("NBAP") to the tax matters partner and certain other partners of the partnership notifying the individual partners of the beginning of the partnership audit and to issue an FPAA upon the completion of administrative proceedings resulting in any adjustment to a partnership item. 26 U.S.C. §§ 6223(a), 6225.[4] The issuance of an FPAA with respect to any taxable year is the notice that the

---

[3] Recovery Advisors does not concede that the statute was open for Partner #26 at the time the 2000 FPAA was issued.

[4] Partners are entitled to receive the NBAP at least 120 days prior to the completion of the proceedings. 26 U.S.C. § 6223(d). Failure to provide a timely NBAP gives a partner entitled to receive the NBAP an election to treat all partnership items as non-partnership items. 26 U.S.C. § 6223(e)(3). Accordingly, since no partner in RRF received the NBAP timely, every partner was entitled to elect to treat the partnership items that are the subject of the 2000

administrative proceedings have been completed and suspends the limitations period for assessing tax attributable to an adjusted partnership item. *See Schumacher Trading Partners II v. United States*, 72 Fed. Cl. 95, 102 (2006). For the 2000 FPAA to toll the statute of limitations at the partner level, however, the statute of limitations at the partner level must be open under Section 6501 at the time the 2000 FPAA is issued. *See AD Global*, 2007 WL 624366 at *1. More importantly, for the 2000 FPAA to toll the statute of limitations for assessments to any individual partner, the statute of limitations for that partner must be open under Section 6501, taking into account Section 6229, at the time the FPAA is issued. *See* 26 U.S.C. §§ 6501, 6229(a); *see also AD Global*, 2007 WL 624366 at *3.

Section 6501 of the Code provides: "Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) .... 26 U.S.C. § 6501(a). "Section 6501 explicitly provides that it applies to any tax imposed by the title, which would include tax imposed for partnership items." *A.D.Global*, 2007 WL 624336 at *2, *citing Andantech L.L.C. v. Comm'r*, 331 F.3d 972, 976-77 (D.C. Cir. 2003). Furthermore, Section 6229 provides a minimum period of three years following the filing of a partnership return during which the IRS may adjust partnership items of a partnership. 26 U.S.C. § 6229(a); see also *AD Global*, 2007 WL 624366 at *1. However, Section 6229 does not extend the statute of limitations for an individual partner where both the partnership level return and the individual partner return were filed more than three years before the FPAA was issued. *See* 26 U.S.C. §§ 6501(a), 6229(a); *see also AD Global*, 2007 WL 624366 at *1-3.[5]

---

FPAA as non-partnership items that cannot be assessed other than at the individual partner level. No such elections were made.

[5] Under the Court's ruling in *AD Global*, if the FPAA was issued more than three years after the partnership level return was filed but less than three years before the partner level returns were filed, partnership items could be

Here, the IRS received the 2000 RRF Return on August 17, 2001, yet did not issue the FPAA until *over four years later*. RRF and all of the Closed Partners filed their respective 2000 federal returns prior to October 14, 2002 – more than three years before the issuance of the FPAA. Accordingly, the statute of limitations established by Section 6501 of the Code, even taking into account the minimum period of assessment under Section 6229, bars any assessments against the Closed Partners attributable to any partnership item adjusted by the 2000 FPAA. 26 U.S.C. §§ 6501(a), 6229(a); *AD Global*, supra, 2007 WL 624366 at *1 (allowing assessments attributable to partnership items within 3 years after an individual partner files his or her return).

---

adjusted pursuant to Sections 6229 and 6501 of the Code. However, those items could only be adjusted for those partners whose returns were open under Section 6501 of the Code.

**CONCLUSION**

For the foregoing reasons, the Court should grant Recovery Advisor's Motion for Partial Summary Judgment and enter an order declaring the FPAA to be invalid insofar as it seeks to adjust partnership items allocated to the Closed Partners.

By: /s/ Loretta R. Richard

Dated: June 1, 2007

Loretta R. Richard
Kathleen Saunders Gregor
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

B. John Williams, Jr.
Alan J.J. Swirski
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
(202) 371-7000

Attorneys for Complainant,
RUSSIAN RECOVERY FUND
LIMITED, RUSSIAN RECOVERY
ADVISORS, L.L.C., TAX MATTERS
PARTNER