IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner, | Case No. 06-0030-EGB |
| Complainant, | |
| v. | |
| The United States of America, | |
| Respondent. | |

**DECLARATION OF JAMES DIBIASE**

I, JAMES DIBIASE, declare as follows:

1. I am Chief Financial Officer and Chief Operating Officer to the Investment Manager of Russian Recovery Fund Limited ("RRF"). I also serve as Chief Financial Officer and Chief Operating Officer to the General Partner of FFIP, L.P. ("FFIP"). My responsibilities include supervision of tax compliance matters with respect to each of RRF and FFIP, including the filing of each of RRF's and FFIP's tax returns for the tax year ended December 31, 2000 (the "2000 Tax Year"). I make this declaration in support of Complainant's Motion for Partial Summary Judgment for the 2000 Tax Year in the above-captioned action.[1] I make this declaration to the best of my knowledge and belief.

2. Russian Recovery Advisors ("Recovery Advisors") is a limited liability company formed under the laws of the State of Delaware. RRF is a limited liability company incorporated under the laws of the Cayman Islands that has elected status as a partnership for federal income tax

[1] This declaration is made with respect to both Case Nos. 06-030-EGB and 06-035-EGB, which, pursuant to an order dated May 11, 2007, the Federal Court of Claims consolidated under Case No. 06-030-EGB.

purposes. Recovery Advisors was designated as Tax Matters Partner ("TMP") for RRF on RRF's tax return for the 2000 Tax Year (the "2000 Tax Return").

3. RRF filed its 2000 Tax Return on August 14, 2001.

4. In the 2000 Tax Year, RRF allocated net Section 988 losses of $46,424,782 entirely to FFIP, one of RRF's partners, as reflected on the Form K-1 provided to FFIP. No RRF partner other than FFIP received an allocation of all or any portion of the net Section 988 losses.

5. FFIP is a Delaware limited partnership. I have reviewed FFIP's partnership tax return for the 2000 Tax Year. FFIP also filed its Form 1065 federal partnership return for the 2000 Tax Year on August 14, 2001. During the 2000 Tax Year FFIP had 36 direct partners.

6. On September 28, 2005, the IRS issued to Recovery Advisors, as TMP for RRF, a Notice of Beginning of Administrative Proceeding for RRF for the 2000 Tax Year, and, on October 14, 2005, the IRS mailed to Recovery Advisors a Final Partnership Administrative Adjustment ("FPAA") proposing an adjustment to Other Income on the RRF partnership return for the 2000 Tax Year (the "2000 FPAA"). The explanation attached to the 2000 FPAA states that the adjustment was allocated entirely to FFIP. No other partner in RRF is affected by the proposed adjustment to the 2000 Tax Return. A true and complete copy of the 2000 FPAA received by RRF is attached as Exhibit 1.

7. At no time in the four years after RRF filed its 2000 Tax Return did the Internal Revenue Service ("IRS") take any partnership action, including issuing a Notice of Beginning of Administrative Proceeding or a Final Partnership Administrative Adjustment, with respect to the RRF return for the 2000 Tax Year.

8. To ascertain whether FFIP's partners (including its indirect partners) had filed tax returns more than three years prior to the date on which the 2000 FPAA was issued, I personally

contacted each of the direct partners of FFIP and requested that each of them complete a questionnaire that provided information as to the name of the partner, the date on which its 2000 tax return (and the 2000 tax return of its partners, if the FFIP partner was a pass-through entity) was filed, and whether the partner (including its pass-through partners) had extended beyond October 14, 2005, the date on which the 2000 FPAA was issued, the statute of limitations on its individual return.

9. All FFIP partners (including indirect partners) represent that they filed their 2000 tax returns on or before October 15, 2001 and only one partner, identified as Partner 26 on the FFIP Form K-1, may have extended its statute of limitations beyond October 14, 2005, the date on which the RRF FPAA was issued. Partner 26 was allocated $543,330 of RRF losses. Identifying information of the FFIP partners (including indirect partners) who received an allocation of the disputed adjustment was provided to Pete Whitley, the Internal Revenue Service revenue agent who conducted the RRF audit that resulted in the pending litigation, by letter dated May 30, 2007. This information included the names of substantially all of the partners (including the indirect partners), the taxpayer identification number for each partner (including each indirect partner), the date on or before which each partner filed its return and whether the partner's statute of limitations had been extended beyond October 14, 2005. Such information was provided to the IRS because only the IRS has the official record of the date on which the RRF partners' (including indirect partners') tax returns were filed, and whether the statute of limitations with respect to any partner was extended.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of June, 2007.

JAMES DIBIASE