**EXHIBIT 1**

**Internal Revenue Service**

**Department of the Treasury**

Refer To:
Brenda Williams
Taxpayer Identifying Number:

Name of Partnership:
Russian Recovery Fund Limited
Partnership Identifying Number:
98-0200985
Tax Year Ended:
12/31/2000
Date FPAA Mailed to Tax Matters Partner:
OCT 14 2005
Person to Contact:
Brenda Williams
36-08840
Contact Hours:
8:00 a.m. - 4:30 p.m.
Contact Telephone Number:
312-566-2449

Date: OCT 14 2005

Russian Recovery Advisors, L.L.C.
% Bracebridge Capital, L.L.C
Tax Matters Partner
Russian Recovery Fund Limited
One Bow Street
Cambridge, MA. 02138

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more than one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

Brenda Williams

for Kevin Harris
Technical Services
Territory Manager

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form **870-PT** (Rev. 8-2004) | Department of the Treasury — Internal Revenue Service<br>**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO: |
|---|---|---|

| Taxpayer(s) name(s), address and ZIP code: | Name of Partnership: | Tax Year(s) Ended: |
|---|---|---|
| Russian Recovery Advisors L.L.C.<br>% Bracebridge Capital, L.L.C.<br>Tax Matters Partner<br>Russian Recovery Fund Limited<br>One Bow Street<br>Cambridge, MA. 02138<br><br>Taxpayer Identifying Number: 98-0200985 | Russian Recovery Fund Limited<br>Taxpayer Identifying Number:<br>98-0200985<br><br>Name of Tax Matters Partner:<br>Russian Recovery Advisors, L.L.C. | December 31, 2000 |

## Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts
## &
## Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| Signature of Taxpayer | Date Signed |
|---|---|
| Signature of Taxpayer | Date Signed |
| By (Signature and Title) | Date Signed |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.
2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.
3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.
4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.
5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.
6. If the Tax Matters Partner signs this offer, please include the title with the signature.
7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury — Internal Revenue Service

# Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP<br>Russian Recovery Fund Limited<br>TAXPAYER IDENTIFYING NUMBER 98-0200985 | TAX YEAR(S) ENDED<br>12/31/2000 | | |
|---|---|---|---|
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | | | |
| OTHER ADJUSTMENTS | | | |
| A. Guaranteed payments to partner | | | |
| (1) ADJUSTMENT | 0.00 | | |
| (2) AS REPORTED | 21,516.00 | | |
| (3) CORRECTED | 21,516.00 | | |
| B. Other income (loss) | | | |
| (1) ADJUSTMENT | 46,424,782.00 | | |
| (2) AS REPORTED | (16,606,423.00) | | |
| (3) CORRECTED | 29,818,359.00 | | |

REMARKS

"Exhibit A - Explanation of Adjustments is attached hereto and incorporated herein by this reference."

## Form 870-PT, Other Adjustments (Continued)



| NAME OF PARTNERSHIP<br>Russian Recovery Fund Limited<br>TAXPAYER IDENTIFYING NUMBER 98-0200985 | TAX YEAR(S) ENDED<br>12/31/2000 | | |
|---|---|---|---|
| C. Interest expense on investment debts | | | |
| (1) ADJUSTMENT | 0.00 | | |
| (2) AS REPORTED | 8,015,992.00 | | |
| (3) CORRECTED | 8,015,992.00 | | |
| D. Gross income sourced at partner level | | | |
| (1) ADJUSTMENT | 0.00 | | |
| (2) AS REPORTED | 36,732,365.00 | | |
| (3) CORRECTED | 36,732,365.00 | | |
| E. Foreign taxes total foreign taxes paid / accrued | | | |
| (1) ADJUSTMENT | 0.00 | | |
| (2) AS REPORTED | 4,138.00 | | |
| (3) CORRECTED | 4,138.00 | | |
| F. Distributions - money (cash/securities) | | | |
| (1) ADJUSTMENT | 0.00 | | |
| (2) AS REPORTED | 6,039,915.00 | | |
| (3) CORRECTED | 6,039,915.00 | | |
| G. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| H. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| I. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |

Exhibit A – Explanation of Items
**Russian Recovery Fund Limited**
Final Partnership Administrative Adjustment Letter
Tax Year Ended – December 31, 2000 TIN: 98-0200985

---

1. It is determined that **Russian Recovery Fund Limited** [hereinafter RRF] and its purported partners have failed to establish that the purported sale or exchange or other disposition of a portion of the section 988 assets, resulting in a purported loss of $46,424,782, all of which was allocated to FFIP,LP [hereinafter referred to as the section 988 assets and the claimed section 988 loss] actually occurred in fact or in substance. Accordingly, the claimed section 988 loss is disallowed in full.

2. It is further determined that RRF and its partner(s) have failed to establish basis in the section 988 assets which were purportedly sold, exchanged or disposed of with regard to the claimed section 988 loss. Accordingly, such basis is determined to be the fair market value (FMV) of such assets at the time such assets were contributed to or acquired by RRF. In the absence of substantiation of the FMV of such assets, the value is determined to be equal to the reported sales proceeds received upon disposition of such assets. Accordingly the claimed section 988 loss is disallowed in full.

3. It is further determined that the portion of the purported basis in the section 988 assets that exceeds the fair market value of such assets (at the time of contribution to or acquisition by RRF) should be allocated, under IRC section 482, to an entity which is not RRF or any partner of RRF at the time such assets were purportedly sold, exchanged or disposed of. Accordingly, the claimed section 988 loss is disallowed in full.

4. It is further determined that the claimed section 988 loss has not been shown to be the result of a transaction entered into for profit and it therefore is not allowable under any provision of the Internal Revenue Code including, but not limited to, Section 165. Accordingly the claimed section 988 loss is disallowed in full.

5. It is further determined that, with regard to the purported transaction in which the section 988 assets were purportedly contributed to or otherwise acquired by RRF and then were sold, exchanged or otherwise disposed of by RRF and where the claimed section 988 loss on such disposition was allocated to FFIP,LP [hereinafter FFIP], RRF was formed or availed of to substantially reduce the present value of the partners' Federal tax liabilities, in a manner that is inconsistent with the

Exhibit A – Explanation of Items
**Russian Recovery Fund Limited**
Final Partnership Administrative Adjustment Letter
Tax Year Ended – December 31, 2000 TIN: 98-0200985

---

intendment of Subchapter K of the Code. As a result, under Treas. Reg. Section 1.701-2 the Commissioner has recast the Section 988 loss transaction to achieve tax results which are consistent with the intent of Subchapter K. In this regard, the Commissioner has determined, in the alternative, that:

a. RRF should be disregarded with respect to the claimed section 988 loss transaction, and the section 988 assets should be considered as if acquired, owned and disposed of by one or more partners in their individual capacities. Accordingly, the claimed section 988 loss is disallowed in full.
b. FFI Fund Ltd [hereinafter FFI Fund] should not be treated as a partner of RRF and to the extent that FFI Fund purportedly contributed any of the section 988 assets to RRF, such contribution shall instead be treated as a sale of such section 988 assets to RRF for their FMV. Accordingly, the basis of the section 988 assets purportedly contributed by FFI Fund is limited to their FMV which is presumed to be equal to the reported sales proceeds received upon disposition of such assets. Accordingly, the claimed section 988 loss, attributable to assets contributed by FFI Fund is disallowed in full.
c. The claimed section 988 loss should be disallowed to RRF as it does not reflect a true economic loss of the partnership or of any of its partners.

6. It is further determined that the claimed section 988 loss transaction (the contribution to, holding and disposition of the section 988 assets by RRF and the allocation of the claimed section 988 loss to FFIP), entered into by RRF, should be disregarded for Federal income tax purposes because it was a sham, lacked economic substance, was not created for the purpose of carrying on a business by partners or sharing profits and losses from such activities and was not created for a legitimate business purpose. In accordance with the economic substance, substance over form and/ or step transaction doctrine(s), it is determined that the purported section 988 loss transaction should not be respected as a partnership transaction. In this regard , to the extent such section 988 assets existed they should be treated as never having been acquired by RRF and any gain or loss on such assets (if any) should be treated as having been realized by the partner(s) in their individual capacities or by a person who is not a partner. Accordingly, the claimed section 988 loss is disallowed in full.
7. It is further determined that, with regard to the portion of the claimed section 988 loss which is attributable to a purported contribution of

section 988 assets by FFI Fund, the allocation of all of such claimed section 988 loss to FFIP is unreasonable and such loss should instead be allocated among the three partners who acquired the partnership interest of FFI Fund, in proportion to the percentage interest acquired from FFI Fund, in accordance with the authority of Treas. Reg. 1.704-3(a)(10).

8. It is further determined that, with regard to the portion of the claimed section 988 loss which is attributable to a purported contribution of section 988 assets by any partner other than FFIP, the allocation of all of such claimed 988 loss to FFIP is unreasonable and lacks substantial economic effect. Accordingly, it is determined that such portion of the section 988 loss should be allocated among the partners who contributed such section 988 assets in proportion to the built-in loss inherent in such assets, in accordance with the principles of Section 704(c) and Treas. Reg. 1.704-3(a)(10), and to the extent that the section 988 loss exceeds the built-in-loss inherent in such asset, such loss should be allocated in proportion to all the partners' interests in the partnership, in accordance with section 704(b) and Treas. Reg. 1.704-1(b).

9. Alternatively, it is further determined that the individual and corporate partners and flow-through partners of FFIP have failed to establish that they are at risk under IRC Section 465 with regard to the purported claimed section 988 loss transaction.

10. Alternatively, it is further determined that RRF and FFIP have failed to establish that FFIP made any contributions to RRF during the year 2000 or in any other manner increased its outside basis in RRF during the taxable year 2000.

Penalties

1. It is determined that the adjustments of partnership items of RRF are attributable to a tax shelter within the meaning of I.R.C. § 6662(d)((2)(C)(ii), that RRF and its members had, as a significant purpose, the avoidance or evasion of federal income tax, that they lacked substantial authority for the positions taken, and that they did not have a reasonable belief that those positions were more likely than not the correct treatment of such items.

2. It is also determined that all of the underpayments of tax resulting from those adjustments of partnership items are attributable to, at a minimum, (1) a substantial understatement, (2) a gross valuation

misstatement, or (3) negligence or disregarded rules or regulations.

3. In addition, it is determined that RRF and its partners did not have reasonable cause and good faith for any of the resulting underpayments, or that any other exceptions to the accuracy-related penalty apply.

4. It is therefore determined that, at a minimum, the accuracy-related penalty under Section 6662 of the Internal Revenue Code applies to all underpayments of tax attributable to adjustments of partnership items of RRF. The components of the accuracy-related penalty are imposed as follows:
   A. a 40 percent penalty is imposed on any portion of the underpayment that is attributable to a gross valuation misstatement as provided by Sections 6662(a), 6662(b)(3), 6662(e), and 6662(h) of the Internal Revenue Code.
   B. a 20 percent penalty is imposed on any portion of the underpayment attributable to negligence or disregard of rules and regulations as provided by Sections 6662(a), 6662(b)(1), 6662(c) of the Internal Revenue Code.
   C. a 20 percent penalty is imposed on any the underpayment attributable to the substantial understatement of income tax as provided by sections 6662(a), 6662(b)(2), and 6662(d) of the Internal Revenue Code.
   D. a 20 percent penalty is imposed on the underpayment attributable to the substantial valuation misstatement as provided by Sections 6662(a), 6662(b)(3), and 6662(e) of the Internal Revenue Code.

It should not be inferred by the determination of the Accuracy Related Penalty in this notice that fraud penalties will not be sought on any portion of an underpayment subsequently determined to be attributable to fraud or that prosecution for criminal offenses will not be sought under IRC § 7201, 7206 or other provisions of federal law if determined to be appropriate.