IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-30 T
(Senior Judge Eric G. Bruggink)

RUSSIAN RECOVERY FUND LIMITED,
and through RUSSIAN RECOVERY ADVISORS, LLC,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**RESPONSE BY THE UNITED STATES TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR THE 2000 TAX YEAR AND, IN THE ALTERNATIVE, MOTION FOR REFUSAL OF THE APPLICATION OR A CONTINUANCE PURSUANT TO RCFC 56(f)**

RICHARD T. MORRISON
Acting Assistant Attorney General

DAVID GUSTAFSON
STEVEN I. FRAHM
GROVER HARTT, III
BART D. JEFFRESS
JENNIFER P. WILSON
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6495
(202) 514-9440 (facsimile)

**Page**

## INDEX

Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I. The FPAA for tax year 2000 was issued more than three years after the partnership return was filed, but this fact does not control the determination of whether the FPAA was timely . . . . . . . . 8

II. Plaintiff's motion should be denied because the individual partners have not elected to participate, the motion is not properly supported, and plaintiff is not entitled to the relief requested . . . . . . . . 9

A. The individual partners have not appeared to assert their own statute of limitations affirmative defenses . . . . . . . . 9

B. Plaintiff's motion is not properly supported . . . . . . . . 12

C. The relief requested by plaintiff cannot be granted . . . . . . . . 16

III. In the alternative, the United States asks the court to refuse the application or order a continuance pursuant to RCFC 56(f) . . . . . . . . 19

A. The three year period of limitations extends to six years under certain circumstances . . . . . . . . 20

B. Plaintiff bears the ultimate burden of proof on the affirmative defense of statute of limitations, although the burden shifts to the United States to establish a "substantial omission" of income . . . . . . . . 22

C. Discovery is required in order to address the statute of limitations issues . . . . . . . . 23

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

**Page**

Appendix:

Internal Revenue Code of 1986 (26 U.S.C):

§ 701 . . . . . . . . . . 27
§ 702 . . . . . . . . . . 27
§ 6103 . . . . . . . . . . 27
§ 6226 . . . . . . . . . . 29
§ 6229 . . . . . . . . . . 30
§ 6501 . . . . . . . . . . 31
§ 7701 . . . . . . . . . . 32

## TABLE OF AUTHORITIES

**Cases:**

*AD Global Fund LLC v. United States*, 481 F.3d 1351 (Fed. Cir. 2007) . . . . . . . . . . 2, 6

*Adler v. Commissioner*, 85 T.C. 535 (1985) . . . . . . . . . . 22, 23

*Barbados #6 Ltd. v. Commissioner*, 85 T.C. 900 (1985) . . . . . . . . . . 9

*Baskin v. United States*, 135 F.3d 338 (5th Cir. 1998) . . . . . . . . . . 11

*Cadle Co. v. Hayes*, 116 F.3d 957 (1st Cir. 1997) . . . . . . . . . . 13

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) . . . . . . . . . . 25

*Chef's Choice Produce Ltd. v. Commissioner*, 95 T.C. 388 (1990) . . . . . . . . . . 9

*Computervision Corp. v. United States*, 445 F.3d 1355 (Fed. Cir. 2006) . . . . . . . . . . 11, 16

*Crnkovich v. United States*, 202 F.3d 1325 (Fed. Cir. 2000) . . . . . . . . . . 6

*G-5 Investment Partnership v. Commissioner*, 128 T.C. No. 15,
2007 WL 1556280 (2007) . . . . . . . . . . 6, 17, 18, 19

**Page**

**Cases (continued):**

*Grapevine Imports, Ltd. v. United States*, 71 Fed. Cl. 324 (2006) . . . . . . . . . . . . . . . 7, 24

*Greenberg v. Chrust*, 282 F. Supp. 2d 112 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . 15

*Harris v. Gonzalez*, --- F.3d —, No. 05-5494, 2007 WL 1515126 (D.C. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hartley v. UPS, Inc.*, No. 3:04CV-543-H, 2006 U.S. Dist. LEXIS 4873 (W.D. Ky. February 8, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Hoffman v. Commissioner*, 119 T.C. 140 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

*In re G-I Holdings, Inc.*, Civ. No. 02-3082, 2006 WL. 2595264 (D. N.J. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

*Jade Trading, LLC v. United States*, 65 Fed. Cl. 188 (2005) . . . . . . . . . . . . . . . . . . . . . 11

*Kligfeld Holdings* v. Commissioner, 128 T.C. No. 16, 2006 WL 2595264 (2007) . . . . . 17

*Londrigan v. FBI*, 670 F.2d 1164 (D.C. Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*National Life Insurance Co. v. Solomon*, 529 F.2d 59 (2d Cir. 1975) . . . . . . . . . . . . . . . 25

*Newhouse v. Probert*, 608 F. Supp. 978 (W.D. Mich. 1985) . . . . . . . . . . . . . . . . . . . . . . 15

*Nokes v. United States Coast Guard*, 282 F. Supp. 2d 1085 (D. Minn. 2003) . . . . . 15, 16

*Opryland USA, Inc. v. Great American Music Show, Inc.*, 970 F.2d 847 (Fed. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Pace v. Capobianco*, 283 F.3d 1275 (11th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Raleigh v. Illinois Department of Revenue*, 530 U.S. 15 (2000) . . . . . . . . . . . . . . . . . . . 23

*Rhone-Poulenc Surfactants and Specialties, L.P. v. Commissioner*, 114 T.C. 533 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 10, 22

*Ryan v. United States*, 74 F.3d 1161 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Sente Investment Club v. Commissioner*, 95 T.C. 243 (1990) . . . . . . . . . . . . . . . . . . . . . 12

*Shell Petroleum, Inc. v. United States*, 46 Fed. Cl. 719 (2000) . . . . . . . . . . . . . . . . . . . . 11

*Stokowitz v. United States*, 831 F.2d 893 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . 11

*Theisen Vending Co. v. United States*, 58 Fed. Cl. 194 (2003) . . . . . . . . . . . . . . . . . . . 25

**Statutes:**

Internal Revenue Code of 1986 (26 U.S.C):

§ 61 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
§ 701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 27
§ 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 27
§ 988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
§ 6103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 27
§ 6226 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
§ 6229 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
§ 6501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
§ 7701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 32

**Miscellaneous:**

Federal Rule Civil Procedure 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 25

Fed. R. Evidence:

801 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
802 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Rules of the United States Court of Federal Claims:

Rule 4, App. F. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
Rule 8. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
Rule 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 12, 13, 20, 25

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-30T
(Senior Judge Eric G. Bruggink)

RUSSIAN RECOVERY FUND LIMITED,
and through RUSSIAN RECOVERY ADVISORS, LLC,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**RESPONSE BY THE UNITED STATES TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR THE 2000 TAX YEAR AND, IN THE ALTERNATIVE, MOTION FOR REFUSAL OF THE APPLICATION OR A CONTINUANCE PURSUANT TO RCFC 56(f)**

Plaintiff has moved for partial summary judgment on the ground that the Notice of Final Partnership Administrative Adjustment ("FPAA") issued to Russian Recovery Advisors ("Recovery Advisors") for tax year 2000 is invalid because it is time barred as to all but one partner in Russian Recovery Fund ("RRF") pursuant to Internal Revenue Code Sections 6229(a) and 6501(a).[1] The United States opposes plaintiff's motion and requests that it be denied. In the alternative, the United States moves, pursuant to RCFC 56(f), for an order refusing the application for partial judgment or granting a continuance so that discovery may be conducted.

[1]Although reference is made in this response to "partners," the "partnership," and various purported entities, the United States does not concede that, under the applicable law, a viable partnership of the alleged entities existed.

**STATEMENT**

The Internal Revenue Service received RRF's federal partnership tax return for the 2000 tax year on August 17, 2001.[2] The IRS issued a FPAA, dated October 14, 2005, to Recovery Advisors for RRF for tax year 2000.[3] The FPAA was issued more than three years, but less than six years, after the RRF federal tax return for tax year 2000 was received by the IRS.

Generally, 26 U.S.C. § 6501(a) gives the IRS three years from the date a partner files his tax return to assess a tax deficiency. In the event of a "substantial omission" of gross income, that period may be extended to six years pursuant to § 6501(e)(1)(A). However, the period provided in § 6501, may be extended with respect to partnership items by § 6229.[4] Pursuant to § 6229(a), the IRS has a three-year "minimum period" (beginning on the date the federal partnership tax return was filed) for assessing any income tax with respect to any person which is attributable to any partnership item for the relevant tax year. A six-year minimum period is substituted for the three-year minimum period, pursuant to § 6229(c)(2), if the partnership omitted from gross income "an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in its return."

On January 10, 2006, Recovery Advisors commenced this action, claiming to be RRF's tax matters partner. On January 12, 2006, Bracebridge Capital, L.L.C. ("Bracebridge"), filed a substantially identical action, except that Bracebridge was alleged to be RRF's newly designated

---

[2]*See* Response by the United States to Plaintiff's Proposed Finding ¶ 7. The United States's responses to plaintiff's proposed findings have been filed on the same date as this memorandum.

[3]*See* Response by the United States to Plaintiff's Proposed Finding ¶ 10.

[4]*AD Global Fund, LLC v. United States*, 481 F.3d 1351, 1352 (Fed. Cir. 2007).

tax matters partner.[5] Bracebridge explained that its suit was protective, in the event the Court determines that Recovery Advisors was not RRF's tax matters partner.[6] Both actions are partnership level proceedings brought pursuant to § 6226, which provides a procedural vehicle to challenge the partnership determinations of a FPAA. Pursuant to an order dated May 11, 2007, the Court consolidated these two cases under Fed. Cl. No. 06-30T.

On June 1, 2007, Recovery Advisors filed a motion for partial summary judgment arguing that the FPAA issued to Recovery Advisors for tax year 2000 is invalid because it is time barred as to all but one partner in RRF pursuant to §§ 6229(a) and 6501(a). In support of its motion, Recovery Advisors, alleges that FFIP, L.P. ("FFIP") was a partner in RRF during the 2000 tax year, and that FFIP had 36 direct partners during that tax year.[7] Plaintiff asserts that RRF allocated all of the losses that are the subject of the 2000 FPAA to FFIP.[8] Plaintiff argues that the three-year period of limitations for assessment of income tax in § 6501(a) had expired for all but one partner in FFIP when the FPAA was issued on October 14, 2005.[9] In support of this argument, plaintiff contends that all FFIP partners but one filed their 2000 tax returns on or before October 15, 2001, and only one partner, identified as Partner 26, may have extended its

[5]*See* Complaint [Doc. #1] ¶ 2, Fed. Cl. No. 06-35T. On January 10, 2006, Recovery Advisors filed an action challenging the FPAA issued with respect to the 2001 RRF tax year, *see* Complaint [Doc. #1] Fed. Cl. No. 06-31T, and on January 12, 2006, Bracebridge filed a substantially identical suit. *See* Complaint [Doc. #1], Fed. Cl. No. 06-36T. Pursuant to an order dated May 11, 2007, these two suits were consolidated under Fed. Cl. No. 06-31T.

[6]*See* Complaint [Doc. #1] ¶ 3, Fed. Cl. No. 06-35T.

[7]Plaintiff's Proposed Finding ¶ 5. Plaintiff purports to support its motion with the Declaration of James DiBiase. For reasons explained in section II.B., *infra*, the declaration is defective and the Court should disregard it.

[8]Plaintiff's Proposed Finding ¶ 6.

[9]Plaintiff's Memorandum at p. 2.

statute of limitations to beyond October 14, 2005, the date on which the 2000 FPAA was issued.[10] In addition, plaintiff argues that the three-year "minimum period" in § 6229(a) had expired on the date the FPAA was issued.[11]

The individual partners in FFIP have elected not to participate in this proceeding. Instead, Recovery Advisors filed this motion asserting their statute of limitation defenses. Plaintiff has not identified the individual partners in its motion, nor has it provided the filing dates of the individual partners' returns. Moreover, plaintiff has not identified the tax years in which each of the individual partners reported the tax losses flowing from the transaction that is the subject of the adjustment in the 2000 FPAA. Instead of providing this information to the Court, plaintiff states that it sent a letter to the IRS dated May 30, 2007, with a list of the partners' names and other information in order to "facilitate the verification that all but one of the direct and indirect partners of RRF had statutes of limitations that were closed as of . . . the date of the issuance of the FPAA."[12]

The United States has not had the opportunity to conduct discovery on any of the factual issues alleged in plaintiff's motion.[13] In order to respond to the allegation that the three-year period of limitations in § 6501(a) had expired for the individual partners as of the date the 2000 FPAA was issued by the IRS, the United States would need to obtain at least the following information, and possibly additional information:

---

[10]Plaintiff's Proposed Finding ¶ 13.

[11]Plaintiff's Memorandum at p. 2.

[12]Plaintiff's Memorandum at p. 4, n.2.

[13]Declaration of Robert J. Higgins at ¶¶ 11, 12. The Declaration of Robert J. Higgins has been filed on the same date as this memorandum.

(1) The identities of the 36 FFIP partners;

(2) The tax years(s) in which each FFIP partner reported losses flowing from the transaction that is the subject of the adjustment in the 2000 FPAA;

(3) All relevant Form 1040s for each FFIP partner; and

(4) Whether any of the 36 FFIP partners entered into agreements to extend the statute of limitations with the IRS for any of the tax years at issue.[14]

In the event it appears that the three-year period of limitation on assessments under § 6501(a) had expired for any partner as of the date the 2000 FPAA issued, the United States intends to assert that the period of limitations was extended to six years by § 6501(e)(1)(A) or, in the alternative,

§ 6229(c)(2).[15] In order to support these assertions, the United States will need to conduct discovery on the underlying transaction that is the subject of the adjustment in the 2000 FPAA, in addition to the discovery described above, in order to determine how the transaction should have been reported by the partnership and individual partners.[16]

---

[14] *Id*. at ¶ 13.

[15] *Id*. at ¶ 14.

[16] *Id*. at ¶ 15.

**ARGUMENT**

Plaintiff argues that the FPAA was untimely because more than three years had passed between the filing of the individual partners' and the partnership's returns and the issuance of the FPAA.

To be clear, the Internal Revenue Code does not proscribe a time limit in which the IRS must issue a FPAA or make adjustments to partnership items.[17] Rather, the Code provides a period of limitations for making assessments of income tax in § 6501. In addition, where partnership items are concerned, § 6229 may extend the period of limitations for assessment of income tax in § 6501. As long as the period of limitations for assessment is open when a FPAA issues, the FPAA is timely. The timely issuance of a FPAA suspends the running of the limitations period for assessing any income taxes that are attributable to any partnership item or affected item for the period during which a proceeding may be brought to challenge the FPAA, for the pendency of any proceeding actually brought, and for one year thereafter.[18]

In order to determine whether the period of limitations for assessment was open when the 2000 FPAA was issued to Recovery Advisors in this case, the Court must look to §§ 6501 and 6229. Generally, 26 U.S.C. § 6501(a) gives the IRS three years from the date a partner files his return to assess a tax deficiency against that partner. The Federal Circuit determined in *AD Global Fund v. United States*, that, for partnership items, § 6501 provided the statute of limitations within which the FPAA must issue, unless § 6229(a) extended that period.[19] More

[17]*G-5 Investment Partnership v. Commissioner*, 128 T.C. No. 15 at *2 (May 30, 2007); *Rhone-Poulenc Surfactants and Specialties, L.P. v. Commissioner*, 114 T.C. 533, 534 (2000).

[18]26 U.S.C. § 6229(d); *Crnkovich v. United States*, 202 F.3d 1325, 1329 (Fed. Cir. 2000).

[19]*AD Global Fund*, 481 F.3d 1351, 1354 (Fed. Cir. 2007).

precisely, "§6229(a) unambiguously sets forth a minimum period for assessments of partnership items that may extend the regular statute of limitations in § 6501."[20] The "minimum period" provided in § 6229(a) is three years. However, the three-year periods provided in §§ 6501 and 6229 are extended to six years when there has been a "substantial omission" of gross income, as explained in section III.A., *infra*.

There are a multitude of reasons for the Court to deny plaintiff's motion. Most fundamentally, plaintiff has failed to even *identify* the individual partners on whose behalf this motion is filed. Plaintiff is asking the Court to determine that the statute of limitations bars tax assessment against individual taxpayers without so much as naming those taxpayers in its motion. This is akin to asking the Court to sign a blank check. In addition, plaintiff's motion is not properly supported because the declaration relied upon is defective. Finally, even disregarding the deficiencies in plaintiff's motion, plaintiff is not entitled to the relief requested.

In the event the Court does not deny plaintiff's motion for the foregoing reasons, the United States moves, pursuant to RCFC 56(f), for an order refusing the application or granting a continuance during which discovery may be conducted. The United States cannot respond to plaintiff's factual allegations regarding the three-year period of limitations in § 6501(a) because it has not yet had an opportunity to conduct discovery on these, or any other, issues. Moreover, if, after discovery of the relevant facts, it appears that the three-year limitation period had expired for any individual partner for any relevant tax year on the date the 2000 FPAA was issued, the statute of limitation inquiry still would not be resolved because the United States

[20] *Id.*; *see also Grapevine Imports, Ltd. v. United States*, 71 Fed. Cl. 324, 335, 328-339 (2006); *Rhone-Poulenc Surfactants and Specialties, L.P.*, 114 T.C. at 542.

intends to assert that the limitation period was extended to six years by § 6501(e)(1)(A), or in the alternative,

§ 6229(c)(2). In order to support this assertion, the United States would need to conduct discovery on the factual issues identified in section III.C., *infra*.

The Court should enter an order refusing plaintiff's application because the factual issues relating to the individual partners' statute of limitations defenses will be investigated in the ordinary course of discovery. However, if the Court would prefer to resolve the statute of limitations issue before the ordinary period for fact discovery, then the United States requests that the Court order a continuance of this motion for a period of one year from the date of the continuance to allow the necessary fact discovery.

## I.

## THE FPAA FOR TAX YEAR 2000 WAS ISSUED MORE THAN THREE YEARS AFTER THE PARTNERSHIP RETURN WAS FILED, BUT THIS FACT DOES NOT CONTROL THE DETERMINATION OF WHETHER THE FPAA WAS TIMELY

Plaintiff asserts that the IRS received the year 2000 RRF return on August 17, 2001, and that the FPAA was issued on October 14, 2005, more than three years after the RRF return was filed.[21] As a result, plaintiff argues, the three-year minimum period for assessment of tax attributable to any partnership item in § 6229(a) had expired when the IRS issued the FPAA for RRF's taxable year 2000.[22]

The United States does not dispute that the 2000 FPAA was issued by the IRS more than three years after the 2000 partnership return was filed. However, as explained in section III, *infra*, the United States intends to assert that the period of limitations on assessment was

[21]Plaintiff's Memorandum at pp. 3, 4; Plaintiff's Proposed Findings ¶¶ 7, 10.

[22]Plaintiff's Memorandum at p. 2.

extended to six years pursuant to § 6501(e)(1)(A) and, in the alternative § 6229(c)(2). Accordingly, the fact that the FPAA was issued more than three years after the filing of the partnership return does not necessarily mean that the FPAA was not timely issued. If the period of limitation was extended to six years as a result of a "substantial omission" of gross income on either the individual partners' tax returns or the partnership's return, the FPAA was timely, and held open the assessment period of every partner for taxes attributable to partnership items.

## II.

## PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THE INDIVIDUAL PARTNERS HAVE NOT ELECTED TO PARTICIPATE, THE MOTION IS NOT PROPERLY SUPPORTED, AND PLAINTIFF IS NOT ENTITLED TO THE RELIEF REQUESTED

Plaintiff argues that the three-year statute of limitations in § 6501(a) was closed for all but one of the individual partners who received the tax benefits addressed by the FPAA issued to RRF for the 2000 taxable year on the date when the FPAA was issued.[23] Plaintiff raises this argument on behalf of the individual partners who have chosen not to participate in this action, and fails to even identify those partners by name. Plaintiff's motion should be denied because it is not properly supported, and the requested relief cannot be granted.

### A. The Individual Partners Have Not Appeared to Assert Their Own Statute of Limitations Affirmative Defenses.

[23] Plaintiff's Memorandum at pp. 5-7.

Recovery Advisors is the plaintiff in this action.[24] However, by its own contention, none of the tax losses at issue were allocated to Recovery Advisors. Plaintiff asserts that, in 2000, RRF allocated all net Section 988 losses of $46,424782 entirely to FFIP, a partnership that was purportedly a partner in RRF in 2000.[25] According to plaintiff, the 36 partners in FFIP are the taxpayers who ultimately received the Section 988 losses generated by RRF.[26] The individual partners in FFIP are permitted to participate in this partnership proceeding in order to assert the affirmative defense that the limitation period on assessment under § 6501 has expired.[27]

Here, the individual partners have elected not to participate in this action for the purpose of asserting their statute of limitations defenses, if any, to the adjustments set forth in the FPAA. Indeed, plaintiff has not even identified the individual partners to the Court. Plaintiff offers two explanations–

> (1) Plaintiff provided information to the IRS to "facilitate the verification that all but one of the direct and indirect partners of RRF had statutes of limitations that were closed as of . . . the date of the issuance of the FPAA . . . . the disclosure of which would violate Section 6103 of the Code."

---

[24]Complaint ¶ 2 (identifying Russian Recovery Advisors as the tax matters partner for RRF). Section 6226 authorizes only a partner, not a partnership, to file a petition seeking a readjustment of partnership items. 26 U.S.C. §§ 6226(a) (tax matters partner), 6226(b) (partner other than tax matters partner). The partnership is neither the petitioner nor a party under § 6226. *Chef's Choice Produce Ltd. v. Commissioner*, 95 T.C. 388, 394-95 (1990); *Barbados #6 Ltd. v. Commissioner*, 85 T.C. 900, 905, n.1 (1985).

[25]Plaintiff's Memorandum at p. 3; Plaintiff's Proposed Findings ¶¶ 5, 6.

Plaintiff makes reference to the filing date of the FFIP partnership tax return. As explained in section III.A., *infra*, the relevant tax return for purposes of § 6501, is the individual partner's Form 1040. Accordingly, the filing date of FFIP's partnership return has no bearing on this issue.

[26]Proposed Finding ¶ 12.

[27]26 U.S.C. § 6226(d)(1); *Rhone-Poulenc Surfactants and Specialties, L.P.*, 114 T.C. at 535.

(2) The individual partners are "not parties to this matter and individually have no right to participate in this case pursuant to Section 6226(d)(1)(B)."[28]

Plaintiff is wrong on both counts. The first explanation is wrong because § 6103 is not implicated unless the source of the disclosed information is the IRS.[29] Section 6103(h)(4)(A) allows disclosure in a judicial proceeding relating to the taxpayers in any event. Accordingly, plaintiff is not prevented by § 6103 from disclosing the identities and tax returns of the partners in FFIP. More to the point, the individual partners are not prevented from participating in this action and disclosing their own tax returns by § 6103. The individual partners may have concerns about participating in a public proceeding regarding their claim to tax losses generated by means of an abusive tax shelter, but those concerns do not implicate § 6103.[30]

---

[28]Plaintiff's Memorandum at p. 4, n.2.

[29]*Jade Trading, LLC v. United States*, 65 Fed. Cl. 188, 192-195 (2005). *See also* 26 U.S.C. §§ 6103(a), 6103(b)(1) (defining "return" as "any tax or information return . . . *which is filed with the Secretary* . . .") (emphasis added), 6103(b)(3) (defining "taxpayer return information" as "return information . . . *which is filed with, or furnished to, the Secretary* by or on behalf of the taxpayer to whom such information relates") (emphasis added); *Baskin v. United States*, 135 F.3d 338, 342 (5th Cir. 1998) ("In sum, section 6103 requires that the source of the disclosed information must have been the IRS in order for there to be a violation of the general prohibition against the disclosure of return information."); *Ryan v. United States*, 74 F.3d 1161, 1163 (11th Cir. 1996) (stating that § 6103 "protects only information filed with and disclosed by the IRS, not all information relating to any tax matter"); *Stokowitz v. United States*, 831 F.2d 893, 896 (9th Cir. 1987) ("[Section 6103] is concerned solely with the flow of tax data to, from, or through the IRS."); *Shell Petroleum, Inc. v. United States*, 46 Fed. Cl. 719, 722 (2000) ("Section 6103 does not prohibit the disclosure of tax return information that comes from a source other than the IRS.").

[30]Plaintiff contends that it provided a list of the partners' names and other information to the IRS by letter dated May 30, 2007. (Plaintiff's Memorandum at p. 4, n.2.) It is not clear why plaintiffs provided this information to the IRS after this action was commenced, as opposed to the Court and/or counsel for the United States. *See Computervision Corp. v. United States*, 445 F.3d 1355, 1372 (Fed. Cir. 2006) (stating that jurisdiction transfers from the IRS to the Department of Justice after suit is filed). However, it is possible that plaintiff intended to create a § 6103 disclosure issue by passing the partners' information through the IRS.

Plaintiff's second explanation is contradicted by the very Code section it cites – § 6226. After a petition has been filed with respect to a partnership for a partnership taxable year under either § 6226(a) or § 6226(b), each person who was a partner during such year is treated as a party to the action and the court having jurisdiction shall allow each such person to elect to participate in the action pursuant to § 6226(c).[31] A person treated as a party under § 6226(c) is permitted to participate in the action pursuant to § 6226(d)(1) for the sole purpose of asserting that the statute of limitations for assessing any tax attributable to partnership items has expired with respect to him. Because the period of limitation under § 6501 applicable to each partner applies to that partner alone and hinges on each partner's individual tax return, it may be best for each partner to participate in this action pursuant to § 6226(d)(1) in order to assert his own statute of limitations defense. At a minimum, however, the partners must be identified.

The United States does not object to the individual partners participating in this action as permitted by law. But they must seek leave to enter an appearance in order to participate in this action.[32]

**B. Plaintiff's Motion Is Not Properly Supported.**

In support of its motion, plaintiff submits the Declaration of James DiBiase ("DiBiase Declaration"). The Court should disregard the DiBiase Declaration because it does not comply with the requirements of RCFC 56(e).

---

[31]An indirect partner is a "partner" and a party to a partnership proceeding. *See Sente Investment Club v. Commissioner*, 95 T.C. 243, 249 (1990).

[32]RCFC App. F, Rules 4(b) and 4(c). If any of the individual partners is granted leave by the Court to file a notice of election to participate in order to raise a statute of limitations defense, the United States reserves the right to respond at that time.

When a party submits an affidavit in support of its motion for summary judgment, the affidavit must:

(1) be made on personal knowledge;

(2) set forth facts as would be admissible in evidence;

(3) show affirmatively that the affiant is competent to testify to the matters stated therein; and

(4) have attached to it sworn or certified copies of all papers or parts thereof referred to in the affidavit.[33]

The DiBiase Declaration does not meet any of these requirements. First, DiBiase does not state that he makes the declaration based on "personal knowledge," but rather "to the best of my knowledge and belief."[34] It is well-established that statements made on the basis of anything less than "personal knowledge" are not sufficient.[35]

DiBiase stated that he is the Chief Financial Officer and Chief Operating Officer to the Investment Managers of RRF and the Chief Financial Officer and Chief Operating Officer to the General Partner of FFIP.[36] He stated that his "responsibilities include supervision of tax compliance matters with respect to each of RRF and FFIP, including the filing of each of RRF's

---

[33]RCFC 56(e).

[34]DiBiase Decl. ¶ 1.

[35]*Harris v. Gonzalez*, – F.3d –, No. 05-5494, 2007 WL 1515126 at *4 (D.C. Cir. May 25, 2007) (finding affidavit made on the basis of "knowledge and belief" inadequate to support motion for summary judgment); *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002) (same); *Cadle Co. v. Hayes*, 116 F.3d 957, 961 (1st Cir. 1997) (holding that statement in affidavit "made upon information and belief, as opposed to personal knowledge, are not entitled to weight in summary judgment balance"); *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981) (noting that although FRCP 56(e) has been liberally construed with respect to admissibility of contents of affidavits, "its requirement of personal knowledge by the affiant is unequivocal and cannot be circumvented").

[36]DiBiase Decl. ¶ 1.

and FFIP's tax returns for the tax year ended December 31, 2000."[37] But, DiBiase did not state that he is a tax advisor to the FFIP partners or that his responsibilities included tax reporting for the FFIP partners. To the contrary, in paragraph 8 of his declaration, he explained his procedure for collecting the information that was not within his personal knowledge–

> To ascertain whether FFIP's partners (including its indirect partners) had filed tax returns more than three years prior to the date on which the 2000 FPAA was issued, I personally contacted each of the direct partners of FFIP and requested that each of them complete a questionnaire that provided information as to the name of the partner, the date on which its 2000 tax return (and the 2000 tax return of its partners, if the FFIP partner was a pass-through entity) was filed, and whether the partner (including its pass-through partners) had extended beyond October 14, 2005, the date on which the 2000 FPAA was issued, the statute of limitations on its individual return.

DiBiase thus admitted that he lacks personal knowledge with respect to the key facts at issue – the tax reporting of the individual partners – and his declaration should be disregarded for this reason alone.

In the event the Court looks further, in the first sentence of paragraph 9 of his declaration, DiBiase relates his summary of the representations made by the partners in response to his questionnaire (which he has not attached to his declaration even though he refers to it)–

> All FFIP partners (including indirect partners) represent that they filed their 2000 tax returns on or before October 15, 2001 and only one partner, identified as Partner 26 on the FFIP Form K-1, may have extended its statute of limitations beyond October 14, 2005, the date on which the RRF FPAA was issued.

This statement, which is the primary basis for plaintiff's motion, is hearsay. DiBiase relates (albeit in summary form) the statements made by the partners about their tax return filing dates, and they are offered to prove the truth of the matter asserted – that the partners' tax returns were

[37] *Id.*

filed before a certain date.[38] Because no exception applies, the hearsay related by DiBiase in paragraph 9 is not admissible,[39] and should be disregarded.[40]

In any event, based on his own statements, DiBiase is not competent to testify as to the filing dates of the partner's 2000 tax returns. He did not prepare or file the partners' tax returns. Indeed, it appears that he has not even *seen* the partners' returns. Logically, the persons most competent to testify as these facts are the partners themselves. Yet, they have not elected to participate in this action and have not even been identified by name in support of plaintiff's motion.

Finally, the accuracy of the information related by DiBiase is called into question by his own testimony. He stated that, by letter dated May 30, 2007, he provided information to the IRS including, among other information, the names of the partners.[41] He explained that he provided the information to the IRS because "only the IRS has the official record of the date on which the RRF partner's . . . tax returns were filed, and whether the statute of limitations with respect to any partner was extended."[42] Thus, in one paragraph, DiBiase related information he obtained from the partners (¶ 8), and in the very next paragraph, he stated that such information could

---

[38]FED. R. EVID. 801(c).

[39]FED. R. EVID. 802.

[40]*See, e.g.*, *Greenberg v. Chrust*, 282 F. Supp. 2d 112, 117-18 (S.D.N.Y. 2003) (finding that evidence constituting inadmissible hearsay under Fed. R. Evid. 802 was insufficient to raise an issue of fact on a motion for summary judgment); *Nokes v. United States Coast Guard*, 282 F. Supp. 2d 1085, 1089 (D. Minn. 2003) (holding that inadmissible hearsay evidence cannot overcome a motion for summary judgment); *Newhouse v. Probert*, 608 F. Supp. 978, 983 (W.D. Mich. 1985) (holding that a declaration is insufficient to create a genuine issue of material fact because it is based entirely upon hearsay evidence).

[41]DiBiase Decl. ¶ 9.

[42]*Id.*

*only* be verified by the IRS (¶ 9). If DiBiase is correct that *only* the IRS can verify the information – and he is not because this information is also available to the partners – then he should have contacted the IRS well before two days prior to the due date of plaintiff's motion and then related the results of his inquiry.[43] Instead, he has revealed that he does not know whether the information he has conveyed to the Court is accurate.

The Court should disregard the DiBiase Declaration for any or all of the above reasons. It is simply not reliable testimony upon which the Court could base a decision.[44]

**C. The Relief Requested by Plaintiff Cannot Be Granted.**

Plaintiff asks the Court to enter an order declaring the FPAA issued by the IRS for tax year 2000 to be "invalid insofar as it seeks to adjust partnership items allocated to the Closed Partners."[45] Invalidation of the FPAA is not a viable remedy here because plaintiff has not established that no assessment can be made to any individual partner's income tax based on the adjustments to RRF's 2000 tax year partnership items.

Even assuming that plaintiff has met its burden of establishing a *prima facie* case that the three-year statute of limitations in § 6501(a) was closed for 35 partners – which it has not –

[43]This point is made to demonstrate the lack of credibility in DiBiase's testimony, not to suggest that it was appropriate for DiBiase to contact the IRS to obtain information relevant to this litigation after suit was filed. *See Computervision Corp.*, 445 F.3d at 1372 (stating that jurisdiction transfers from the IRS to the Department of Justice after suit is filed). The appropriate method for obtaining this information would be a discovery request to the United States.

[44]*See, e.g.*, *Hartley v. UPS, Inc.*, No. 3:04CV-543-H, 2006 U.S. Dist. LEXIS 4873 at *16 (W.D. Ky. February 8, 2006) (disregarding unreliable testimony in ruling on summary judgment motion because the "actual evidence of the employment actions . . . could have been obtained definitively from UPS employee records"); *Nokes*, 282 F. Supp. 2d at 1089 (ignoring evidence offered in opposition to summary judgment motion because it was "purely speculative" and offered "no factual support for its assertions").

[45]Plaintiff's Memorandum at p. 8.

plaintiff admits that the statute may have been open for one partner, identified as Partner 26, on the date the 2000 FPAA was issued.[46] This Court has jurisdiction in this TEFRA partnership proceeding to determine, *inter alia*, adjustments with respect to all partnership items for the taxable year to which the FPAA relates.[47] After the Court makes a determination on *adjustments* at the partnership level, the IRS may *assess* a tax liability for the partners in any year open under the statute of limitations.[48] By plaintiff's own admission, the statute of limitations for assessment may have been open for one partner on the date the FPAA was issued. At a minimum, then, the IRS can make an assessment of income tax for Partner 26 attributable to the partnership items at issue in this proceeding. This is reason enough for the Court to conclude that it cannot invalidate the FPAA, as plaintiff has requested.

There is an additional reason for the Court to reject plaintiff's request to invalidate the FPAA. Plaintiff's statute of limitations argument addresses only the partners' 2000 income tax returns. However, plaintiff has not alleged that all of the tax losses generated by the transaction at issue were actually reported by the partners on their individual tax returns in 2000. Because "[a] tax that is attributable to a particular partnership item need not be reportable by both the partner and the partnership in the same taxable year,"[49] it is possible that some or all of the

[46]Plaintiff's Memorandum at p. 1; Plaintiff's Proposed Finding ¶ 13.

[47]26 U.S.C. § 6226(f).

[48]*G-5 Investment Partnership*, 128 T.C. at *3.

[49]*Kligfeld Holdings*, 128 T.C. No. 16 at *7 (May 30, 2007).

partners reported losses in tax years subsequent to 2000, and that the three-year period of limitations for those years remained open on the date the FPAA for year 2000 was issued.[50]

This precise situation was addressed recently in a Tax Court case. In *G-5 Investment Partnership v. Commissioner*, the partnership filed its Form 1065 partnership return for tax year 2000 on October 4, 2001, and the IRS issued an FPAA for that year on April 12, 2006.[51] The FPAA was filed more than three years after the filing of the partnership return and the filing of the partners' individual 2000 and 2001 income tax returns, but before the expiration of three years from the dates the partners filed their individual 2002, 2003, and 2004 income tax returns.[52] The partners carried forward to their 2002-2004 income tax returns capital losses attributable to the partnership items incurred in 2000.[53] The partners argued that the IRS was barred by the statute of limitations under §§ 6501(a) and 6229(a) from assessing an income tax liability attributable to partnership items for 2000 because the FPAA was issued more than three years after the partnership and partners filed their 2000 tax returns.[54] In addition, they asserted that the IRS could not assess a tax liability for their 2002 through 2004 tax years where the underlying partnership item adjustments relate to transactions that were completed and reported

[50]In making this observation, the United States does not concede that the three-year limitation period was closed for the partners' 2000 tax years. The United States cannot take a position on this issue until it learns the identities of the individual partners, their return filing dates, and whether the periods of limitation for assessment were extended.

[51]*G-5 Investment Partnership*, 128 T.C. at *2.

[52]*Id*. at *1. The IRS did not assert that the statute of limitations was extended to six years.

[53]*Id*. at *2.

[54]*Id*. at *3.

on the partnership's return in 2000, a year closed to assessment by § 6501.[55] The Court rejected the partners' arguments, and concluded–

> [A]lthough the periods prescribed by sections 6229(a) and 6501(a) have run for 2000 and 2001, the FPAA determined adjustments to partnership items (capital losses) that may have income tax consequences to the partners at the partner level in 2002-04, years open under the statute of limitations. *If the adjustments to partnership items in the FPAA are sustained, [the IRS] may assess a computational adjustment or determine a deficiency against the partners for those open years*. However . . . because the tax years 2000 and 2001 are closed, [the IRS] is barred from assessing any deficiencies . . . with respect to the partners' 2000 and 2001 tax years.[56]

Based on the reasoning in *G-5 Investment Partnership*, plaintiff must establish (by properly supported motion) that the statute of limitations would operate to bar *every* assessment of tax for *every* partner in *every* tax year in which year 2000 partnership items are reported.

**III.**

**IN THE ALTERNATIVE, THE UNITED STATES ASKS THE COURT TO REFUSE THE APPLICATION OR ORDER A CONTINUANCE PURSUANT TO RCFC 56(f)**

The Court should deny plaintiff's motion for partial summary judgment. However, if the Court does not agree that plaintiff's motion is defective for all of the reasons explained in section II, *supra*, the United States will need to conduct discovery in order to respond to plaintiff's factual allegations. If it appears that the three-year period of limitations was closed for any partner in any relevant tax year, then the United States intends to rely on the six-year statute of limitations in § 6501(e)(1)(A), or in the alternative, the six-year "minimum period" in § 6229(c)(2) in order to establish that assessments of tax can be made as a result of the adjustments to the RRF 2000 partnership items, and thus that the 2000 FPAA was timely.

[55] *Id*. at *2.

[56] *Id.* at *4 (emphasis added).

Because the factual issues are intertwined and the burden of proof shifts on certain factual issues, it would be most efficient to resolve all statute of limitations issues simultaneously. Discovery is required before these issues can be addressed adequately. The discovery relevant to the statute of limitations issues will occur in the ordinary course of discovery in this case. As a result, the United States asks the Court to refuse plaintiff's application pursuant to RCFC 56(f), with leave to raise the statute of limitations defense again after discovery has been completed. In the alternative, the United States requests a continuance pursuant to RCFC 56(f) so that the United States may conduct the required discovery.

**A. The Three Year Period of Limitations Extends to Six Years Under Certain Circumstances.**

Section 6501(e)(1)(A) extends the assessment period of § 6501(a) to six years where a taxpayer makes a substantial omission from gross income on his tax return. The Section defines a substantial omission from gross income as "an amount properly includible [in gross income] which is in excess of 25 percent of the amount of gross income stated in the return . . . ." Section 6501(e)(1)(A)(I) specifically defines "gross income" in the case of certain trade or business income as–

> the total of the amounts received or accrued from the sale of goods or services (if such amounts are required to be shown on the return) prior to diminution by the cost of such sales or services . . . .

With respect to income from other sources, the definition of "gross income" is provided by Section 61 of the Code, which includes items such as gains, interest, and dividends. In determining the amount omitted from gross income, Section 6501(e)(1)(A)(ii) provides–

> there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item.

The tax return to be considered in determining whether there was a substantial omission from gross income under § 6501(e)(1)(A) is the individual partner's Form 1040.[57]

In addition, § 6229(c)(2) extends the three-year "minimum period" in § 6229(a) to six years when the partnership "omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated on its return . . . ." The tax return to be considered in determining whether there was a substantial omission from gross income under § 6229(c)(2) is the partnership return.

These two provisions which extend the normal three-year period of limitations in § 6501(a) to a six-year period are designed to provide the IRS with more time to discover errors in a return where a taxpayer has omitted a "substantial" amount of income. Failing to give the IRS the additional time prescribed by the Internal Revenue Code would turn the nation's self-reporting tax system on its head. Instead of largely relying upon taxpayer's reporting to initially identify errors, the IRS would have to question the nature and amount of every return's reporting. Such a system would compel the IRS to audit every tax return filed by every

[57]*See* 26 U.S.C. § 6501(a) (" . . . For purposes of this chapter, the term "return" means *the return required to be filed by the taxpayer* (and does not include a return of any person from whom the taxpayer has received an item of income, gain, loss, deduction, or credit)") (emphasis added). Here, the partners are the taxpayers. RRF is not a "taxpayer" because partnerships are not subject to income taxation. *See* 26 U.S.C. § 701; *see also* 26 U.S.C. § 7701(a)(14) ("The term 'taxpayer' means any person subject to any internal revenue tax.").

Moreover, § 6501(a) excludes "a return of any person from whom the taxpayer has received an item of income, gain, loss, deduction, or credit." RRF is a "person" under the Code. 26 U.S.C. § 7701(a)(1) ("The term 'person' shall be construed to mean and include an individual, a trust, estate, *partnership*, association, company or corporation) (emphasis added). The partners in RRF received items of income, gain, loss, deduction or credit from RRF pursuant to § 702(a). Section 6501(a) thus excluded RRF's Form 1065 from consideration as a "return" for purposes of § 6501(e)(1)(A).

taxpayer. The federal budget could not bear the cost of such a system, and America's taxpayers would resent its intrusiveness.

When an FPAA is timely mailed, the statute of limitations for assessment is suspended pursuant to § 6229(d)(1).[58]

**B. Plaintiff Bears the Ultimate Burden of Proof on the Affirmative Defense of Statute of Limitations, Although the Burden Shifts to the United States to Establish a "Substantial Omission" of Income.**

The bar of the statute of limitations is an affirmative defense and, having raised this defense, a plaintiff has the burden of proving it.[59] Initially, a plaintiff has the burden of establishing a *prima facie* case that the three-year limitation period has expired.[60] In order to establish a *prima facie* case, a plaintiff must prove (1) the filing date of its tax return; and (2) that the IRS assessed the relevant amounts after the expiration date of the three-year period.[61] If a plaintiff establishes a *prima facie* case that the three-year limitation period has expired, the United States has the burden of establishing that either the partner or, in the alternative, the partnership substantially omitted from their 2000 returns an item of income within the meaning of § 6501(e)(1)(A) as to the partner, or in the alternative, § 6229(c)(2) as to the partnership.[62]

---

[58]*See Rhone-Poulenc Surfactants and Specialties, L.P.*, 114 T.C. at 552-553 (concluding that Section 6229(d) "suspends the running of any applicable period of limitations when an FPAA is issued . . ."); *Grapevine Imports, Ltd.*, 71 Fed. Cl. at 340 (finding that the issuance of a FPAA suspended the running of the section 6501(a) statute of limitations).

[59]*Hoffman v. Commissioner*, 119 T.C. 140, 146 (2002); *Adler v. Commissioner*, 85 T.C. 535, 540 (1985); *In re G-I Holdings, Inc.*, Civ. No. 02-3082, 2006 WL 2595264 at *4 (D. N.J. 2006); RCFC 8(c).

[60]*Hoffman*, 119 T.C. at 146.

[61]*Id.*

[62]*Hoffman*, 119 T.C. at 146-147; *Adler*, 85 T.C. at 540; *In re G-I Holdings, Inc.*, 2006 WL 2595264 at *4.

Once the United States makes this showing, the burden of proof shifts back to the plaintiff to establish that the partners' 2000 Forms 1040 adequately disclosed the transaction at issue.[63] "Notwithstanding the shifting of the burden of going forward, the burden of ultimate persuasion never shifts from the party who pleads the bar of the period of limitations."[64]

**C. Discovery Is Required in Order to Address the Statute of Limitations Issues.**

In order to determine whether the three-year period of limitations in § 6501(a) had expired for any partner as of the date the 2000 FPAA was issued by the IRS, the following factual questions must be answered:

- Who are the FFIP partners?
- In what tax years(s) did each of the FFIP partners report losses flowing from the transaction that is the subject of the adjustment in the 2000 FPAA?
- When did each partner file each relevant federal income tax return?
- Did any of the FFIP partners enter into agreements with the IRS to extend the statute of limitations for any of the tax years at issue?

In order to determine whether the three-year period should be extended to six years by application of §§ 6501(e)(1)(A) and/or 6229(c)(2), various factual questions must be answered, including, but not limited to, the following:

[63]§ 6501(e)(1)(A)(ii); *In re G-I Holdings, Inc.*, 2006 WL 2595264 at *4. Making the individual partners bear the burden of defending the reporting of the transaction on their returns (and the tax matters partner bear the burden of defending the reporting of the transaction on the partnership return) is supported by "several compelling rationales: the vital interest of the government in acquiring its lifeblood, revenue . . . ; the taxpayer's readier access to the relevant information . . . ; and the importance of encouraging voluntary compliance by giving taxpayers incentives to self-report and to keep adequate records in case of dispute. . . . These are powerful justifications not to be disregarded lightly." *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 21 (2000) (internal citations omitted). Unlike RRF, the United States was not a party to the transaction at issue and did not choose how to report the transaction on the partnership's or the partners' tax returns.

[64]*Hoffman*, 119 T.C. at 146-147.

- How much did each individual partner omit from gross income for each tax year at issue?
- How much gross income was stated on each partner's Form 1040 for each tax year at issue?
- Did the amount omitted exceed the gross income stated on each partner's Form 1040 by at least 25% for each tax year at issue?
- What did each partner disclose on his Form 1040 for each tax year at issue regarding the omitted income?
- How much did RRF omit from gross income for tax year 2000?
- How much gross income was stated on RRF's Form 1065 in 2000?
- Did the amount omitted exceed the gross income stated on the partnership's Form 1065 for tax year 2000 by at least 25%?
- What did RRF disclose on its Form 1065 regarding the omitted income?

In addition, the Court will need to understand the details of the underlying transaction that is the subject of the adjustments in the 2000 FPAA in order to determine how the transaction should have been reported by the partnership and individual partners.[65] The answers to these factual questions will allow the Court to make the ultimate conclusions necessary to determine the applicability of §§ 6501(e)(1)(A) and 6229(c)(2).

This non-exhaustive list of factual issues cannot be addressed at this stage of the litigation prior to discovery. However, the required factual information will be developed during the ordinary course of discovery. In the interim, litigation of this issue is premature.[66] Because

---

[65]*Grapevine Imports, Ltd.*, 71 Fed. Cl. at 343 (in order to determine whether there was an omission of income and adequacy of disclosure "the court must comprehend not only what is present on [the partnership and individual returns], but perhaps what should have been there and is not, both of which inquiries require the court to better understand the underlying transactions").

[66]The applicability of the six-year period of limitations has been challenged in three other cases currently pending in the Court of Federal Claims. In each of those three cases, motions for

the required discovery would include a detailed understanding of the underlying transaction, it is anticipated that it would take at least one year to complete. Accordingly, the United States urges the Court to simply deny plaintiff's application for partial summary judgment and allow discovery to proceed.[67] If the Court would prefer to continue this matter, however, then the United States requests a period of one year from the date of the continuance within which to conduct the required discovery.[68]

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment should be denied. In the alternative, the Court should enter an order refusing the application for partial judgment or granting a continuance of one year so that the required discovery may be conducted.

summary judgment have been fully briefed and, in one, case argument has been held. The cases include: *Grapevine Imports, Ltd. v. United States*, No. 05-296T (Judge Allegra); *Leadbetter Family LLP v. United States*, No. 06-492T (Judge Hodges); *Salman Ranch Ltd. v. United States*, No. 06-503T (Judge Christine O.C. Miller). The decisions on the pending motions are expected to provide significant guidance with respect to common legal issues concerning the applicability of §§ 6501(e)(1)(A) and 6229(c)(2). The factual issues differ, of course, but the legal analysis provided by these decisions will assist this Court in determining the applicability of these provisions when the issue is ready for litigation in this case.

[67] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (observing that FRCP 56(f) provides nonmovants with protection from "being railroaded" by premature summary judgment motions); *National Life Ins. Co. v. Solomon*, 529 F.2d 59, 61 (2d Cir. 1975) (holding that summary judgment was improperly granted where there were material facts in dispute and "one party ha[d] yet to exercise its opportunities for pretrial discovery).

[68] *Opryland USA, Inc. v. Great American Music Show, Inc.*, 970 F.2d 847, 852 (Fed. Cir. 1992) (holding that party "can not be deprived of the discovery needed to place at issue material factual questions in opposition to the motion [for summary judgment]," and noting that "is the safeguard to which Rule 56(f) is directed"); *Theisen Vending Co. v. United States*, 58 Fed. Cl. 194, 197 (2003) (noting that motions for additional discovery under RCFC 56(f) are "generally favored and should be liberally granted").

Respectfully submitted,

s/ Robert J. Higgins

ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
(202) 307-6580

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
GROVER HARTT, III
Senior Litigation Counsel
BART D. JEFFRESS
Trial Attorney
JENNIFER P. WILSON
Trial Attorney

s/ Grover Hart, III

Of Counsel

July 2, 2007