# Appendix A: Internal Revenue Code of 1986 (26 U.S.C.)

## § 701. PARTNERS, NOT PARTNERSHIP, SUBJECT TO TAX

A partnership as such shall not be subject to the income tax imposed by this chapter. Persons carrying on business as partners shall be liable for income tax only in their separate or individual capacities.

## § 702. INCOME AND CREDITS OF PARTNER

**(a) GENERAL RULE.—**In determining his income tax, each partner shall take into account separately his distributive share of the partnership's—

**(1)** gains and losses from sales or exchanges of capital assets held for not more than 1 year,

**(2)** gains and losses from sales or exchanges of capital assets held for more than 1 year,

**(3)** gains and losses from sales or exchanges of property described in section 1231 (relating to certain property used in a trade or business and involuntary conversions),

**(4)** charitable contributions (as defined in section 170(c)),

**(5)** dividends with respect to which section 1(h)(11) or part VIII of subchapter B applies,

**(6)** taxes, described in section 901, paid or accrued to foreign countries and to possessions of the United States,

**(7)** other items of income, gain, loss, deduction, or credit, to the extent provided by regulations prescribed by the Secretary, and

**(8)** taxable income or loss, exclusive of items requiring separate computation under other paragraphs of this subsection.

## § 6103. CONFIDENTIALITY AND DISCLOSURE OF RETURNS AND RETURN INFORMATION

**(a) GENERAL RULE.—**Returns and return information shall be confidential, and except as authorized by this title—

**(1)** no officer or employee of the United States,

**(2)** no officer or employee of any State, any local law enforcement agency receiving information under subsection (i)(7)(A), any local child support enforcement agency, or any local agency administering a program listed in subsection (l)(7)(D) who has or had access to returns or return information under this section or section 6104(c), and

**(3)** no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (e)(1)(D)(iii), paragraph (6), (12), (16), (19), or (20) of subsection (l), paragraph (2) or (4)(B) of subsection (m), or subsection (n),

shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

**(b) DEFINITIONS.**—For purposes of this section—

**(1) RETURN.**—The term "return" means any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed.

**(2) RETURN INFORMATION.**—The term "return information" means—

**(A)** a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense,

**(B)** any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public inspection under section 6110,

**(C)** any advance pricing agreement entered into by a taxpayer and the Secretary and any background information related to such agreement or any application for an advance pricing agreement, and

**(D)** any agreement under section 7121, and any similar agreement, and any background information related to such an agreement or request for such an agreement,

but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer. Nothing in the preceding sentence, or in any other provision of law, shall be construed to require the disclosure of standards used or to be used for the selection of returns for examination, or data used or to be used for determining such standards, if the Secretary determines that such disclosure will seriously impair assessment, collection, or enforcement under the internal revenue laws.

**(3) TAXPAYER RETURN INFORMATION.**—The term "taxpayer return information" means return information as defined in paragraph (2) which is filed with, or furnished to, the Secretary by or on behalf of the taxpayer to whom such return information relates.

…

**(h) DISCLOSURE TO CERTAIN FEDERAL OFFICERS AND EMPLOYEES FOR PURPOSES OF TAX ADMINISTRATION, ETC.—**

…

**(4) DISCLOSURE IN JUDICIAL AND ADMINISTRATIVE TAX PROCEEDINGS.**—A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only—

**(A)** if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under this title;
**(B)** if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding;
**(C)** if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding; or
**(D)** to the extent required by order of a court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title.

However, such return or return information shall not be disclosed as provided in subparagraph (A), (B), or (C) if the Secretary determines that such disclosure would identify a confidential informant or seriously impair a civil or criminal tax investigation.

## § 6226. JUDICIAL REVIEW OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENTS

**(a) PETITION BY TAX MATTERS PARTNER.—**Within 90 days after the day on which a notice of a final partnership administrative adjustment is mailed to the tax matters partner, the tax matters partner may file a petition for a readjustment of the partnership items for such taxable year with—
**(1)** the Tax Court,
**(2)** the district court of the United States for the district in which the partnership's principal place of business is located, or
**(3)** the Court of Federal Claims.

**(b) PETITION BY PARTNER OTHER THAN TAX MATTERS PARTNER.—**
**(1) IN GENERAL.—**If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner (and any 5-percent group) may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the partnership items for the taxable year involved with any of the courts described in subsection (a).
**(2) PRIORITY OF THE TAX COURT ACTION.—**If more than 1 action is brought under paragraph (1) with respect to any partnership for any partnership taxable year, the first such action brought in the Tax Court shall go forward.
**(3) PRIORITY OUTSIDE THE TAX COURT.—**If more than 1 action is brought under paragraph (1) with respect to any partnership for any taxable year but no such action is brought in the Tax Court, the first such action brought shall go forward.
**(4) DISMISSAL OF OTHER ACTIONS.—**If an action is brought under paragraph (1) in addition to the action which goes forward under paragraph (2) or (3), such action shall be dismissed.
**(5) TREATMENT OF PREMATURE PETITIONS.—**If—

**(A)** a petition for a readjustment of partnership items for the taxable year involved is filed by a notice partner (or a 5-percent group) during the 90-day period described in subsection (a), and

**(B)** no action is brought under paragraph (1) during the 60-day period described therein with respect to such taxable year which is not dismissed,

such petition shall be treated for purposes of paragraph (1) as filed on the last day of such 60-day period.

**(6) TAX MATTERS PARTNER MAY INTERVENE.—**The tax matters partner may intervene in any action brought under this subsection.

**(c) PARTNERS TREATED AS PARTIES.—**If an action is brought under subsection (a) or (b) with respect to a partnership for any partnership taxable year—

**(1)** each person who was a partner in such partnership at any time during such year shall be treated as a party to such action, and

**(2)** the court having jurisdiction of such action shall allow each such person to participate in the action.

**(d) PARTNER MUST HAVE INTEREST IN OUTCOME.—**

**(1) IN ORDER TO BE PARTY TO ACTION.--**Subsection (c) shall not apply to a partner after the day on which—

**(A)** the partnership items of such partner for the partnership taxable year became nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, or

**(B)** the period within which any tax attributable to such partnership items may be assessed against that partner expired.

Notwithstanding subparagraph (B), any person treated under subsection (c) as a party to an action shall be permitted to participate in such action (or file a readjustment petition under subsection (b) or paragraph (2) of this subsection) solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person, and the court having jurisdiction of such action shall have jurisdiction to consider such assertion.

…

**(f) Scope of judicial review.—**A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.

## § 6229. PERIOD OF LIMITATIONS FOR MAKING ASSESSMENTS

**(a) GENERAL RULE.—**Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any

partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of—

**(1)** the date on which the partnership return for such taxable year was filed, or

**(2)** the last day for filing such return for such year (determined without regard to extensions).

…

**(c) SPECIAL RULE IN CASE OF FRAUD, ETC.—**

…

**(2) SUBSTANTIAL OMISSION OF INCOME.**—If any partnership omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in its return, subsection (a) shall be applied by substituting "6 years" for "3 years".

**(d) SUSPENSION WHEN SECRETARY MAKES ADMINISTRATIVE ADJUSTMENT.—**If notice of a final partnership administrative adjustment with respect to any taxable year is mailed to the tax matters partner, the running of the period specified in subsection (a) (as modified by other provisions of this section) shall be suspended**—**

**(1)** for the period during which an action may be brought under section 6226 (and, if a petition is filed under section 6226 with respect to such administrative adjustment, until the decision of the court becomes final), and

**(2)** for 1 year thereafter.

## § 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION

**(a) GENERAL RULE.**—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. For purposes of this chapter, the term "return" means the return required to be filed by the taxpayer (and does not include a return of any person from whom the taxpayer has received an item of income, gain, loss, deduction, or credit).

…

**(e) SUBSTANTIAL OMISSION OF ITEMS.**—Except as otherwise provided in subsection (c)—

**(1) INCOME TAXES.**—In the case of any tax imposed by subtitle A—

**(A) GENERAL RULE.—**If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. For purposes of this subparagraph—

**(i)** In the case of a trade or business, the term "gross income" means the total of the amounts received or accrued from the sale of goods or services (if such

amounts are required to be shown on the return) prior to diminution by the cost of such sales or services; and

**(ii)** In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item.

## § 7701. DEFINITIONS

**(a)** When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof—

**(1) PERSON.**—The term "person" shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation.

…

**(14) TAXPAYER.**—The term "taxpayer" means any person subject to any internal revenue tax.