IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-30T[1]
(Senior Judge Eric G. Bruggink)

RUSSIAN RECOVERY FUND LIMITED, by and through RUSSIAN RECOVERY ADVISORS, LLC, Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**DECLARATION OF ROBERT J. HIGGINS**

I, Robert J. Higgins, declare as follows:

1. I am a trial attorney with the Court of Federal Claims Section, Tax Division, United States Department of Justice.

2. I am the attorney of record for the United States in the above-captioned proceeding.

3. The complaint in this action was filed on January 10, 2006. (Doc. #1.)

4. The United States filed its answer on May 10, 2006. (Doc. #7.)

5. On May 26, 2006, the Court entered an order staying the case pending a final decision by the Court of Appeals for the Federal Circuit in the appeal of *AD Global Fund, LLC v. United States*, 68 Fed. Cl. 663 (2005). (Doc. #9.)

[1]Pursuant to an order dated May 11, 2007, the Court consolidate this case with Case No. 06-035T. (Doc. #13.)

6. On May 11, 2007, the Court entered an order lifting the stay and permitting plaintiff to file motions for partial summary judgment on or before June 1, 2007. (Doc. #13.)

7. The parties have not yet filed a Joint Preliminary Status Report, as required by RCFC, App. A, Rule 4.

8. The Court has not issued a scheduling order, as described in RCFC, App. A, Rule 8.

9. The parties have not exchanged initial disclosures pursuant to RCFC 26(a)(1).

10. The period for fact discovery has not commenced.

11. Plaintiff makes the following allegations, among others, in support of their Motion for Partial Summary Judgment for the 2000 Tax Year:

a. FFIP, L.P. ("FFIP") was a partner in RRF during the 2000 Tax Year. During that tax year, FFIP had 36 direct partners. (Plaintiff's Proposed Finding ¶ 5);

b. RRF allocated net Section 988 losses of $46,424,782 entirely to FFIP in the 2000 Tax Year. No RRF partner other than FFIP received an allocation of all or any portion of the net Section 988 losses. (Plaintiff's Proposed Finding ¶ 6); and

c. All FFIP partners (including indirect partners) but one filed their 2000 tax returns on or before October 15, 2001 and only one partner, identified as Partner 26 on the FFIP Form K-1, may have extended its statute of limitations to beyond October 14, 2005, the date on which the 2000 FPAA was issued. Partner 26 was allocated $543,300 of RRF losses. (Plaintiff's Proposed Finding ¶ 13).

12. Because the United States has not yet had an opportunity to conduct discovery, the United States does not have the facts necessary to respond to plaintiff's allegations listed in paragraph 11.

13. In order to respond to the factual allegations listed in paragraph 11, the United States would need to obtain at least the following information, and possibly additional information:

a. The identities of the 36 FFIP partners;

b. The tax years(s) in which each FFIP partner reported losses flowing from the transaction that is the subject of the adjustment in the 2000 FPAA;

c. All relevant Form 1040s for each FFIP partner; and

d. Whether any of the 36 FFIP partners entered into agreements to extend the statute of limitations with the IRS for any of the tax years at issue.

14. In the event it appears that the three-year period of limitation on assessments under § 6501(a) expired for any partner as of the date the 2000 FPAA issued, the United States intends to assert that the period of limitations was extended to six years by § 6501(e)(1)(A) or, in the alternative, § 6229(c)(2).

15. In order to support this assertion, the United States needs to conduct discovery on the underlying transaction that is the subject of the adjustment in the 2000 FPAA, in addition to the discovery described in paragraph 13, in order to determine how the transaction should have been reported by the partnership and individual partners.

16. The United States will require a period of one year in order to complete the discovery identified in paragraphs 13 and 15.

I declare, under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on July 2, 2007, in Washington, D.C.

s/ Robert J. Higgins
ROBERT J. HIGGINS