IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-30T[1]
(Senior Judge Eric G. Bruggink)

RUSSIAN RECOVERY FUND LIMITED, by and through RUSSIAN RECOVERY ADVISORS, LLC, Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**RESPONSE BY THE UNITED STATES TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT FOR THE 2000 TAX YEAR**

Pursuant to RCFC 56(h)(2), defendant, the United States, responds as follows to plaintiff's proposed findings of uncontroverted fact in support of their Motion for Partial Summary Judgment for the 2000 Tax Year. Defendant disagrees as to every asserted fact to which it does not agree.

1. Recovery Advisors is a limited liability company formed under the laws of the State of Delaware. (Declaration of James DiBiase ("DiBiase Decl."), ¶2).

**RESPONSE**:

Defendant has no basis to agree or disagree, because no discovery has been conducted in

[1]Pursuant to an order dated May 11, 2007, the Court consolidate this case with Case No. 06-035T. (Doc. #13.)

this case. Plaintiff alleged this "fact" in its complaint, and defendant's attorneys, in defendant's answer, lacked knowledge or information sufficient to form a belief regarding the truth of the allegation. *See Complaint* [Doc. #1] ¶ 1; *Answer* [Doc. #7] ¶ 1. Because no discovery has been conducted, defendant has had no opportunity to discover whether the allegation is true.

In addition, this factual allegation is irrelevant to the resolution of plaintiff's motion.

Finally, defendant disagrees that the citation to the declaration of James DiBiase supports the proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e) requires that a declaration "be made on personal knowledge . . . ." A declaration made "to the best of my knowledge and belief" does not meet this standard. *Harris v. Gonzalez*, – F.3d –, No. 05-5494, 2007 WL 1515126 at *4 (D.C. Cir. May 25, 2007); *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002); *Cadle Co. v. Hayes*, 116 F.3d 957, 961 (1st Cir. 1997); *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981).

2. Recovery Advisors was designated the Tax Matters Partner ("TMP") for RRF for the tax year ended on December 31, 2000 (the "2000 Tax Year") on its partnership return filed with respect to the 2000 Tax Year (the "2000 RRF Return"). (DiBiase Decl., ¶2).

**RESPONSE**:

Defendant has no basis to agree or disagree, because no discovery has been conducted in this case. Plaintiff alleged this "fact" in its complaint, and defendant's attorneys, in defendant's answer, lacked knowledge or information sufficient to form a belief regarding the truth of the allegation. *See Complaint* [Doc. #1] ¶ 2; *Answer* [Doc. #7] ¶ 2. Because no discovery has been conducted, defendant has had no opportunity to discover whether the allegation is true.

In addition, defendant disagrees that the citation to the declaration of James DiBiase supports the proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e) requires that a declaration "be made on personal knowledge . . . ." A declaration made "to the best of my knowledge and belief" does not meet this standard. *Harris v. Gonzalez*, – F.3d –, No. 05-5494, 2007 WL 1515126 at *4 (D.C. Cir. May 25, 2007); *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002); *Cadle Co. v. Hayes*, 116 F.3d 957, 961 (1st Cir. 1997); *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981).

Relatedly, DiBiase's declaration, even if it were not facially defective, is unnecessary to support the proposed finding. The fact of who RRF designated (or attempted to designate) TMP on its 2000 partnership return is known simply by reference to RRF's 2000 partnership return, which plaintiff did not attach to DiBiase's declaration.

3. RRF is a limited liability company incorporated under the laws of the Cayman Islands that has elected status as a partnership for federal income tax purposes. (DiBiase Decl., ¶2; Compl., ¶3; Ans., ¶3).

**RESPONSE**:

Defendant agrees that RRF has elected status as a partnership for federal income tax purposes. *See Complaint* [Doc. #1] ¶ 3; *Answer* [Doc. #7] ¶ 3. Plaintiff alleged the remainder of the proposed finding in their complaint, and defendant's attorneys, in defendant's answer, lacked knowledge or information sufficient to form a belief regarding the truth of the remainder of the proposed finding. *See Complaint* [Doc. #1] ¶ 3; *Answer* [Doc. #7] ¶ 3. Because no discovery has been conducted, defendant has had no opportunity to discover whether the remainder of the proposed finding is true.

In addition, the remainder of the proposed finding is irrelevant to the resolution of plaintiffs' motion.

Finally, defendant disagrees that the citation to the declaration of James DiBiase supports the proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e) requires that a declaration "be made on personal knowledge . . . ." A declaration made "to the best of my knowledge and belief" does not meet this standard. *Harris v. Gonzalez*, – F.3d –, No. 05-5494, 2007 WL 1515126 at *4 (D.C. Cir. May 25, 2007); *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002); *Cadle Co. v. Hayes*, 116 F.3d 957, 961 (1st Cir. 1997); *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981).

4. FFIP, L.P. ("FFIP") is a Delaware limited partnership, and is treated as a partnership for U.S. federal tax purposes. (DiBiase Decl., ¶5).

**RESPONSE**:

Defendant has no basis to agree or disagree as to the proposed finding, because no discovery has been conducted in this case. Plaintiffs alleged the proposed finding in their complaint, and defendant's attorneys, in defendant's answer, lacked knowledge or information sufficient to form a belief regarding the truth of the remainder of the proposed finding. *See Complaint* [Doc. #1] ¶ 8.d.; *Answer* [Doc. #7] ¶ 8.d. Because no discovery has been conducted, defendant has had no opportunity to discover whether the proposed finding is true.

In addition, the proposed finding is irrelevant to the resolution of plaintiff's motion.

Finally, defendant disagrees that the citation to the declaration of James DiBiase supports the proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e) requires that a declaration "be made on personal knowledge . . . ." A declaration made "to the best of my knowledge and belief" does not meet this standard. *Harris v. Gonzalez*, – F.3d –, No. 05-5494, 2007 WL 1515126 at *4 (D.C. Cir. May 25, 2007); *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002); *Cadle Co. v. Hayes*, 116 F.3d 957, 961 (1st Cir. 1997); *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981).

5. FFIP was a partner in RRF during the 2000 Tax Year. (DiBiase Decl., ¶4). During that tax year, FFIP had 36 direct partners. (DiBiase Decl., ¶5).

**RESPONSE**:

Defendant has no basis to agree or disagree as to the proposed finding, because no discovery has been conducted in this case.

Defendant disagrees that the citation to the declaration of James DiBiase supports the proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e) requires that a declaration "be made on personal knowledge . . . ." A declaration made "to the best of my knowledge and belief" does not meet this standard. *Harris v. Gonzalez,* – F.3d –, No. 05-5494, 2007 WL 1515126 at *4 (D.C. Cir. May 25, 2007); *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002); *Cadle Co. v. Hayes*, 116 F.3d 957, 961 (1st Cir. 1997); *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981).

Relatedly, DiBiase's declaration, even if it were not facially defective, is unnecessary to support the proposed finding. The facts of whether FFIP was a partner in RRF (in form, if not substance) and the number of partners in FFIP (in form, if not substance) during the 2000 tax year are known by reference to RRF's 2000 partnership return and FFIP's 2000 partnership return, respectively, which plaintiff did not attach to DiBiase's declaration.

6. RRF allocated net Section 988 losses of $46,424,782 entirely to FFIP in the 2000 Tax Year. No RRF partner other than FFIP received an allocation of all or any portion of the net Section 988 losses. (DiBiase Decl., ¶4).

**RESPONSE**:

Defendant has no basis to agree or disagree as to the proposed finding, because no discovery has been conducted in this case.

Defendant disagrees that the citation to the declaration of James DiBiase supports the proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e) requires that a declaration "be made on personal knowledge . . . ." A declaration made "to the best of my knowledge and belief" does not meet this standard. *Harris v. Gonzalez*, – F.3d –, No. 05-5494, 2007 WL 1515126 at *4 (D.C. Cir. May 25, 2007); *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002); *Cadle Co. v. Hayes*, 116 F.3d 957, 961 (1st Cir. 1997); *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981).

Relatedly, DiBiase's declaration, even if it were not facially defective, is unnecessary to support the proposed finding. The fact of the allocation of the entire Section 988 loss to FFIP in the 2000 tax year is known by reference to the 2000 partnership returns of RRF, FFIP, and the other purported partners in RRF in 2000, which plaintiff did not attach to DiBiase's declaration.

7. RRF's timely filed partnership tax return was received by the IRS on August 17, 2001. (Compl., ¶¶4, 8(q); Ans., ¶¶4, 8(q)).

**RESPONSE**:

Defendant agrees that the IRS received the year 2000 RRF federal partnership return for on August 17, 2001. *See Complaint* [Doc. #1] ¶¶ 4, 8(q); *Answer* [Doc. #7] ¶¶ 4, 8(q). Defendant has no basis to agree or disagree to the remainder of the proposed finding with respect to the timeliness of the partnership return, because no discovery has been conducted in this case.

8. FFIP's tax return was filed on August 14, 2001. (DiBiase Decl., ¶5).

**RESPONSE**:

Defendant has no basis to agree or disagree as to the proposed finding, because no discovery has been conducted in this case.

In addition, the proposed finding is irrelevant to the resolution of plaintiff's motion.

Finally, defendant disagrees that the citation to the declaration of James DiBiase supports the proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e) requires that a declaration "be made on personal knowledge . . . ." A declaration made "to the best of my knowledge and belief" does not meet this standard. *Harris v. Gonzalez,* – F.3d –, No. 05-5494, 2007 WL 1515126 at *4 (D.C. Cir. May 25, 2007); *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002); *Cadle Co. v. Hayes*, 116 F.3d 957, 961 (1st Cir. 1997); *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981).

9. The IRS took no partnership action with respect to the 2000 RRF Return until over four years after RRF filed its partnership tax return. Specifically, on September 28, 2005, the IRS issued to Recovery Advisors, as TMP for RRF, a Notice of Beginning of Administrative Proceeding for RRF for the 2000 Tax Year. (DiBiase Decl., ¶¶ 6, 7; Compl., ¶8(r); Ans., ¶8(r)).

**RESPONSE**:

Defendant agrees that the IRS issued to Recovery Advisors, as TMP for RRF, a Notice of Beginning of Administrative Proceedings for RRF for the 2000 tax year. *See Complaint* [Doc. #1] ¶ 8(r); *Answer* [Doc. #7] ¶ 8(r).

Defendant states that the remainder of plaintiff's proposed finding is irrelevant.

Finally, defendant disagrees that the citation to the declaration of James DiBiase supports the proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e) requires that a declaration "be made on personal knowledge . . . ." A declaration made "to the best of my knowledge and belief" does not meet this standard. *Harris v. Gonzalez*, – F.3d –, No. 05-5494, 2007 WL 1515126 at *4 (D.C. Cir. May 25, 2007); *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002); *Cadle Co. v. Hayes*, 116 F.3d 957, 961 (1st Cir. 1997); *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981).

10. Then, on October 14, 2005 – *four years and two months after the IRS received RRF's tax return* – the IRS mailed to Recovery Advisors an FPAA for the tax year ended on December 31, 2000 (the "2000 FPAA"), proposing a $46,424,782 adjustment to Other Income on the 2000 RRF return. (DiBiase Decl., ¶6, Ex. 1; Compl., ¶¶4, 5; Ans., ¶¶4, 5).

**RESPONSE**:

Defendant agrees with the proposed finding.

However, defendant disagrees that the citation to the declaration of James DiBiase supports the proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e) requires that a declaration "be made on personal knowledge . . . ." A declaration made "to the best of my knowledge and belief" does not meet this standard. *Harris v. Gonzalez,* – F.3d –, No. 05-5494, 2007 WL 1515126 at *4 (D.C. Cir. May 25, 2007); *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002); *Cadle Co. v. Hayes*, 116 F.3d 957, 961 (1st Cir. 1997); *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981).

Relatedly, DiBiase's declaration, even if it were not facially defective, is unnecessary to support the proposed finding. The facts of the date of the mailing of the 2000 FPAA and the nature and amount of the proposed adjustments are known by reference to the 2000 FPAA, which is attached to DiBiase's declaration.

11. On January 10, 2006, a deposit of $50,000 was tendered on behalf of Recovery Advisors and Recovery Advisors filed the instant action seeking, *inter alia*, an order stating that the 2000 FPAA was invalid. (Compl., ¶7; Ans., ¶7).

**RESPONSE**:

Defendant disagrees that plaintiff's citations support the proposed finding.

Defendant agrees that, on January 10, 2006, Recovery Advisors filed the instant action. *See Complaint* [Doc. #1]; Docket, Fed. Cl. No. 06-30T. Defendant disagrees with the remainder of the proposed finding.

<u>PROPOSED REVISION</u>:

On January 10, 2006, Recovery Advisors filed the instant action. In its complaint, Recovery Advisors did not seek an order invalidating the 2000 FPAA. Rather, among other things, Recovery Advisors asked the Court to "order the United States to reverse the adjustments set forth in the 200 FPAA in the amount of $46,424,782." A deposit of $50,000 is reflected in the records of the IRS for Bracebridge Capital, L.L.C. for January 10, 2006.
*See Complaint* [Doc. #1] ¶ 7, p. 12; *Answer* [Doc. #7] ¶ 7.

12. Recovery Advisors provided the names and identifying information of the FFIP partners (including indirect partners) who received an allocation of the disputed adjustments to Pete Whitley, the Internal Revenue Service revenue agent who conducted the RRF audit that resulted in the pending litigation, by letter dated May 30, 2007. This information included the name of the partner (including the indirect partner), the taxpayer identification number for each partner, the date on which the partners filed its return and whether the statute of limitations had been extended beyond October 14, 2005. (DiBiase Decl., ¶9).

**RESPONSE**:

Defendant has no basis to agree or disagree as to the proposed finding, because no discovery has been conducted in this case.

In addition, the proposed finding is irrelevant to the resolution of plaintiff's motion.

Defendant disagrees that the citation to the declaration of James DiBiase supports the proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e) requires that a declaration "be made on personal knowledge . . . ." A declaration made "to the best of my knowledge and belief" does not meet this standard. *Harris v. Gonzalez*, – F.3d –, No. 05-5494, 2007 WL 1515126 at *4 (D.C. Cir. May 25, 2007); *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002); *Cadle Co. v. Hayes*, 116 F.3d 957, 961 (1st Cir. 1997); *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981).

Relatedly, DiBiase's declaration, even if it were not facially defective, is unnecessary to support the proposed finding. The facts of the date of the mailing of the letter and the

information conveyed in the letter are known by reference to the letter, which is not attached to DiBiase's declaration.

13. All FFIP partners (including indirect partners) but one filed their 2000 tax returns on or before October 15, 2001 and only one partner, identified as Partner 26 on the FFIP Form K-1, may have extended its statute of limitations to beyond October 14, 2005, the date on which the 2000 FPAA was issued. Partner 26 was allocated $543,330 of RRF losses. (DiBiase Decl., ¶9).

**RESPONSE**:

Defendant has no basis to agree or disagree as to the proposed finding, because no discovery has been conducted in this case.

Defendant disagrees that the citation to the declaration of James DiBiase supports the proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e) requires that a declaration "be made on personal knowledge . . . ." A declaration made "to the best of my knowledge and belief" does not meet this standard. *Harris v. Gonzalez*, – F.3d –, No. 05-5494, 2007 WL 1515126 at *4 (D.C. Cir. May 25, 2007); *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002); *Cadle Co. v. Hayes*, 116 F.3d 957, 961 (1st Cir. 1997); *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981).

In addition, the facts related in paragraph 9 of DiBiase's declaration constitute hearsay. *See* FED. R. EVID. 801(c). RCFC 56(e) requires that a declaration set forth facts "as would be admissible in evidence." Because no exception applies, the hearsay related by DiBiase in paragraph 9 of his declaration is not admissible and should be disregarded. *See* FED. R. EVID. 802; *Greenberg v. Chrust*, 282 F. Supp. 2d 112, 117-18 (S.D.N.Y. 2003); *Nokes v. United States Coast Guard*, 282 F. Supp. 2d 1085, 1089 (D. Minn. 2003); *Newhouse v. Probert*, 608 F. Supp.

978, 983 (D. Mich. 1985).

Finally, DiBiase is not competent to testify as to the filing dates of the partners' 2000 tax returns because he did not prepare, file, or even see the partners' 2000 tax returns.

Respectfully submitted,

s/ Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
(202) 307-6580

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
GROVER HARTT, III
Senior Litigation Counsel
BART D. JEFFRESS
Trial Attorney
JENNIFER P. WILSON
Trial Attorney

s/ Grover Hart, III
Of Counsel

July 2, 2007