IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | Case No. 06-0030-EGB |

**PLAINTIFF'S MEMORANDUM IN REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR THE 2000 TAX YEAR**

## PRELIMINARY STATEMENT

Plaintiff Russian Recovery Advisors ("Recovery Advisors"), as Tax Matters Partner ("TMP") for Russian Recovery Fund ("RRF"), respectfully submits, pursuant to Rule 56(c), this Memorandum in Reply to Defendant United States' Response to Plaintiff's Motion for Partial Summary Judgment ("Motion") for the 2000 Tax Year (the "Response").[1] Plaintiff submitted the Declaration of James DiBiase ("DiBiase Declaration") with its Motion in support of facts that entitle it to partial summary judgment on the grounds that the statute of limitations was closed as to RRF, FFIP, L.P. ("FFIP"), a partner in RRF, and at least 35 of FFIP's 36 partners. Defendant's Response does not dispute the truth of any of the facts in the DiBiase Declaration.

[1] Pursuant to an Order dated May 11, 2007, this Court consolidated Case No. 06-035-EGB, which is identical in all respects to the present case except with respect to the name of the tax matters partner, under Case No. 06-030-EGB. This memorandum applies equally to Case No. 06-030-EGB and Case No. 06-035-EGB.

Rather, Defendant claims, without any basis in fact or supporting declaration, that it should be permitted to engage in an examination of 36 indirect partners' federal income tax returns to see if it may be able to come up with some alternative basis on which to allege that the statute of limitations as to one or more of these partners is not the normal three-year statute but the six-year statute. Such an inquiry into these partners' federal income tax returns would involve no substantive tax issue in this case. Indeed, the only substantive issue in this case is a claimed loss and the Supreme Court has unequivocally held that denial of a deduction for an item of loss does not constitute an understatement of gross income. *Colony, Inc. v. United States*, 357 U.S. 28 (1958).

The six-year statute of limitations can apply only if a taxpayer has understated his gross income by more than 25%. Thus, because the loss at issue in this case cannot give rise to an understatement of gross income, what Defendant is asking this Court to permit is an unfettered examination of 36 indirect partners' federal income tax returns for the year 2000 to see if Defendant can create some theory supporting the supposition that one or more of them may have understated their gross income from some source other than RRF.

Even assuming the Defendant is seeking discovery to controvert the facts asserted in the DiBiase Declaration, the government is looking in the wrong place. If controverting facts did exist, they would exist in the records of the Internal Revenue Service ("IRS"), a bureau of the United States Treasury Department. Thus, it would seem far easier, less expensive, and less burdensome for the 36 indirect partners, the Plaintiff, and the Defendant to "discover" any controverting facts from the government's own records than from 36 indirect partners. Moreover, if the three-year statute does apply, at least 35 of FFIP's 36 partners are not parties to this suit. *See* 26 U.S.C. § 6226(d)(1)(B). Defendant should honor the strongly expressed

Congressional policy in tax return privacy contained in the Internal Revenue Code[2] and be directed to its own records. *See* 26 U.S.C. § 6103. Plaintiff's, FFIP's, and FFIP's partners' tax returns are already in the possession and control of the United States government. Defendant knows where to locate such records within its files by simply asking the IRS for copies of the returns (as it did in its response to the 2001 motion), filing dates, and any agreements to extend the limitations period.

Instead, Defendant asks this Court to approve the Defendant's usurpation of authority to conduct examinations of federal income tax returns that Congress has placed, not in the Attorney General, but in the Secretary of the Treasury and his delegate, the Commissioner of Internal Revenue. This would allow Defendant's counsel to engage in a "super-audit" of 36 indirect partners that are facially not parties to this proceeding. *See* 26 U.S.C. §§ 7601, 7803(a)(2)). This path will unduly harass and intimidate taxpayers who are not parties to this proceeding.

Defendant's request for a year's worth of discovery to engage in an examination of each of 36 indirect partners' tax returns is patently unreasonable when it need only request the information it seeks from one convenient source – itself. The United States wrongly suggests that the best solution "may be" to require that the individual partners of FFIP join this litigation. Def.'s Response at 12. First, there is no legal basis for requiring the partners to join the litigation. Second, asking non-parties to join this litigation, when the information is readily available from the government's own records, is overly burdensome and undermines the entire purpose of the unified partnership "TEFRA" provisions of the Code, is wasteful, and substantially increases the cost to all parties of resolving this matter. *See* 26 U.S.C. §§ 6221-6234.

---

[2] All Section references are to the Internal Revenue Code of 1986, as amended.

Plaintiff has produced facts that facially establish that the three year statute of limitations is closed. Defendant has failed to introduce evidence to controvert those facts, even though such evidence, if it exists, is in its possession and control. Defendant's requested hunt for a non-existent six-year statute of limitations can be accurately characterized as a wild shot in the dark. This Court should grant Plaintiff's Motion and invalidate the 2000 FPAA insofar as it seeks to adjust partnership items that relate to FFIP partners for whom the statute of limitations under Section 6501 has closed. *See* 26 U.S.C. § 6501.

## ARGUMENT

### I. THE THREE YEAR STATUTE OF LIMITATIONS IMPOSED BY SECTIONS 6229 AND 6501 CONTROLS; THERE IS NO BASIS FOR EXTENDING THE STATUTE OF LIMITATIONS TO SIX YEARS.

In its Response, Defendant concedes that the 2000 FPAA was issued by the IRS more than three years after the 2000 RRF partnership return was filed, but states that it intends to rely on the six-year statutes of limitations in Sections 6501 and 6229. Def. Resp. at 5, 7-8. Defendant has, however, no basis to assert that a six-year statute of limitations applies in this case. Section 6229(c)(2) extends the normal three-year statute of limitations for partnership items to six years if the partnership omits income in excess of 25 percent of the gross income stated on the partnership return. 26 U.S.C. § 6229(c)(2). Section 6501(e)(1) contains a similar extension if a taxpayer omits gross income which exceeds 25% of reported gross income. 26 U.S.C. § 6501(e)(1). The 2000 FPAA does not contain *any* adjustment that mentions an omission of any item of gross income. Instead, the 2000 FPAA seeks only to deny a loss that was properly reported and disclosed on RRF's 2000 Form 1065 as well as the K-1 provided to FFIP.

The Supreme Court, in *Colony, Inc. v. United States*, addressed this very question: whether a disputed loss could serve as an "omission" for purposes of extending the statute of limitations to six years. 357 U.S. 28 (1958).[3] In that case, as here, the IRS sought to extend the statute of limitations by arguing that an adjusted loss was tantamount to an omission of gross income. *Id. at 30-32.* The Supreme Court did not agree. Instead, the Court held that the purpose of the extended period was to give the IRS additional time only in "the specific situation where a taxpayer actually omitted some income receipt or accrual in his computation of gross income." *Id*. at 33. In such an instance, the Court explained, the IRS is placed at a special disadvantage in detecting errors because "the return on its face provides no clue as to the existence of the omitted item." *Id.* at 36. Here, as in *Colony, Inc.*, the loss claimed on the return that the IRS disputes does not constitute "an item of gross income." Therefore, the 6-year statute extensions under Sections 6229(c)(2) and 6501(e)(1) cannot apply to RRF. *See* 26 U.S.C. §§ 6229(c)(2); 6501(e)(1). The Defendant's attempt to assert that the six year statute applies to the denial of a loss is meritless.

## II. DISCOVERY OF 36 INDIRECT PARTNERS IS UNNECESSARY WHERE DEFENDANT HAS ACCESS TO THE INFORMATION THROUGH A SINGLE SOURCE – THE INTERNAL REVENUE SERVICE.

All of the information that Defendant says that it needs to respond to the Motion – the identities of the FFIP partners, information relating to the allocation and amount of RRF's loss, copies of the partners' IRS Form 1040s, and information relating to whether the Internal Revenue Service entered into an agreement with a partner to extend the statute of limitations – is found officially only in one place, in the records possessed and controlled by the Internal

[3] See also *Grapevine Imports, Ltd, et al. v. United States*, No. 05-396T (Fed. Cl., filed July 17, 2007). In *Grapevine*, the Court of Federal Claims held that a denial of a loss is not an "omission" for purposes of applying the six year statute of limitations. *Id.*, slip op. at 9. The *Grapevine* court's second holding relating to the carryforward of losses is inapposite – no such carryforwards are before the Court in this case.

Revenue Service. Ignoring the single repository of its own official information, Defendant suggests that 36 partners of FFIP, itself a partner in RRF, should join this action. To the contrary, however, the overarching purpose of unified TEFRA proceedings is an action that avoids multiple parties for partnership litigation.[4]

In *AD Global*, the Federal Circuit gave effect to the Congressional policy of avoiding inquiry into the separate partners' affairs in a partnership proceeding. *AD Global* recognizes that only partnership items are at issue in a partnership proceeding. 841 F.3d at 1352-53. No adjustments can be made at the partner level unless the partnership statute of limitations is open. *Id.* at 1354. Accordingly, in this case, no adjustment can be made to RRF's loss to the extent it was allocated to partners whose limitations periods are closed. *AD Global* specifically decided, not that the TEFRA statute of limitations, 26 U.S.C. § 6229(a), was meaningless, but that it was extended for those partners whose limitations periods, 26 U.S.C. § 6501, were open. Defendant twists this holding, however, into the contorted assertion that as long as one partner's limitations period is open, Defendant can adjust a partnership item for a partner's return whose limitations period is closed.

Plaintiff has moved for summary judgment only for partners whose limitations periods have expired. Under *AD Global* the period for adjusting RRF's partnership items as to any partner has expired if the period is closed for RRF (it has), if the period has closed for FFIP (it has), and if the period has closed for the specific FFIP partner. Plaintiff asks for judgment as a matter of law that no partnership adjustment can be made for any partner for whom RRF's limitations period is closed (i.e., where the statute of limitations for adjustment has run at the

[4] "The tax treatment of items of partnership income, loss, deductions, and credits will be determined at the partnership level in a unified partnership proceeding rather than in separate proceedings with the partners." Conference Committee Report, Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), H. Conf. Rep. No. 97-760, at 600.

partnership (RRF) level and at the level of the partner to whom the loss was allocated (FFIP), and that the statute of limitations for assessment of tax due as a result of the adjustment has run at the level of such partner in FFIP).

Defendant controls the single repository of the official records of each partner's 2000 federal income tax return, of the filing dates, and of any agreement to extend the limitations period, and submits nothing that contradicts Plaintiff's support for its motion. Defendant nevertheless boldly asks this Court to deny Plaintiff's motion because the individual partners whose statutes have run have not joined the litigation.[5] Def. Resp. at II.A. *See* 26 U.S.C. §§ 6221-6234. This Court should give no heed to this unsupported assertion that contradicts *AD Global*. Aside from conflicting with the fundamental purpose of the TEFRA partnership provisions to create a unified procedure for conducting court proceedings at the partnership level, this argument disregards the black letter rule of law that the expiration of the statute of limitations is an affirmative defense that must be made by the partnership.[6] Thus, this defense must be raised in this partnership proceeding by the tax matters partner, Recovery Advisors, and the purpose of the TEFRA provisions shows that this issue, along with any other disputed partnership item, should be determined in a unified partnership proceeding, not in proceedings with the separate partners.

---

[5] The Defendant notes in Section II.A. of its Response that partners are "permitted" to participate (but not that they are required) and though asserting that it "may be best" for the individual partners to participate, Def. Resp. at 12, Defendant fails to note that under the law none of these partners is a party to this suit if the limitations period for adjusting that partner's partnership items has run. 26 U.S.C. § 6226(d)(1)(B).

[6] *See*, *e.g.*, *Davenport Recycling Assocs. v. Comm'r*, 220 F.3d 1255, 1260-61 (11th Cir. 2000) ("[U]nder TEFRA, a statute of limitations defense concerns a 'partnership item,' . . . that must be raised at the partnership level.") (internal citation omitted); *Chimblo v. Comm'r*, 177 F.3d 119, 125 (2d Cir. 1999) (holding that a taxpayer may not raise a statute of limitations defense for the first time in the affected items proceedings, and emphasizing that to hold otherwise would undermine the policy behind TEFRA); *Kaplan v. U.S.*, 133 F.3d 469 (7th Cir. 1998) (holding that a district court lacks subject matter jurisdiction to consider a statute of limitations argument in an individual tax partner's refund challenge).

As a reason for holding this otherwise time-barred proceeding open, the Defendant's Response focuses on whether the potential existence of any of the partners' individual carryover losses would somehow keep the statute of limitations open for the partnership. This position disregards the settled law that individual items are not the subject of TEFRA proceedings. *Hambrose Leasing 1984-5 Ltd. Partnership v. Comm'r*, 99 T.C. 298, 306 (1992) ("We conclude . . . that the determination of amounts at risk . . . is not a partnership item, but is an affected item, which can be dealt with only in a proceeding involving the partners"); *Affiliated Equipment Leasing II v. Comm'r*, 97 T.C. 575, 576-77 (1991); *885 Investment Co. v. Comm'r*, 95 T.C. 156, 163 (1990); *Maxwell v. Comm'r*, 87 T.C. 783 (1986). Defendant argues that maybe, if given enough time (a year or two or more), it can discover whether any of the partners individually did not use their losses in the 2000 tax year, and, instead, carried over their losses into future open years. The government should know that such an inquiry is not relevant to the Motion. The IRS does not have the authority to adjust a partnership item with respect to the partners whose statutes of limitation for 2000 were already closed when the 2000 FPAA was issued. [7]

In support of its view that the TEFRA limitations period is meaningless, Defendant cites two recent and unreviewed Tax Court cases, *G-5 Investment Partners v. Commissioner*[8] and *Kligfeld Holdings v. Commissioner*.[9] The proposition for which the Defendant cites them is contrary to the Federal Circuit's holding in *AD Global*. Defendant acknowledges that *AD Global*

---

[7] Internal Revenue Service Non Docketed Service Advice Review dated May 1, 2001, citing *Doe v. Comm'r*, 97-1 USTC ¶ 50,460 (10th Cir. 1997). Furthermore, the Defendant's suggestion that each indirect partner of a partnership should join litigation to assert an affirmative defense that is properly determined at the partnership level is a request by the Defendant to give the United States a *carte blanche* to seek to collect taxes against taxpayers long after the statute of limitations has expired. To require every direct and indirect partner to join litigation at a partnership level would be so cumbersome and cost prohibitive that the United States would be in a position to use the threat of costly litigation to bully taxpayers into accepting tax liabilities not legally due.

[8] 2007 U.S. Tax. Ct. LEXIS 15 at *1 (2007).

[9] 2007 U.S. Tax Ct. LEXIS 16 at *1 (2007).

interprets the statute of limitations period for adjusting partnership items. Def. Resp. at 6-7. Nevertheless, the Defendant asks this Court to render the Federal Circuit's decision in *AD Global* meaningless. Defendant argues that so long as any statute of limitations on any year of any partner is open, the TEFRA rules permit the government to assess tax with respect to a partnership item determined for a year that is closed as to both the partnership and the partner.[10]

The Federal Circuit's decision in *AD Global*, properly read, requires that a partnership make a *prima facie* showing only that the statute of limitations under Section 6501, as extended by Section 6229, has expired with respect to the partnership and any partners for which the partnership or its TMP has the necessary information within its control. The burden should then shift to the United States to show that the Section 6501 statute of limitations is open with respect to any other direct or indirect partners of the partnership. Such a reading furthers the purpose of the TEFRA provisions, which underlies the holding of *AD Global*. Accordingly, the Plaintiff should be found to have met its burden in its Motion for Partial Summary Judgment, and the Defendant should not be allowed to undercut the very purpose of the TEFRA provisions.

## III. PLAINTIFF HAS PROPERLY MADE A PRIMA FACIE SHOWING THAT THE THREE-YEAR PERIOD OF LIMITATIONS HAD EXPIRED

Defendant's suggestion that the 36 FFIP partners join the litigation and be subject to unnecessary and burdensome discovery undercuts not only the TEFRA provisions, but serves as a method of harassing taxpayers who are not parties to the litigation. Courts consistently emphasize the need to protect confidential taxpayer information, citing the "public policy against unnecessary public disclosure . . . if the tax laws are to function properly [and] to encourage

[10] Both *G-5 v. Comm'r* and *Kligfeld Holdings v.Comm'r*, acknowledge that there is no statutory basis for keeping the statute open, but reason that there is nothing in the TEFRA rules to preclude it. 2007 U.S. Tax. Ct. LEXIS 15 at *1 (2007); 2007 U.S. Tax. Ct. LEXIS 16 at *1 (2007). The *Kligfeld* court acknowledges that its interpretation could lead to absurd results, but reasons that such potential results do not preclude its findings. 2007 U.S. Tax. Ct. LEXIS 16 at *1 (2007). In addition, the *Kligfeld* court acknowledged its ruling could lead to potential constitutional due process concerns, but chose not to address them. *Id.* at *29-30.

taxpayers to file complete and accurate returns." *Premium Serv. Corp. v. Sperry & Hutchison Co.*, 511 F.2d 225, 229 (9th Cir. 1975).

Instead of acting to protect the private tax information of the Plaintiff's partners, Defendant actively seeks its disclosure even though the information is readily available from the government's own records.[11] Defendant wrongly asserts that the Plaintiff's Motion was not supported by the DiBiase Declaration. As stated in his Declaration, Mr. DiBiase has personal knowledge that both RRF's and FFIP's tax returns were filed more than three years prior to the date of the 2000 FPAA. DiBiase Decl. ¶¶ 3, 5. As the Defendant acknowledges in its Response, the Plaintiff has the initial burden of establishing a *prima facie* case that the three-year limitation period has expired. Def. Resp. 22, *citing Hoffman v. Comm'r*, 119 T.C. 140, 146 (2002). Plaintiff's Motion makes an adequate *prima facie* showing that the statute of limitations under Sections 6501 and 6229 had expired, based on all the information to which the Plaintiff has a right to control or have access. The Defendant claims that Plaintiff's Motion is insufficient while *all* the information that is necessary to determine the Plaintiff's Motion is within the Defendant's control. The Plaintiff took all actions reasonably within its control to obtain the facts and to assist the Defendant in its search of its own records. This was done as a courtesy, but was in no way an admission that the provision of confidential information regarding its indirect partners was or is required.

The Defendant asks this Court to require taxpayers to do the impossible to assert an affirmative defense. This is an improper reading of the Federal Circuit's decision in *AD Global*. The decision in *AD Global* was not intended to undermine the ability of partnerships to assert a statute of limitations defense, but instead meant to clarify how the statute of limitations for a

[11] Even if the information was provided by each of the Plaintiff's partners, the government would need to verify that information through government records.

partnership is determined. However, *AD Global* did not address how the burden for determining the statute of limitations should be maintained. An appropriate distribution of the burden is to require taxpayers and the government to prove (or disprove) those elements of the statute of limitations that are within their specific control.

Because the Defendant's Response is clear that it would seek to have personal tax information of nonparties to the litigation released, Plaintiff is filing contemporaneously with this Response a Motion for a Protective Order. Such a protective order is particularly important in this case in light of both the inflammatory language used by the Defendant in its response, which includes describing this matter as involving an "abusive tax shelter" despite its further statement that it has not even reviewed the underlying transaction and the admonition of the General Counsel of the Treasury Department (2001-2004), David Aufhauser, that "no taxpayer should be gratuitously humiliated in court proceedings." *See* David Aufhauser, Gen. Counsel, U.S. Treasury Dep't, Letter to the Editor, Wall St. J. (Wash. D.C.), July 22, 2002, at A15.

## IV. THE DEFENDANT NEEDS NO ADDITIONAL TIME

As is evidenced by the attachment of RRF's 2001 federal tax return and Defendant's indication that it has in its possession FFIP's 2001 partnership return, in addition to the Declaration of Bart D. Jeffress ("Jeffress Declaration") in Support of its Opposition to Plaintiff's Motion for Summary Judgment for the 2001 Tax Year (the "2001 Motion"), the Defendant has shown its ready access to the information currently at issue in this action.[12] Def.'s Prop. Finding

[12] Although the Defendant received many documents from RRF as a result of its audit, it attaches a copy of the tax return actually received by the IRS for the tax year ending on December 31, 2001, belying its argument in this action that it has no access to the answers for questions including "[w]ho are the FFIP partners?". Indeed, in its Proposed Findings of Uncontroverted Fact for the 2001 Tax Year, the Defendant refers to FFIP's 2001 return, stating that FFIP reported 33 total partners, at least 16 of which were individuals or corporations, and that for all but five of its partners, FFIP reported a share of nonrecourse partnership liability. The Defendant goes on to state: "[t]o avoid potential disclosure issues relating to the identities of the partners, defendant is not including FFIP's 2001 partnership return as an exhibit herein," seemingly without recognizing the inconsistency between this and the

¶ 4; Jeffress Decl. Plaintiff already provided sufficient information more than two months ago to the government to assist its search of records in response to the Plaintiff's Motion, and Defendant already has the answers to the first four "factual questions" it posed in its Response within its custody or control. In spite of its ready access to the information that it seeks, Defendant did not contradict any facts in the DiBiase Declaration. However, if this Court is inclined to grant the Defendant's request pursuant to RCFC 56(f) for additional time to complete discovery, it should limit such additional time to a reasonable length permitting it to search its own records which, in any event, should not be greater than one or two months.[13]

---

position it takes in its Response in the instant action. Defendant's Proposed Findings of Uncontroverted Fact with Respect to Plaintiff's Motion for Summary Judgment For The 2001 Tax Year, Docket No. 06-031T, July 6, 2007.

[13] For the reasons described in the Response, if the Defendant is allowed to engage in additional discovery relating to the direct and indirect partners of FFIP, the Plaintiff requests that the Court also grant Plaintiff's Motion for an appropriate protective order preventing the Defendant from publicly disclosing the identities of the partners of FFIP.

## CONCLUSION

For all the foregoing reasons as requested in Plaintiff's moving papers, the Court should enter partial summary judgment in favor of Plaintiff and order that the 2000 FPAA is invalid insofar as it seeks to adjust partnership items with respect to partners for whom the statute of limitations is closed under Section 6501, as extended by Section 6229.

Respectfully submitted,

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS,
L.L.C., Tax Matters Partner.

By its attorneys,

/s/ Loretta R. Richard

Dated: July 19, 2007

Loretta R. Richard
Kathleen S. Gregor
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

B. John Williams, Jr.
Alan J.J. Swirski
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
(202) 371-7000