**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | Case No. 06-0030-EGB |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION FOR PROTECTIVE ORDER**

**PRELIMINARY STATEMENT**

Pursuant to Rule 26(c) of the Rules of the Court of Federal Claims ("RCFC"),[1] Plaintiff Russian Recovery Advisors, as Tax Matters Partner for Russian Recovery Fund ("RRF"), respectfully submits this Memorandum in Support of its Motion for Protective Order.[2]

Defendant has requested this Court to permit it a year of discovery of tax information from non-parties. Defendant needs neither the requested time nor the third-party discovery to obtain the information it says it needs. Defendant already has in its official records all of the information that Defendant says that it needs to respond to the Plaintiff's Motion for Partial

[1] "Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following [in relevant part]: (1) that the disclosure or discovery not be had; [or] . . . (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; . . . ." RFCF 26(c).

[2] Pursuant to an Order dated May 11, 2007, this Court consolidated Case No. 06-035-EGB, which is identical in all respects to the present case except with respect to the name of the tax matters partner, under Case No. 06-030-EGB. This memorandum applies equally to Case No. 06-030-EGB and Case No. 06-035-EGB.

Summary Judgment. The identities of the FFIP, LP ("FFIP") partners, information relating to the allocation and amount of RRF's loss, copies of the FFIP partners' federal income tax returns, and a copy of any signed IRS Form 872s (extending the statute of limitations) are all found officially only in one place—in the records possessed and controlled by the Internal Revenue Service ("IRS").

Defendant seeks to act in contravention of this Court's instructive comment in *Barlow v. United States.*[3] In contrast to this case, the Defendant in *Barlow* sought mental health records, not from the plaintiff or a third party, but properly from Defendant's own agency that possessed the records. As this Court noted,

> The records at issue were not the subject of any request for production by the defendant, *nor, properly, could they have been, because one agency of the government is already in possession.*[4]

However, in this case, Defendant ignores the sole repository of its own official information, the IRS, and instead seeks the information already in its possession from as many as 36 nonparties. This willful disregard of its own records violates the standards of RCFC 26(b)(2)[5] and (c).

The Court should grant Plaintiff's Motion for a Protective Order because Defendant's proposed discovery is unnecessary, unduly inconvenient, unduly burdensome, and more

---

[3] *Barlow v. United States*, No. 98-887X, 2000 U.S. Claims LEXIS 156 at *30-31 (Fed. Cl., July 18, 2000).

[4] *Id.* at *30.

[5] "The frequency or extent of the use of the discovery methods otherwise permitted under these rules shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; . . . or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act . . . pursuant to a motion under RCFC 26(c)." RCFC 26(b)(2).

expensive than necessary.[6] On July 2, 2007, Defendant, in its Response to Plaintiff's Motion for Partial Summary Judgment for the 2000 Tax Year ("Defendant's Response"), requested discovery on the following issues: the identities of 3rd and 4th tier partners of RRF, copies of IRS Form 1040s (which would show, among other things, when losses were taken), and whether the IRS entered into an agreement with the taxpayers to extend the statute of limitations. Far more easily than asking nonparty taxpayers to open their personal tax information to the public, Defendant could simply search its own records. The Defendant demonstrated its ability to do so in its Proposed Findings of Uncontroverted Fact with Respect to Plaintiff's Motion for Summary Judgment for the 2001 Tax Year when it cited information from the 2001 tax return of FFIP, L.P. ("FFIP"), a partner in RRF, that Defendant had obtained from the IRS.[7] Instead, the Defendant seeks to obtain this information and conduct extensive discovery from taxpayers who are not proper parties to the proceeding under 26 U.S.C. § 6226(d)(1)(B).

Defendant's Response suggests that it intends to publicize the identities and other tax information of the FFIP partners. Def.'s Response at 11. This maneuver violates the strong Congressional policy in protecting the privacy of taxpayer return information and the directives of the General Counsel of the United States Department of the Treasury in 2002 and the Chief Counsel for the Internal Revenue Service in 2005.

Accordingly, Plaintiff asks this Court to issue a Protective Order to require Defendant to avoid unduly burdensome discovery and public disclosure of partners' identities.

## ARGUMENT

"All discovery is subject to the limitations imposed by" RCFC 26(b)(2), which provides in relevant part that discovery "shall be limited by the court if it determines that . . . the discovery

---

[6] RCFC 26(b)(2), 26(c).

[7] Def.'s Proposed Findings of Fact ¶ 3.

sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."[8] When a discovery request raises such concerns, the Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." RCFC 26(c).

### I. The information Defendant seeks is obtainable from some other source that is more convenient, less burdensome, and less expensive.

Defendant's request for discovery has no sound basis because it is the most inconvenient, burdensome, and expensive manner of obtaining the information. Defendant argues that the best solution "may be" to require 36 partners of FFIP, itself a partner of RRF, to join this litigation to determine whether the statute of limitations has expired with respect to issues at the RRF partnership level. Defendant holds this ground despite the fact that the information necessary to determine the statute of limitations issue is maintained by the United States *in its own records*. Such an absurd suggestion not only contravenes this Court's Rules, but it also undermines the entire purpose of the unified partnership "TEFRA"[9] provisions of the Code to streamline and simplify partnership proceedings.[10] If Defendant has its way, the Court will be forced to deal with an additional 36 parties, 36 attorneys, and 36 sets of each discovery request when the information can be easily obtained by asking one convenient, readily available and inexpensive source – the IRS.

[8] RCFC 26(b)(1)-(2).

[9] The Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA") provisions of the Internal Revenue Code are contained in Sections 6221 through 6234.

[10] "The tax treatment of items of partnership income, loss, deductions, and credits will be determined at the partnership level in a unified partnership proceeding rather than in separate proceedings with the partners." Committee Report, Tax Equity and Fiscal Responsibility Act of 1982, H. Conf. Rep. No. 97-760, at 600.

## II. The Court needs to protect nonparties from annoyance, oppression, and undue burden and expense.

Defendant has suggested it intends to publicize the names and identifying information of the direct and indirect partners of FFIP, who are not parties to this action.[11] Defendant's papers claim that Defendant has not had sufficient time to review the underlying transaction, yet without hesitation label it as an "abusive tax shelter", despite the absence of any such allegation by the IRS in the 2000 Final Partnership Administrative Adjustment ("2000 FPAA").[12] When asked to stipulate to certain facts underlying Plaintiff's Motion for Partial Summary Judgment, Defendant's counsel refused, summarily stating that the Department of Justice does not stipulate to matters relating to "tax shelters."

Threatening disclosure of confidential information leaves the impression that Defendant is attempting to squeeze taxpayers into accepting tax liabilities not legally due. This coercive tactic of public disclosure of nonparties was expressly disavowed by both the U.S. Treasury Department and the IRS.[13] The General Counsel of the Treasury Department, David Aufhauser, noted that "no taxpayer should be 'gratuitously humiliated' in court proceedings."[14]

Defendant's request to disclose confidential nonparty tax returns clashes with the well established public policy protecting third party confidential information from public disclosure. Congress sought to protect as confidential the tax returns of third parties when it enacted the provisions of Section 6103 of the Code, which prohibit the IRS from disclosing such information except in very limited circumstances.

---

[11] Def.'s Response at 11.
[12] *Id.*
[13] *See* David Aufhauser, Gen. Counsel, U.S. Treasury Dep't, Letter to the Editor, Wall St. J. (Wash. D.C.), July 22, 2002, at A15.
[14] *Id*.

This Court has emphasized that, in the absence of a privilege, protective orders are critical to protect nonparties. This Court has, in the past, granted similar protective orders where necessary to protect the names and identifying information of nonparties to the litigation. In *Jade Trading, LLC v. United States*,[15] the Court authorized a protective order as a precaution "to protect the confidential taxpayer material at issue and to prevent prejudice" to nonparties. Using language that bears directly on this motion, the Ninth Circuit in *Premium Serv. Corp. v. Sperry & Hutchinson Co.*,[16] explained that the "public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns."

The IRS instructs its employees to strike a fair and reasonable balance between the need for third party tax information and the degree of intrusiveness on that third party taxpayer's privacy, suggesting other methods of proof that do not require disclosure of third party tax information.[17] Specifically, "public identification of specific taxpayers should be avoided."[18] Defendant, apparently, not only disregards IRS records it also disregards the agency's articulation of standards of conduct for protecting taxpayer information.

[15] 65 Fed. Cl. 443, 447 (Fed. Cl. 2005).
[16] 511 F.2d 225, 229 (9th Cir. 1975).
[17] IRS Chief Counsel Memorandum, CC-2006-003 (Oct. 25, 2005).
[18] *Id.*

**CONCLUSION**

For all the foregoing reasons, Plaintiff requests that the Court enter a Protective Order, the proposed form of which is attached to the accompanying Motion, barring the document requests described by Defendant United States in Defendant's Response, and barring Defendant from publicly disclosing the identities of the direct or indirect partners of RRF to either the public or in court documents.

Respectfully submitted,

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS,
L.L.C., Tax Matters Partner.

By its attorneys,

Dated: July 19, 2007

/s/ Loretta R. Richard

Loretta R. Richard
Kathleen S. Gregor
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

B. John Williams, Jr.
Alan J.J. Swirski
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
(202) 371-7000