IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-30 T
(Senior Judge Eric G. Bruggink)

RUSSIAN RECOVERY FUND LIMITED, by and through RUSSIAN RECOVERY ADVISORS, LLC, Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**RESPONSE BY THE UNITED STATES TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

In response to a motion by the United States, pursuant to RCFC 56(f), for refusal of plaintiff's motion for partial summary judgment or a continuance in order to conduct discovery, plaintiff has filed a motion for protective order. Plaintiff requests a protective order (1) barring the United States from seeking discovery from plaintiff or any of the partners in FFIP until the United States demonstrates that it is unable to obtain the information from the records of the Internal Revenue Service; and (2) precluding the United States from publicizing in this proceeding the names and identifying information of the partners in FFIP. Plaintiff's motion should be denied because it is premature and baseless.

### A. Plaintiff's Motion Is Premature Because the United States Has Not Served A Discovery Request, and Is Otherwise Baseless.

RCFC 26(c) provides that a motion for protective order may be made by a "party or by the person *from whom discovery is sought* . . . ." (emphasis added.) The United States has moved, pursuant to RCFC 56(f), for an *opportunity* to conduct discovery in order to respond to the factual allegations in plaintiff's motion for partial summary judgment.[1] But, the United States has not yet served discovery because the RCFC 56(f) motion has not been decided. Plaintiff acknowledges that the United States has not served discovery by asking the Court to enter a protective order "barring the United States *from serving discovery* in this action on the Plaintiff or any of its direct or indirect partners . . . ."[2] Because plaintiff has filed its motion prematurely, it is forced to speculate about the discovery that the United States may serve. The Court cannot rule on a motion for protective order based only on the speculation of a party who may be served with currently unknown discovery requests sometime in the future.

Plaintiff argues that it needs protection from the speculative future discovery requests that may be served by the United States on the ground that "the information necessary to determine the statute of limitations issue is maintained by the United States in its own records."[3] While the United States is not obligated to defend the propriety of discovery requests not yet served, we note (prophylactically) that some of the necessary information may be obtained more conveniently from plaintiff or the FFIP partners, and some may *not* be maintained in the records

---

[1]Response by the United States to Plaintiff's Motion for Partial Summary Judgment at p. 19 [Docket No. 23].

[2]Plaintiff's Motion for Protective Order at p. 1 [Docket No. 26] (emphasis added).

[3]Plaintiff's Mem. in Support of Motion for Protective Order at p. 4 [Docket No. 27].

of the United States at all.

For example, it is necessary to determine the tax years(s) in which each FFIP partner reported losses flowing from the transaction that is the subject of the adjustment in the 2000 FPAA.[4] The United States would seek to obtain this information from plaintiff or the FFIP partners directly because it would be extremely burdensome for the United States to obtain the information by other means. The transaction at issue was done in 2000, but some portion of the tax benefits purportedly generated by the transaction may have been reported by the 36 FFIP partners in the years 2000 through 2006. In order to determine whether any of the tax benefits purportedly generated by the 2000 transaction were carried forward to subsequent years, counsel for the United States would be required to review the income tax returns filed by all 36 partners for seven years (assuming all of the tax returns could be located by the Internal Revenue Service and the reporting of the transaction is sufficiently clear to permit identification). This would be an extremely burdensome task. A far more convenient approach would be to seek the required information from plaintiff or the partners directly.

In addition, the United States will need to conduct discovery on the underlying transaction that is the subject of the adjustment in the 2000 FPAA in order to address the six-year statute of limitations issue.[5] The United States was not a party to the transaction, and thus

[4]Declaration of Robert J. Higgins at ¶ 13(b) [Docket No. 23, Attachment #2]. Plaintiff disputes the relevance of this information in its Memorandum in Reply to Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment [Docket No. 25]. For reasons explained in the response by the United States to plaintiff's motion for partial summary judgment [Docket No. 23], and in the surreply brief being filed by the United States by leave of the Court, plaintiff is wrong.

[5]Declaration of Robert J. Higgins at ¶¶ 14, 15 [Docket No. 23, Attachment #2]. Plaintiff has argued that the six-year provisions in §§ 6501(e)(1)(A) and 6229(c)(2) cannot apply in this

does not have the relevant information in its records (other than information that may already have been provided to the Internal Revenue Service). Clearly, the United States will need to discover information and documents from those who participated in, benefitted from, planned, and otherwise have knowledge about the underlying transaction.

In addition, plaintiff asserts that the United States "has suggested it intends to publicize the names and identifying information of the direct and indirect partners of FFIP, who are not parties to this action."[6] Plaintiff is incorrect. The portion of the United States' response brief cited by plaintiff observes only that *plaintiff* is not prevented from disclosing the FFIP partners' identities or tax returns.[7] The United States did not state (or even suggest) that it intends to publicize the names or other identifying information of the partners. In fact, the United States will redact certain identifying information (such as Social Security numbers, addresses, names of minor children, etc.) in the process of addressing the statute of limitations issue in this proceeding, as is required by the Court.[8] In addition, the United States may voluntarily omit and/or redact the partners' names even though it is not required to protect the identities of taxpayers who are treated as parties to this proceeding – that is, partners against whom tax

---

case in its Memorandum in Reply to Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment [Docket No. 25]. For reasons explained in the surreply brief being filed by the United States by leave of the Court, plaintiff is wrong.

[6]Plaintiff's Mem. in Support of Motion for Protective Order at p. 5 [Docket No. 27].

[7]Response by the United States to Plaintiff's Motion for Partial Summary Judgment at p. 11 [Docket No. 23].

[8]*See* United States Court of Federal Claims General Order No. 42A at ¶¶ 24-25 (requiring electronic filing users to not include sensitive information, including social security numbers, names of minor children, dates of birth, and financial account numbers, in any ECF filing unless such inclusion is necessary and relevant to the case).

attributable to partnership items may be assessed.[9] Neither of the decisions cited by plaintiff would compel such protection.[10]

**B. Plaintiff Inaccurately Asserts That the FFIP Partners Are Not Parties, and Inaccurately Suggests That the United States Has the Burden of Obtaining Certain Information.**

Plaintiff asserts that the United States has requested a continuance in order to seek discovery from the 36 partners in FFIP, whom plaintiff characterizes as "non-parties" to this litigation.[11] Plaintiff's characterization of the partners as "non-parties" at this stage in the proceedings is not accurate.

According to plaintiff, RRF allocated all net Section 988 losses of $46,424,782 entirely to FFIP, a partnership that was purportedly a partner in RRF in 2000.[12] According to plaintiff, the 36 partners in FFIP are the taxpayers who ultimately received the Section 988 losses generated by RRF.[13] After a petition has been filed with respect to a partnership for a partnership taxable year under either § 6226(a) or § 6226(b), each person who was a partner

---

[9]The United States demonstrated its caution regarding disclosure of taxpayer information in the proposed findings of uncontroverted fact submitted with its response to plaintiff's motion for summary judgment for the 2001 tax year by omitting the FFIP partnership return as an exhibit. (Case No. 06-31 T, Docket No. 19).

[10]In fact, in *Jade Trading, LLC et al. v. United States*, 65 Fed. Cl. 443, 444 n.3 (2005), the partners-taxpayers (*i.e.* the real parties in interest) are identified by name. The court issued a protective order limited to preventing disclosure of nonparty taxpayer information that the government intended to use as "pattern evidence." *Id*. at 447.

[11]Plaintiff's Mem. in Support of Motion for Protective Order at p. 1 [Docket No. 27].

[12]Plaintiff's Mem. in Support of Motion for Partial Summary Judgment at p. 3 [Docket No. 15].

[13]Plaintiff's Proposed Findings (in support of Motion for Partial Summary Judgment) ¶ 12 [Docket No. 16].

during such year is treated as a party to the action and the court having jurisdiction shall allow each such person to elect to participate in the action pursuant to § 6226(c). If, however, the statute of limitations for assessment expired for a partner, then that partner is not treated as a party according to

§ 6226(d)(1)(B). A partner who contends that the statute of limitations had expired is permitted to participate in this action, pursuant to § 6226(d)(1), "solely for the purpose of asserting" the statute of limitations defense.

Thus, based on plaintiff's own assertions, the 36 partners in FFIP are treated as parties to this proceeding unless it is established that the statute of limitations for assessment expired for all relevant tax years. The partners are not rendered "non-parties" simply because plaintiff has asserted (without competent evidence in support) that the statute of limitations expired. Plaintiff, or the partners if they elect to participate in this proceeding, has the burden of proving the bar of the statute of limitations. If this burden is satisfied with respect to any of the FFIP partners – which it has not been, to date – then those partners would no longer be treated as parties to this proceeding.

In addition, plaintiff suggests that the United States has the burden of obtaining and presenting to the Court the identities of the relevant taxpayers, copies of their relevant tax returns, and copies of any relevant extension agreements.[14] Plaintiff is wrong. As we explained in our response to plaintiff's motion for partial summary judgment, in order to establish a *prima facie* case that the three-year statute of limitations in § 6501(a) had expired as of the date the IRS issued the 2000 FPAA, plaintiff has the burden of proving: (1) the filing dates of the partners'

[14]Plaintiff's Mem. in Support of Motion for Protective Order at pp. 1-3 [Docket No. 27].

tax returns; and (2) that the IRS assessed the relevant amounts after the expiration dates of the three-year period.[15] Plaintiff is required to prove these facts by competent evidence.[16]

The only apparent efforts plaintiff made to obtain the evidence necessary to support its motion for partial summary judgment were to send a letter to the IRS two days before filing its motion, and to ask James DiBiase to conduct a survey of the FFIP partners.[17] Plaintiff's efforts were, in turn, inappropriate and futile. Plaintiff's letter to the Internal Revenue Service was inappropriate because the Department of Justice, not the Internal Revenue Service, has jurisdiction over this matter.[18] Mr. DiBiase's survey of the partners was futile because the survey results related in his declaration are not competent evidence.[19] Plaintiff can request the evidence necessary to prove the *prima facie* elements of the statute of limitation defense quite simply by means of available discovery methods. For example, plaintiff can request the filed

---

[15]Response by the United States to Plaintiff's Motion for Partial Summary Judgment at p. 22 [Docket No. 23]. If plaintiff establishes a *prima facie* case that the three-year limitation period has expired, the United States has the burden of establishing that either the partner or, in the alternative, the partnership substantially omitted from their 2000 returns an item of income within the meaning of § 6501(e)(1)(A) as to the partner, or in the alternative, § 6229(c)(2) as to the partnership. *Hoffman v. Commissioner*, 119 T.C. 140, 146-147 (2002); *Adler v. Commissioner*, 85 T.C. 535, 540 (1985); *In re G-I Holdings, Inc.*, Civ. No. 02-3082, 2006 WL 2595264 at *4 (D. N.J. 2006). Once the United States makes this showing, the burden of proof shifts back to the plaintiff to establish that the partners' 2000 Forms 1040 adequately disclosed the transaction at issue. § 6501(e)(1)(A)(ii); *In re G-I Holdings, Inc.*, 2006 WL 2595264 at *4.

[16]RCFC 56(e).

[17]*See* Plaintiff's Mem. in Support of Motion for Partial Summary Judgment at p. 4, n.2 [Docket No. 15]; Declaration of James DiBiase [Docket No. 17].

[18]*See Computervision Corp. v. United States*, 445 F.3d 1355, 1372 (Fed. Cir. 2006) (stating that jurisdiction transfers from the IRS to the Department of Justice after suit is filed).

[19]Response by the United States to Plaintiff's Motion for Partial Summary Judgment at pp. 12-16 [Docket No. 23].

copies of the partners' relevant tax returns and extension agreements simply by serving a document production request on the United States pursuant to RCFC 34.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for protective order should be denied.

Respectfully submitted,

s/ Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
(202) 307-6580

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
GROVER HARTT, III
Senior Litigation Counsel
BART D. JEFFRESS
Trial Attorney
JENNIFER P. WILSON
Trial Attorney

s/ Gover Hartt, III
Of Counsel

August 6, 2007