IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-30 T
(Senior Judge Eric G. Bruggink)

RUSSIAN RECOVERY FUND LIMITED, by and through RUSSIAN RECOVERY ADVISORS, LLC, Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**SURREPLY BY THE UNITED STATES TO PLAINTIFF'S REPLY TO THE RESPONSE BY THE UNITED STATES TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR THE 2000 TAX YEAR**

Plaintiff argues that (1) it has established a *prima facie* case that the three-year statute of limitations in § 6501(a) expired as of the date the 2000 FPAA was issued; (2) the IRS cannot adjust a partnership item with respect to partners whose statute of limitations were closed in the transaction year even if they carried forward losses to years in which their statute of limitations is open; and (3) the six-year provisions in §§ 6501(e)(1)(A) and 6229(c)(2) cannot apply to extend the period within which the IRS may assess tax with respect to the FFIP partners.[1]

[1]Plaintiff raises other, ancillary arguments in its Memorandum in Reply to Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment for the 2000 Tax Year. [Docket No. 25.] Some of these arguments are duplicated in plaintiff's Motion for Protective Order [Docket No. 26], and the United States has responded separately to those arguments. The United States intends to respond to any remaining arguments during the oral argument that the Court has calendared on October 2, 2007 [Docket No. 28], to the extent necessary. The United States does

Plaintiff's arguments are wrong.

### A. Plaintiff Has Not Made a *Prima Facie* Showing That the Three-Year Period of Limitations in § 6501(a) Had Expired for Any Partner as of the Date the FPAA Was Issued.

The bar of the statute of limitations is an affirmative defense and, having raised this defense, plaintiff has the burden of proving it.[2] In order to establish a *prima facie* case that the three-year limitation period has expired, plaintiff must prove (1) the filing date of the relevant tax returns; and (2) that the IRS assessed the relevant amounts after the expiration date of the three-year period.[3] In moving for summary judgment on the statute of limitations affirmative defense, plaintiff must prove these *prima facie* elements by competent evidence.[4]

Plaintiff wrongly asserts that it made an "adequate *prima facie* showing" that the three-year period of limitation had expired for at least 35 of 36 partners in FFIP as of the date the FPAA was issued.[5] In fact, all of the factual information relied upon by plaintiff in support of its motion for partial summary judgment is related in the Declaration of James DiBiase, which does not comply with any of the requirements of RCFC 56(e).

With respect to the numerous deficiencies in the DiBiase Declaration identified by the United States, plaintiff's only response is that "Mr. DiBiase has personal knowledge that both

---

not concede any issue not addressed in this surreply brief.

[2] *Hoffman v. Commissioner*, 119 T.C. 140, 146 (2002); *Adler v. Commissioner*, 85 T.C. 535, 540 (1985); *In re G-I Holdings, Inc.*, Civ. No. 02-3082, 2006 WL 2595264 at *4 (D. N.J. 2006); RCFC 8(c).

[3] *Hoffman*, 119 T.C. at 146.

[4] RCFC 56(e).

[5] Plaintiff's Mem. in Reply to Defendant's Opp. To Plaintiff's Motion for Partial Summary Judgment at pp. 1, 10 [Docket No. 25].

RRF's and FFIP's tax returns were filed more than three years prior to the date of the 2000 FPAA."[6] Plaintiff's response ignores DiBiase's statement that he makes his declaration *not* on the basis of "personal knowledge," but rather "to the best of my knowledge and belief."[7] Moreover, plaintiff has failed to address the other fundamental failings in the DiBiase Declaration, including:

- DiBiase admittedly lacks personal knowledge with respect to the key facts at issue – the tax reporting of the partners in FFIP.
- DiBiase's statement about the partners' answers to his questionnaire, which is the primary basis for plaintiff's motion, is inadmissible hearsay.
- Based on his own statements, DiBiase is not competent to testify as to the filing dates of the FFIP partners' 2000 tax returns.
- The accuracy of the information related by DiBiase is called into question by his own statements.[8]

Plaintiff attempts to excuse its failure to support its motion with competent evidence by asserting that it "took all actions reasonably within its control to obtain the facts and to assist the Defendant in its search of its own records."[9] Other than asking DiBiase to conduct a survey of the FFIP partners (which resulted in inadmissible evidence), plaintiff's efforts were limited to sending a letter to the IRS two days before filing its motion for partial summary judgment.[10] It

---

[6]Plaintiff's Mem. in Reply to Defendant's Opp. To Plaintiff's Motion for Partial Summary Judgment at p. 10 [Docket No. 25].

[7]DiBiase Decl. ¶ 1 [Docket No. 17.]

[8]Response by the United States to Plaintiff's Motion for Partial Summary Judgment at pp. 13-16 [Docket No. 23].

[9]Plaintiff's Mem. in Reply to Defendant's Opp. To Plaintiff's Motion for Partial Summary Judgment at p. 10 [Docket No. 25].

[10]Plaintiff's Mem. in Support of Motion for Partial Summary Judgment at p. 4, n. 2 [Docket No. 15].

was inappropriate for plaintiff to have contacted the IRS after it filed suit because jurisdiction transferred from the IRS to the Department of Justice upon commencement of this suit.[11] The appropriate discovery method would be to request the information and documents from the partners in FFIP directly, and then, to the extent the information or documents are not available, serve a discovery request upon the United States. These options have been and continue to be available to plaintiff to procure the evidence required to support its motion.

In sum, the declaration plaintiff relies upon is defective in every possible way, and should not be considered by the Court. If, at some time in the future, plaintiff is able to establish by competent evidence a *prima facie* case that the three-year period of limitations had expired for any partner as of the date the 2000 FPAA was issued, then the burden of proof will shift to the United States. But the burden has not shifted because plaintiff has failed to establish a *prima facie* case by competent evidence.

**B. The Determination Whether the Partners in FFIP Carried Forward Any Purported Tax Benefits Generated by the Transaction in 2000 to Tax Years Subsequent to 2000 Is Relevant to the Statute of Limitations Inquiry.**

Plaintiff argues that the “IRS does not have the authority to adjust a partnership item with respect to the partners whose statute of limitation for 2000 were already closed when the 2000 FPAA was issued” even if some of the losses generated by the year 2000 transaction were carried forward by the partners to future years.[12] In making this argument, plaintiff is confusing the terms “adjust” and “assess.” This Court has jurisdiction in this TEFRA partnership

---

[11] *See Computervision Corp. v. United States*, 445 F.3d 1355, 1372 (Fed. Cir. 2006) (stating that jurisdiction transfers from the IRS to the Department of Justice after suit is filed).

[12] Plaintiff’s Mem. in Reply to Defendant’s Opp. To Plaintiff’s Motion for Partial Summary Judgment at p. 8 [Docket No. 25].

proceeding to determine, *inter alia*, adjustments with respect to all partnership items for the taxable year to which the FPAA relates.[13] After the Court makes a determination on *adjustments* at the partnership level, the IRS may *assess* a tax liability flowing from the adjustments to partnership items for the partners in any year open under the statute of limitations.[14] By plaintiff's own admission, the statute of limitations for assessment may have been open for one partner on the date the FPAA was issued. At a minimum, then, the IRS can make an assessment of income tax for that partner attributable to the partnership items at issue in this proceeding, and the proceeding must go forward in any event.

In addition, if plaintiff's argument is that no assessment can be made in subsequent tax years if the transaction year statute of limitations is closed, then its argument is contrary to several Court of Federal Claims and Tax Court decisions addressing exactly this issue.[15]

For example, in *J & J Fernandez Ventures, L.P. v. United States*, a Court of Federal

[13]26 U.S.C. § 6226(f).

[14]*G-5 Investment Partnership v. Commissioner*, 128 T.C. No. 15 at *3, 2007 WL 1556280 (2007).

[15]*J & J Fernandez Ventures, L.P. v. United States*, 99 A.F.T.R.2d 2007-2661 at *2007-2662 (April 3, 2007) (holding that the IRS is not barred from re-calculating partnership items from closed years for purposes of assessing taxes in open years); *Grapevine Imports, Ltd. v. United States*, – Fed. Cl. –, 2007 WL 2049394 (July 17, 2007) (holding that the fact that assessment was barred by the statute of limitations for the transaction year does not mean that assessment is barred in subsequent years in which purported tax benefits were reported); *G-5 Investment Partnership*, 128 T.C. No. 15 at *4 (concluding that "after the Court's decision in this TEFRA partnership proceeding becomes final, [the IRS] may assess a tax liability for a year open under the period of limitations, even though the underlying partnership item adjustments are attributable to transactions that were completed in a year for which assessments of the partners' tax is barred because of the expiration of the period of limitations"); *Kligfeld Holdings v. Commissioner*, 128 T.C. No. 16 at *7-8, 2007 WL 1556083 (2007) (concluding that the IRS is permitted to adjust partnership items in a closed tax year and then make assessments of tax attributable to the partnership items in an open tax year).

Claims decision, the merits of the case "ultimately hinge on the proper tax treatment of a complex series of transactions that took place in 1999" and established the tax basis for shares of stock ultimately sold by the plaintiffs in 2000 through 2003.[16] The IRS did not propose assessing taxes for 1999 because there were no taxable transactions in that year, but it considered information about transactions in 1999 and re-characterized those transactions in order to assess taxes in 2000 through 2003.[17] The plaintiffs argued that in order to determine the timeliness of the assessments, the Court must consider the filing date of the return for the year in which the transactions occurred since "the crux" of the 2000-2003 FPAAs is the re-characterization of transactions that took place in 1999, and "the FPAAs are really for the 1999 tax year and are out of time."[18] The Court rejected the plaintiff's argument, and held that the "IRS is not barred from re-calculating items from closed years for purposes of assessing taxes in open years."[19] In reaching this holding, the court relied upon precedent from the non-partnership context, *Barenholtz v. United States,*[20] in which the Federal Circuit stated: "It is well settled that the IRS and the courts may recompute taxable income in a closed year in order to determine tax liability in an open year."[21] The court concluded that the well-settled *Barenholtz* rule applies in the

---

[16]99 A.F.T.R.2d 2007-2661 at *2007-2661-2662.

[17]*Id*. at *2007-2666-2667.

[18]*Id*. at *2007-2666.

[19]*Id*. at *2007-2662.

[20]784 F.2d 375 (Fed. Cir. 1986).

[21]*J & J Fernandez,* 99 A.F.T.R.2d at *2007-2667 (quoting *Barenholtz,* 784 F.2d at 380-81).

TEFRA context.[22]

The Court of Federal Claims and Tax Court decisions cited in this section make clear that it is relevant to determine whether the partners in FFIP carried forward any purported tax benefits generated by the transaction in 2000 to years subsequent to 2000.[23] Moreover, if it is determined that any partner carried the purported tax benefits forward, these decisions also make clear that the IRS may make assessments in any tax years for which the statute of limitations remained open as of the date the 2000 FPAA was issued.

**C. It Is Premature to Discuss the Applicability of the Six-year Provisions, and in Any Event, the Determination Cannot Be Made Without Examining All of the Relevant Tax Returns.**

Plaintiff contends that because the 2000 FPAA seeks "only to deny a loss that was properly reported and disclosed on RRF's 2000 Form 1065 as well as the K-1 provided to FFIP," the six-year provisions in §§ 6501(e)(1)(A) and 6229(c)(2) "cannot apply to RRF."[24] The Court

---

[22]*Id*. at *2007-2667-2668.

[23]Plaintiff vaguely contends that this rule is somehow inconsistent with the decision in *AD Global Fund LLC v. United States*, 481 F.3d 1351 (Fed. Cir. 2007). Plaintiff's Mem. in Reply to Defendant's Opp. To Plaintiff's Motion for Partial Summary Judgment at p. 8 [Docket No. 25]. The holding in *AD Global* is that § 6229(a) creates a minimum period that may extend the regular statute of limitations for assessment of tax attributable to partnership items. 481 F.3d at 1354. The Court concluded that its interpretation of § 6229(a) was consistent with the overall statutory scheme in the Uniform Partnership Procedures of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), and specifically found that its interpretation "may extend the regular statute of limitations in § 6501(a) for assessments to individual partners, but it does not alter the statutory scheme of determining partnership items in one partnership-level proceeding." *Id*. at 1355. Likewise, pursuant to the decisions cited above, adjustments to partnership items will be made in this partnership proceeding and the "results will be applied uniformly to each partner for those open years." *J & J Fernandez,* 99 A.F.T.R. 2007-2661 at *2007-2670.

[24]Plaintiff's Mem. in Reply to Defendant's Opp. To Plaintiff's Motion for Partial Summary Judgment at pp. 4-5 [Docket No. 25].

should disregard plaintiff's argument at this stage in the proceedings because analysis of the applicability of the six-year provisions is premature until plaintiff has established that the three-year period of limitations in § 6501(a) had expired and would bar assessment. Moreover, the Court should disregard the argument because the relevant tax returns have not yet been provided. If the Court is called upon to determine the applicability of the six-year provisions, it will be required to examine all relevant partnership and partner tax returns in order to determine the applicability of the six-year provisions.[25]

If the Court does not deny plaintiff's motion, the United States will need to conduct discovery in order to respond to plaintiff's factual allegations regarding the statue of limitations defense. Accordingly, as an alternative position, the United States has moved, pursuant to RCFC 56(f), for a continuance in order to conduct discovery. In the portion of our response brief addressing this issue, we stated that the United States intends to conduct discovery to determine the applicability of the six-year statute of limitations in § 6501(e)(1)(A), or in the alternative, the six-year "minimum period" in § 6229(c)(2).[26] In addition, § 6229(c)(1) provides that the "minimum period" in § 6229(a) shall be extended to six years if "any partner has, with the intent to evade tax, signed or participated directly or indirectly in the preparation of a partnership return which includes a false or fraudulent item." If the Court grants the United States' motion to conduct discovery pursuant to RCFC 56(f), the United States intends to conduct discovery to determine the applicability of this six-year provision in addition to the "substantial omission" provisions in §§ 6501(e)(1)(A) and 6229(c)(2).

---

[25]*See* Response by the United States to Plaintiff's Motion for Partial Summary Judgment at pp. 20-22, 24 [Docket No. 23].

[26]*Id*. at p. 19.

**CONCLUSION**

For the foregoing reasons, in addition to those provided in the response by the United States to plaintiff's motion for partial summary judgment, the Court should deny plaintiff's motion for summary judgment. In the alternative, the Court should enter an order refusing the application for partial judgment or granting a continuance of one year so that the required discovery may be conducted.

Respectfully submitted,

s/ Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
(202) 307-6580

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
GROVER HARTT, III
Senior Litigation Counsel
BART D. JEFFRESS
Trial Attorney
JENNIFER P. WILSON
Trial Attorney

s/ Grover Hartt, III
Of Counsel

August 6, 2007