**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | Case No. 06-0030-EGB |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE**
**TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Rules of the Court of Federal Claims ("RCFC"), Plaintiff Russian Recovery Advisors, as Tax Matters Partner for Russian Recovery Fund ("RRF"),[1] respectfully submits this Memorandum in Reply to Defendant United States' Response to Plaintiff's Motion for Protective Order ("Response").

## ARGUMENT

### I. DEFENDANT CONCEDES THAT IT MIGHT DISCLOSE PRIVATE TAXPAYER INFORMATION WHILE SEEKING DISCOVERY FROM NONPARTIES DESPITE POSSESSING THE INFORMATION NECESSARY TO RESPOND TO PLAINTIFF'S MOTION

Defendant's Response more than proves why a protective order is necessary and appropriate here. Defendant candidly concedes that it might indeed disclose private taxpayer information, and Defendant agrees to redact only very limited information such as the Social Security numbers, addresses and names of minor children, as required by the Court's Rules.

[1] Pursuant to an Order dated May 11, 2007, this Court consolidated Case No. 06-035-EGB, which is identical in all respects to the present case except with respect to the name of the tax matters partner, under Case No. 06-030-EGB. This memorandum applies equally to Case No. 06-030-EGB and Case No. 06-035-EGB.

Def.'s Resp. at 4. When Congress passed section 6103,[2] it made abundantly clear its intent to protect taxpayer privacy in all appropriate cases. This is such a case. Deviation from that strong public policy is unwarranted where, as here, the government already has the information in its own files and need only exert modest effort to extract the information.[3]

Defendant's request for discovery from individual partners violates RCFC 26(b). Under RCFC 26(b), discovery is not appropriate where there is another source that is more convenient, less burdensome, or less expensive. RCFC 26(c) further provides that where justice requires, the court may issue a protective order to protect a person from undue burden and expense. Here, Defendant admits that it has the records, and that it has the means to obtain the information from those records necessary to respond to the Plaintiff's Motion for Partial Summary Judgment. Def.'s Resp. at 3. Defendant asks this Court to approve its choice not to review its own records for its own convenience. Ignoring the overwhelming burden and undue expense that it seeks to impose on 36 nonparties to this litigation, Defendant seeks tax returns, agreements with the Internal Revenue Service, and other information from each indirect partner (at the partner's own expense) that is already in the government's own files. Moreover, Defendant wants a license from this Court to go even further and conduct a full examination of the partners' returns, not only for 2000, but for future years, ignoring that it is the Commissioner of Internal Revenue, not the Attorney General, to whom Congress has delegated the authority to examine tax returns. 26 U.S.C § 7602(a) (authority to ascertain the correctness of any return, examine books and witnesses, require production of books); § 7602(b) (authority to inquire into any offense);

---

[2] 26 U.S.C. § 6103.

[3] This Court has explicitly stated that a discovery request by the government is not proper when an agency of the United States is already in possession of the relevant documents. *Barlow v. United States*, No. 98-887X, 2000 U.S. Claims LEXIS 156 at *30-31 (Fed. Cl., July 18, 2000).

§ 7803(a)(2)(A) ("administer, manage, conduct, direct, and supervise the execution and application of the internal revenue laws"). The overall burden of the government's approach and the potentially enormous expense involved far outweigh any benefit from the government's proposed course of action, and thus should be denied under RCFC 26(b).

Defendant asserts that the Court's consideration of the request for a protective order should be affected by either of two issues, each of which is wholly immaterial to this case: (1) whether any of the individual partners' losses, if any, were used in a later year, or (2) whether a six year statute of limitation could apply. The loss carryover issue is irrelevant because the issue regarding the timing of a loss deduction is an individual partner-level item, not a partnership item, and is therefore not properly determined in a partnership proceeding. *See* 26 U.S.C. § 6231. Moreover, the government already has the information regarding the losses in the individual partners' tax returns that were filed with the government and that Defendant admits it has in its possession. On the second issue, the Supreme Court has held that the six year statute of limitations does not apply to a claimed loss deduction.[4] Ignoring the Supreme Court, Defendant wrongly continues to argue that it needs a "super-audit" of the Plaintiff and its direct and indirect partners to see if the six year statute might apply. Defendant shows its blatant disregard for Plaintiff's partners' reputations by its baseless suggestion that Plaintiff or its partners omitted reporting more than 25% of their gross income. Defendant fails even to consult its own records prior to hurling such insults onto the public record. The Court should direct Defendant to respond to Plaintiff's Motion for Partial Summary Judgment for the 2000 Tax Year by examining the records that are already in its possession.

[4] *Colony, Inc. v. United States,* 357 U.S. 28 (1958).

## II. PLAINTIFF'S INDIRECT PARTNERS ARE NOT PARTIES TO THE LITIGATION UNDER SECTION 6226(d)

Contrary to explicit statutory provisions, Defendant wrongly asserts that the indirect partners with respect to whom the statute of limitations has expired are parties to the litigation. Section 6226(d)(1)(B) states that a partner is not a party to a partnership action after the day on which "the period within which any tax attributable to such partnership items may be assessed against that partner expired." 26 U.S.C. § 6226(d). Defendant confuses the portion of Section 6226(d) that *allows* an otherwise excluded party to make an appearance (solely for a limited purpose of asserting that the statute of limitations has expired) with the provisions that automatically *require* an affected partner with an interest in the outcome to be a party to the proceeding. The provisions of Section 6226(d) that allow nonparties to appear are comparable to rules of civil procedure that permit a special appearance for purposes of challenging personal jurisdiction.[5] Such procedures would allow, but not require, that persons appear before a court to show that they are not parties. Similarly, granting a person the right to appear before the court does not make that person a party to the proceeding under Section 6226(d). Defendant's assertion that FFIP's partners with expired statutes of limitations are parties, and thus their identities should not be protected, is simply wrong. Therefore, this Court should grant Plaintiff's request for a protective order.

## CONCLUSION

For the foregoing reasons and those reasons set forth in Plaintiff's moving papers, Plaintiff requests that the Court enter a Protective Order, in the proposed form that was attached

[5] Prior to the adoption of Rule 12 of the Federal Rules of Civil Procedure ("FRCP"), a special appearance was generally required in order to challenge personal jurisdiction in federal courts. *See* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1344 (2007).

to Plaintiff's Motion, barring the document requests described by Defendant United States in Defendant's Response, and barring Defendant from disclosing the identities of the direct or indirect partners of RRF to either the public or in court documents.

Respectfully submitted,

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS,
L.L.C., Tax Matters Partner.

By its attorneys,

Dated: August 20, 2007

/s/ Loretta R. Richard
Loretta R. Richard
Kathleen S. Gregor
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

B. John Williams, Jr.
Alan J.J. Swirski
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
(202) 371-7000