IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 06-30T and 06-35T (consolidated)
(Senior Judge Eric G. Bruggink)

RUSSIAN RECOVERY FUND LIMITED, by and through RUSSIAN RECOVERY ADVISORS, LLC, Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

UNITED STATES' MOTION FOR LEAVE TO CLARIFY ITS POSITION REGARDING DISCLOSURE OF TAXPAYER INFORMATION IN COURT PROCEEDINGS AND TO REQUEST MODIFICATION OF THE COURT'S OCTOBER 9, 2007, ORDER

COMES NOW the defendant, the United States of America, and moves for leave to clarify its position regarding disclosure of taxpayer's identities in court proceedings and to request a modification of the Court's October 9, 2007, Order.

1. The Court's October 9, 2007, Order

The Court held oral argument on October 2, 2007, with respect to plaintiff's motion for a protective order and for partial summary judgment in the above-captioned case. By order dated October 9, 2007, the Court denied both of plaintiff's motions. Nonetheless, the Court's instructions during oral argument prohibit the United States from disclosing the identities of various taxpayers (individuals and entities) who directly or indirectly seek judicial relief in these

proceedings. *See Tr. 94-95.* Additionally, the Court's Order noted "that during oral argument the defendant acknowledged that it would be inappropriate to disclose the taxpayer identities absent a court order." After reviewing the transcript of the oral argument, defendant is unaware of any instance in which its counsel agreed it would be inappropriate to disclose the identity of a taxpayer. Moreover, neither the applicable law, nor the long-standing and venerable U.S. policy of open judicial proceedings, prohibit the identification of individual taxpayers if they are pertinent to the litigation. Indeed, plaintiffs' complaint identifies by name six (possibly seven) of the 10 partners in Russian Recovery Fund that plaintiff now asks the Court to keep secret. *Compl. 3-6.* The United States asks the Court to modify the Order by deleting its ultimate sentence.

2. TEFRA Partnership Proceedings Routinely Adjudicate Partnership Level Items Affecting its Partners, and There are No Provisions To Prevent the Disclosure of Partners' Identities in Such Proceedings

This is a TEFRA partnership proceeding brought by the tax matters partner of Russian Recovery Fund Limited, pursuant to 26 U.S.C. § 6226, with respect to the Notice of Final Partnership Administrative Adjustments (FPAA) issued by the Internal Revenue Service for the taxable year 2000. The FPAA adjusted one item, in the amount of $46,424,782, that changed a reported loss of $16,606,423 ("other income (loss)," Schedule K, Line 7, Form 1065) to income in the amount of $29,818,359. *Compl. Ex. A.*

According to the complaint, the partnership's underlying activity involved the purchase of devalued Russian debt instruments in 1999 (and perhaps 1998), their subsequent sale in 2000 for more than their purchase price but less than their face value, resulting in economic gains to Russian Recovery Fund but as to which the partnership claimed losses for tax purposes. *Compl.*

*6-7*. The IRS determined in the FPAA that the claimed tax loss was not allowable for various reasons set forth in the FPAA, including several judicial doctrines applied to abusive tax shelters classified as "DAD" (distressed asset/debt) shelters. *Compl. Ex. A.* For example, the FPAA concluded that the partnership's activities were sham transactions and lacked economic substance. The FPAA also determined that, at a minimum, the accuracy-related penalties set forth in § 6662 should apply to any underpayments of tax at the partner level resulting from the partnership level adjustment at issue. *Ibid.* The FPAA also stated that fraud penalties and/or prosecution for criminal offenses were not precluded by the applicability of the accuracy-related penalties. *Ibid.*

The Form 1065 filed by Russian Recovery Fund for the year 2000 included Forms K-1 issued to 10 partners of Russian Recovery Fund. These forms (K-1) are indeed part of the partnership Form 1065, although plaintiff appeared to contend otherwise at oral argument. *26 U.S.C. § 6031(a) and (b); Tr. 55*. The complaint also alleges that the loss disallowed by the FPAA was allocated solely to one of the partners in Russian Recovery Fund, *i.e.*, FFIP, LP. This partner of Russian Recovery Fund is itself a partnership and has a multitude of partners (according to plaintiff, 36). The statute of limitation issue addressed in plaintiff's motion for partial summary judgment implicates all of the partners of FFIP, as well as other partners of Russian Recovery Fund (and the partners of those partners, if any).

There is nothing unusual about a TEFRA partnership proceeding that will affect the tax liabilities of its multiple partners. There are no provisions applicable to such TEFRA proceedings that prevent the disclosure of partners' identities. Indeed, 26 U.S.C. 6103(h)(4), discussed in detail below, authorizes such disclosures.

3. The Disclosure of Taxpayer Information in Court Proceedings is Authorized by Law and Routine

The disclosure of "taxpayer information," e.g. names, other identifying information, and tax returns themselves, is appropriate and normal in judicial proceedings. *26 U.S.C. § 6103(h)(4) (Disclosure in Judicial and Administrative Proceedings); See Jade Trading LLC v. United States, 65 Fed. Cl. 188, 192 (2005); Vons v. United States, 51 Fed. Cl. 1, 17 (2001).* Such disclosures are routinely made by taxpayers themselves and by the United States in judicial proceedings without the requirement of a court order. Indeed, the plaintiff has already disclosed most of Russian Recovery Fund's partners in the complaint itself. *Compl. 3-6.* The statute is clear that no court order is required for disclosure of taxpayer information when "the taxpayer is a party," "the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability," "the treatment of an item reflected on [taxpayer's] return is directly related to an issue in the proceeding," or if "such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding." *26 U.S.C. § 6103(h)(4).*

The facts alleged in plaintiff's complaint, the facts discussed in plaintiff's now denied motions for partial summary judgment and for a protective order, and the facts learned during Internal Revenue Service's related administrative proceeding make clear that taxpayer information, including identities, tax returns, and filing dates of tax returns, with respect to taxpayers who were partners of Russian Recovery Fund in the year 2000 may be disclosed in this proceeding, without any court order, and the same tax return information may be disclosed for partners of the partners of Russian Recovery Fund, without a court order, pursuant to §

6103(h)(4) (A through C). Such taxpayer information is necessary to determine, as plaintiff may be claiming (even after the denial of its motion for partial summary judgment), that the statute of limitation to assess additional taxes is closed for every partner (direct or indirect) of Russian Recovery Fund when the FPAA was issued.

4. Taxpayer Information of Russian Recovery Fund's Partners (and Partners of Partners) Fall Within One or More §6103(h)(4) Categories Permitting Disclosure in This Proceeding

Section 6103(h)(4) permits the disclosure of taxpayer information of Russian Recovery Fund partners (direct and indirect) for several reasons. First, the taxpayers (partners and partners of partners) are presumptive parties in this TEFRA partnership proceeding pursuant to § 6226(c) (partners treated as parties). *§ 6103(h)(4)(A).* Even if such taxpayers (partners in Russian Recovery Fund or partners of those partners) allege they are not parties on the ground that they have no interest in the outcome of this proceeding due to the lapse of their statute of limitation periods, such taxpayers are "permitted to participate" in this proceeding to assert that their limitation period has expired. *§ 6226(d)(1) (flush language).*

The taxpayer information of the Russian Recovery Fund partners and partners of those partners also falls within the disclosure provisions of § 6103(h)(4)(B) and (C). Based on the allegations in the complaint, some, if not all, of the Russian Recovery Fund partners, or partners of partners, were involved in the specific transactions identified in the FPAA (purchase and sale of devalued Russian bonds). The partners (and partners of partners) transactional relationship to the issues in this partnership proceeding, and the pass-through to them of items reflected on their returns, create the "direct" relationship that permits disclosure of partner information under § 6103(h)(4)(B) and (C). Plaintiffs' contentions at oral argument on October 2d to the contrary

are without merit.

WHEREFORE, the United States prays that the Court grant leave to file this motion clarifying the United States' position regarding the disclosure, without court order, of taxpayer information in judicial proceedings and modify its Order of October 9, 2007, to delete the final sentence from that Order.

Respectfully submitted,

s/ Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
(202) 307-6580

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/Steven I. Frahm
Of Counsel

October 17, 2007