IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Bruggink)
Nos. 06-30 T and 06-35 T (consolidated)

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS, L.L.C.,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

**STATUS REPORT**

Pursuant to the Court's order dated October 23, 2007, the United States submits the following status report detailing its progress in investigating whether the three-year period of limitation for assessment in 26 U.S.C. § 6501(a) had expired for any of the purported partners in Russian Recovery Fund Limited ("RRF") for the 2000 tax year as of October 14, 2005, the date the Notice of Final Partnership Administrative Adjustment ("FPAA") was issued to Russian Recovery Advisors ("Recovery Advisors") for the tax year 2000.

Pursuant to the Court's instruction during the oral argument held on October 2, 2007, the United States has investigated the three-year period of limitation issue identified in the preceding paragraph. Immediately after receiving a copy of the list of 69 partner-taxpayers at issue from counsel for plaintiff on October 15, 2007, counsel for the United States requested copies of tax returns and certified transcripts of account for each of the 69 partner-taxpayers for the 2000 tax

year from the IRS. The IRS responded promptly, and delivered many of the requested tax returns and transcripts on November 21, 2007. After reviewing the documents provided by the IRS, counsel for the United States concluded that certain taxpayers' documents had not been provided due to inaccurate or incomplete information provided by plaintiff's counsel in the list of 69 partner-taxpayers. Accordingly, counsel for the United States sent letters to plaintiff's counsel dated December 12, 2007, and December 14, 2007, requesting the necessary information (*e.g.* taxpayer identification numbers). Plaintiff's counsel responded by letter dated December 19, 2007, and provided responsive information. Counsel for the United States immediately forwarded the information to the IRS. The IRS provided additional returns and transcripts on January 2, 2008. Counsel for the United States reviewed the documents, and determined that additional information was needed with respect to 11 taxpayers. On January 4, 2008, counsel for the United Stated confirmed that the IRS was working to obtain the missing information.

Based on the information collected to date by counsel for the United States, it appears that the three-year period of limitation was closed for 58 of the partner-taxpayers and may have been open for one partner-taxpayer. The transcript for the possibly open partner-taxpayer indicates that the taxpayer entered into two agreements to extend the period of limitation for assessment with the IRS, the first extending the period to April 30, 2005, and the second extending the period to December 31, 2005. Counsel for the United States can not state conclusively that the period of limitation was open for this taxpayer, however, until it receives copies of the extension agreements (which are usually attached to the individual tax return). Counsel for the United States requested the individual tax return from the IRS after receiving the taxpayer identification number from plaintiff's counsel on December 19, 2007.

In addition to the tax return discussed in the previous paragraph, the United States has requested, but not yet received, copies of tax returns and/or transcripts for 10 other taxpayers from the IRS. Counsel for the United States anticipates that the IRS will obtain and provide the documents as promptly as possible. Until the additional documents are received, however, the United States is not able to state whether the three-year period of limitation was closed for these taxpayers.

Because counsel for the United States does not have complete information for 11 of the 69 partner-taxpayers, we respectfully request an additional 45 days within which to obtain and analyze the necessary information. Accordingly, we propose that counsel for the United States submit a status report further detailing the results of this investigation on or before February 21, 2008.

Respectfully submitted,

s/ Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6580
(202) 540-9440 (facsimile)
robert.j.higgins@usdoj.gov

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims
STEVEN I. FRAHM
Assistant Chief
BART D. JEFFRESS
Trial Attorney
JENNIFER P. WILSON
Trial Attorney

s/ Steven I. Frahm
Of Counsel

January 7, 2008