IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Bruggink)
Nos. 06-30 T and 06-35 T (consolidated)

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS, L.L.C.,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

**STATUS REPORT**

Pursuant to the Court's order dated January 9, 2008, the United States submits the following status report further detailing its progress in investigating whether the three-year period of limitation for assessment in 26 U.S.C. § 6501(a) had expired for any of the purported partners in Russian Recovery Fund Limited ("RRF") for the 2000 tax year as of October 14, 2005, the date the Notice of Final Partnership Administrative Adjustment ("FPAA") was issued to Russian Recovery Advisors ("Recovery Advisors") for the tax year 2000.

In the status report filed on January 7, 2008, counsel for the United States reported that additional information was needed with respect to 11 taxpayers, and that counsel had requested the information from the IRS. On February 12, 2008, counsel for the United States received information with respect to four of the 11 taxpayers. On February 19, 2008, the IRS confirmed that it is working to locate the remaining missing information.

Based on the information collected to date, it appears that the three-year period of limitation was closed for 60 of the partner-taxpayers and may have been open for one partner-taxpayer. One form of transcript for the possibly-open partner-taxpayer indicates that the taxpayer entered into two agreements to extend the period of limitation for assessment with the IRS, the first extending the period to April 30, 2005, and the second extending the period to December 31, 2005. Counsel for the United States reviewed a different form of transcript on February 19, 2008, and found that it confirms that the period of limitation for assessment was extended to December 31, 2005, for this taxpayer. However, counsel for the United States still can not state conclusively that the period of limitation was open for this taxpayer without reviewing the extension agreement(s). Accordingly, counsel for the United States requested the individual tax return from the IRS on December 19, 2007, because copies of extension agreements are usually attached to the individual tax return. Counsel for the United States received a copy of the taxpayer's individual tax return on February 12, 2008, but the copy of the return did not include any agreements to extend the time to assess tax. Counsel for the United States has been advised by the IRS that the copy of the return provided on February 12, 2008, is not the official record, but rather a copy that was maintained in the file of a Revenue Agent. The IRS is continuing to work to locate the official record, or to otherwise locate a copy of the extension agreement(s).

Although the IRS will continue to search diligently for the extension agreement(s), it is possible that the document(s) will not be located, or that it will take considerable time to locate the document(s). In the interest of expediting this process and resolving the issue, the United States requests leave from the Court to serve a discovery request on plaintiffs or a subpoena on

the taxpayer for the extension agreement(s) that this taxpayer and the IRS appear to have executed for his 2000 tax year.

In addition to the documents discussed above, the United States has requested, but not yet received, copies of tax returns and/or transcripts for eight other taxpayers from the IRS. Counsel for the United States anticipates that the IRS will obtain and provide the documents as promptly as possible, if they are available. Until the additional documents are located, however, the United States is not able to state whether the three-year period of limitation was closed for these taxpayers.

Because counsel for the United States does not have complete information for nine of the 69 partner-taxpayers, we respectfully request an additional 31 days within which to obtain and analyze the necessary information. We also respectfully request leave to serve a discovery request or subpoena for the limited purpose described above. We propose that counsel for the United States submit a status report further detailing the results of this investigation on or before March 24, 2008.

Respectfully submitted,

s/ Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6580
(202) 540-9440 (facsimile)
robert.j.higgins@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims
STEVEN I. FRAHM
Assistant Chief
BART D. JEFFRESS
Trial Attorney
JENNIFER P. WILSON
Trial Attorney

s/ Steven I. Frahm
Of Counsel

February 21, 2008