IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Bruggink)
Nos. 06-30 T and 06-35 T (consolidated)

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS, L.L.C.,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S STATUS REPORT**

The United States filed a status report on February 21, 2008, pursuant to the Court's January 9, 2008, order, detailing its progress in investigating whether the three-year period of limitation for assessment in 26 U.S.C. § 6501(a) had expired for any of the 69 purported partners in Russian Recovery Fund Limited ("RRF") for the 2000 tax year as of October 14, 2005. The United States reported that it does not yet have complete information for nine of the 69 partner-taxpayers, and thus requested an additional 31 days within which to obtain and analyze the necessary information. In addition, the United States requested leave to serve a discovery request on plaintiffs or a subpoena on one taxpayer for the extension agreement(s) that this one taxpayer and the IRS appear to have executed for the taxpayer's 2000 tax year. Plaintiff responded to the status report on February 25, 2008, and stated (a) it has no objection to the request for additional

time; but (b) it objects to the request to serve discovery or a subpoena “because such actions are both premature and unnecessary.”

While plaintiff has concluded that the IRS can quickly and easily find the needed document, and offers suggestions as to how the IRS might search its own records, it does not understand the particular steps and actions the IRS and counsel for the United States already have taken to locate the extension agreement(s). If the document were easily found, defendant would have done so, and it would not be asking for a copy from plaintiff. Defendant’s discovery request is nothing more than an effort to expeditiously conclude the investigation the Court has directed.

In fact, the IRS and counsel have now reviewed two types of transcripts to determine if the taxpayer in question and the IRS executed an agreement to extend the time to assess tax. The first transcript reviewed, the Form 4340 Certificate of Assessments and Payments, for the taxpayer’s 2000 tax year, has an entry indicating that the assessment statute was extended on February 3, 2005, to December 31, 2005, but it provides no further explanation. Defendant and the IRS therefore reviewed a second type of transcript that provides greater detail. It is referred to as an “ADP” or “TAXMOD” transcript. This second transcript also includes an entry indicating that the assessment statute was extended on February 3, 2005, to December 31, 2005, and it has an additional entry that appears to indicate that the assessment statute was extended once before on October 22, 2004, to April 30, 2005.

Counsel asked the IRS to locate the actual extension agreement(s). We did so in order to confirm the entries on the transcripts and to determine whether any limitations were placed on the statute extension(s). The IRS advised counsel that it would attempt to locate the record copy

of the taxpayer's 2000 tax return because, in the ordinary course, extension agreements are attached to the back of the first page of the record copy of a return. Unfortunately, as we explained in our status report, the IRS has not yet been able to locate the record copy of the return. The IRS advised counsel that the reason it is having difficulty locating the record copy of the return is that this taxpayer has engaged in several different listed transactions, which, in the course of the IRS' scrutiny of the reporting, has necessitated the transfer of the return to many different offices within the IRS over the past several years. On February 21, 2008, the IRS advised counsel that one of the revenue agents involved in one of the examinations of this taxpayer was not aware that an extension agreement had been executed in connection with the 2000 return. As we explained in our status report, the IRS is continuing to try to locate the agreement(s).

As stated above, the United States is interested in resolving this issue as efficiently and quickly as possible. In addition to the IRS copy of the apparent extension agreement(s), we would suppose that the taxpayer would have a copy that is readily available. The taxpayer's files are likely to be limited in size, and more easily searchable than those of the IRS. We do not believe that asking plaintiff to produce the extension agreement(s), so that this issue can be resolved promptly, is either unreasonable or burdensome. A formal discovery request would not be needed, if plaintiff agreed to produce the agreement(s). However, if the taxpayer is unable or unwilling to locate the agreement(s), but agrees that extension agreement(s) were executed and had the effect of keeping open the three-year period of limitation for assessment until at least October 14, 2005, then plaintiffs should indicate as much to the United States and the Court in order to circumvent unnecessary, time-consuming, and possibly fruitless record searches.

As indicated in our status report, the United States has asked the IRS to continue searching its records for the extension agreement(s) for this taxpayer (in addition to the required information for eight other taxpayers). The United States will alert plaintiff and the Court if/when the records are located. However, in the interest of limiting the already considerable amount of time spent on this statute of limitation inquiry, the United States is seeking a small amount of assistance from plaintiff and the taxpayer in question in order to determine whether the taxpayer had an open three-year period of limitation. Such discovery, of course, is within the rights of the United States as defendant in this action. RCFC 26, 34, 45.

Respectfully submitted,

s/ Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26, Ben Franklin Station
Washington, D.C. 20044
(202) 307-6580
(202) 540-9440 (facsimile)
robert.j.higgins@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims
STEVEN I. FRAHM
Assistant Chief
BART D. JEFFRESS
Trial Attorney
JENNIFER P. WILSON
Trial Attorney

s/ Steven I. Frahm
Of Counsel

February 27, 2008