**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | Case No. 06-030-EGB |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S STATUS REPORT OF FEBRUARY 21, 2008**

Plaintiff Russian Recovery Advisors, L.L.C., Tax Matters Partner for Russian Recovery Fund Limited, respectfully submits this Surreply to Defendant's Reply (dated February 27, 2008) to the Response to Defendant's Status Report of February 21, 2008 ("Status Report"). Defendant filed its Status Report pursuant to the Court's Order dated January 8, 2008.[1] Defendant's Reply describes certain steps that the Internal Revenue Service (the "IRS") has taken to determine whether the three year limitations periods expired for Plaintiff's direct and indirect partners prior to the issuance of the Final Partnership Administrative Adjustment to Plaintiff.

The Reply confirms that the three year limitations periods had expired for eighty of Plaintiff's direct and indirect partners and that one indirect partner may have extended his statute

[1] This motion is made with respect to Case Nos. 06-030-EGB and 06-035-EGB, which, pursuant to an order dated May 11, 2007, this Court consolidated under Case No. 06-030-EGB. Case Nos. 06-030-EGB and 06-035-EGB relate to Plaintiff's tax year ended December 31, 2000 and are identical in all material respects. This brief applies equally to Case No. 06-030-EGB and Case No. 06-035-EGB.

of limitations. The Reply also confirms that Defendant appears to be following appropriate channels of inquiry to obtain a copy of the relevant extension agreement.

Notwithstanding that the IRS has not exhausted its sources of information for the official agreement, Defendant asks the Court to permit it to engage in discovery of Plaintiff and its indirect partner to obtain a copy of the extension agreement. This re-raises a central issue the Court already decided – how to best obtain the evidence of whether the limitations periods had expired. First, Plaintiff reiterates that it does not have possession, custody or control of any of the indirect partners' personal tax information, including any agreements to extend the limitations periods. Second, Defendant's offensive and irrelevant characterizations of an indirect partner's investments unrelated to this proceeding do not offer grounds for discovery in this proceeding of that personal and protected tax return information. The indirect partner whose statute may have been extended is not a party to this proceeding, but even if he were, whatever other IRS examination may have occurred and the subject of that examination are not any of Plaintiff's business or a part of this proceeding. To protect the confidentiality of that indirect partner's tax return information under Section 6103 of the Internal Revenue Code of 1986, as amended, the IRS should provide the copy of the agreement to Defendant. *Jade Trading, LLC v. U.S.*, 65 Fed. Cl. 188, 192 (2005). Permitting discovery of personal tax information as Defendant requests is inappropriate and unnecessary. Indeed, it is premature to even raise the issue because the IRS has not completed a review of its files for the extension agreement.

For the foregoing reasons, the Court should deny Defendant's request for leave to serve a discovery request on Plaintiff or subpoena on one of Plaintiff's indirect partners.

Dated: March 6, 2008

By:
s/ Loretta R. Richard

Loretta R. Richard
Kathleen Saunders Gregor
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

B. John Williams, Jr.
Alan J.J. Swirski
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
(202) 371-7000

Attorneys for Complainant,
RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., TAX MATTERS PARTNER