IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Bruggink)
Nos. 06-30 T and 06-35 T (consolidated)

---

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS, L.L.C.,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

---

MOTION TO STAY BRIEFING ON THE SIX-YEAR STATUTE OF LIMITATIONS ISSUE FOLLOWING THE FEDERAL CIRCUIT'S GRANTING PETITION FOR INTERLOCUTORY APPEAL IN *SALMAN RANCH* AND TO PERMIT DISCOVERY ON THE MERITS TO COMMENCE

---

COMES NOW the United States and hereby moves this court to stay its order of March 13, 2008, allowing plaintiff to file a motion for partial summary judgment in the above-captioned action on or before May 1, 2008, and to issue an order permitting discovery on the merits of this action, for the reasons set forth below.

A. The Federal Circuit's Action in *Salman Ranch*

Unbeknownst to defendant's counsel prior to the status conference in this matter held on March 13, 2008, the Federal Circuit issued an order on March 11, 2008, granting permission for an interlocutory appeal on the six-year statute of limitations issue now scheduled for briefing in this case. *Salman Ranch Ltd. and William J. Salman v. United States*, Misc. Docket No. 866

(Fed. Cir. March 11, 2008) (Slip.Op); *Salman Ranch Ltd. and William J. Salman v. United States*, 79 Fed. Cl. 189 (2007), as amended, 100 AFTR 2d 2007-6893 (2007). The petition for interlocutory appeal in *Salman Ranch* sought review of the trial court's November 9, 2007, decision to apply the extension, from three-years to six-years, of the statute of limitations for assessing a tax pursuant to determinations in a Notice of Final Partnership Administrative Adjustment (FPAA), pursuant to Internal Revenue Code §§ 6501(e) and 6229(c)(2) (26 U.S.C.). The FPAA in *Salman Ranch* determined that the partnership had overstated the appropriate basis in the asset sold and as a result there was a substantial omission from income in excess of 25% by William Salmon on his individual return. Misc. 866 at 2. The trial court in *Salman Ranch* agreed with the United States that an overstatement of basis satisfied the "omits from gross income an amount properly included therein" language found in both §§ 6501(e) and 6229(c)(2). This is the position of the United States here.

B. <u>This Court Should Stay Briefing on the Issue Now Before the Federal Circuit</u>

The issue now set for briefing here by the Court's order of March 13, 2008, is the same as that now before the Federal Circuit in *Salman Ranch* on interlocutory appeal. The United States contends here that the six-year statutes of limitation provided by §§ 6501(e) and 6229(c)(2) should apply as Russian Recovery Fund overstated the basis of its assets, debt instruments, and such overstatement of basis caused an omission of income greater than 25%. *See Compl. and Compl. Ex. A.* The application of the six-year statute of limitations is relevant here as the issuance of the FPAA for Russian Recovery Fund Limited's tax year ended on December 31, 2000, occurred on October 14, 2005, a date more than three-years from the ordinary income tax return filing date for direct or indirect partners of Russian Recovery Fund

Limited, *i.e.* April 15, 2004. Though it is established in this case that at least one indirect partner's 2000 tax year was open on October 14, 2005–and thus jurisdiction on the merits of the FPAA determinations exists and additional taxes may be assessed against this one indirect partner–the application of the six-year statute of limitations would permit assessment of additional taxes against all direct or indirect partners (except, of course, otherwise tax exempt partners). This is so since the six-year statute of limitations for the 2000 taxable year would run until April 15, 2007, long after the issuance of the FPAA on October 14, 2005.

In the United States' view, it would be an inefficient use of first the parties' resources and then judicial resources to brief and to decide an issue that is now before the Federal Circuit. The United States would also face the added burden of simultaneously preparing briefs on the same legal issue in separate cases, one for Court of Federal Claims and another for the Federal Circuit.

Furthermore, two judges of the Court of Federal Claims have issued opinions on this issue and a third would seem superfluous. *See Salman Ranch*, 79 Fed. Cl. 189; *Grapevine Imports, Ltd. v. United States*, 77 Fed. Cl. 505 (2007).[1] Briefing on this issue was stayed in another Court of Federal Claims case pending the Federal Circuit's action on the petition for permission to file an interlocutory appeal in *Salman Ranch* and the parties are expected to seek a continued stay now that the Federal Circuit has docketed the appeal in *Salman Ranch*.

---

1/ A case involving a similar issue, *i.e.* only § 6229(c)(2), is also now before the Ninth Circuit in an appeal by the Commissioner of Internal Revenue of an adverse decision by the Tax Court. *Bakersfield Energy Partners, LP v. Commissioner*, No. 07-74275 (9th Cir.), 128 T.C. 207 (2007).

*Leadbetter Family LLP v. United States*, Ct. Fed. Cl. No. 06-492 T, Docket Entry No. 36, December 17, 2007.

C. Discovery on the Merits Should Commence Without Further Delay

As noted above and discussed during the March 13, 2008, status conference, jurisdiction on the merits exits in this case under the three-year statute of limitations. At least one indirect partner's 2000 tax year was open when the FPAA was issued on October 14, 2005. Discovery on the merits of this case, *i.e.*, whether the FPAA determinations should be sustained, should proceed notwithstanding the unresolved six-year statute of limitations question. It is not unreasonable to assume that the *Salman Ranch* case will not be decided by the Federal Circuit for at least a year. The Federal Circuit briefing schedule now in place suggests that briefing will be completed by this summer and oral argument scheduled sometime in late 2008.[2] A decision much earlier than March 2009 seems unlikely. Further delay in resolving the issue may occur if extensions are granted to the briefing schedule or if the Federal Circuit and the Ninth Circuit reach different conclusions and the Supreme Court is petitioned to resolve the dispute. Delaying discovery on the merits for at least a year would prejudice the United States' interest in resolving the plaintiff's challenge to the FPAA.

Plaintiff's concern about the potential total liability for all of the direct and indirect partners should the Court sustain the FPAA is not sufficient ground for continuing an action brought by the plaintiff. Even if the only potential liability is that of the one indirect partner, there is no guarantee that full trial on the merits will not be necessary in any event. The IRS

2/ The Federal Circuit docket number for *Salman Ranch v. United States* is No. 2008-5053.

issued the FPAA upon determining that Russian Recovery Fund's activities involved an abusive tax shelter known by the acronym "DAD" (distressed asset debt). This shelter is not unique to Russian Recovery Fund.[3] Furthermore, the IRS and the Department of Justice have committed substantial resources to combating abusive tax shelters. As with many FPAAs issued in tax shelter cases, the FPAA issued in this case determined that an accuracy-related penalty of 40% penalty was appropriate. Proceeding on the merits in this case, without further delay, will serve to effect the public policy of combating tax shelters.

Moreover, the application of the six-year statute of limitations is not the only factor that is likely to increase the economic value of this case. The United States' response and sur-reply briefs in opposition to plaintiff's motion for partial summary judgment filed in 2007, Docket Entry Nos. 23 (at 16-19) and 31 (at 4-7), included significant discussions of the right of the Internal Revenue Service to assess additional taxes in subsequent tax years of direct or indirect partners even if the statute of limitations for the generating year of the loss was closed. *Barenholtz v. United States*, 784 F.2d 375, 380-81 (Fed. Cir. 1986); *Grapevine*, 77 Fed. Cl. at 512-13; *J & J Fernandez v. United States*, 99 AFTR 2d 2007-2661, 2007 WL 1703439 (Fed. Cl. April 3, 2007); *G-5 Investment Partnership v. Commissioner*, 128 T.C.15 (2007); *Kligfeld Holdings v. Commissioner*, 128 T.C. 16 (2007). Thus, even under the three-year statute of limitations, losses generated in 2000 that were carried forward to subsequent years could result in tax assessments for direct or indirect partners whose 2000 year was closed when the FPAA here was issued.

---

3/ The IRS has issued a Coordinated Issue Paper regarding DAD tax shelters. CIP: LMSB-04-0407-031, April 18, 2007.

The only restriction on such additional assessments is that the subsequent year(s) were open on the date the FPAA was issued, October 14, 2005. Thus, the only subsequent year that might not be open would have been tax year 2001 (closing, without extensions, on April 15, 2005).

Though the United States cannot at this time establish an amount of assessments that could be made against direct or indirect partners of Russian Recovery Fund due to losses carried forward from 2000 to subsequent years open on the date the FPAA was issued, that is not the United States' burden nor a factor in the United States' decision to defend this action.

This is a partnership level proceeding brought by the plaintiff. If the United States is successful in persuading the Court that the FPAA determinations should be sustained, it will be the Internal Revenue Service's responsibility to make sure that proper assessments against direct or indirect partners are made. Should any direct or indirect partner desire to challenge such assessments, such challenges would take place, if at all, in subsequent refund actions brought by such individuals.

WHEREFORE, the United States prays that this Court stay its March 13, 2008, order allowing plaintiff to file a motion for partial summary judgment on the six-year statute of limitation issues and issue an order permitting discovery on the merits to commence.

Respectfully submitted,

s/ Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6580
(202) 540-9440 (facsimile)
robert.j.higgins@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims
STEVEN I. FRAHM
Assistant Chief
GROVER HARTT, III
Senior Litigation Counsel

s/ Grover Hartt, III
Of Counsel

March 20, 2008