**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | Case No. 06-030-EGB |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S MOTION TO STAY BRIEFING**
**AND TO PERMIT DISCOVERY ON THE MERITS**

Plaintiff Russian Recovery Advisors, L.L.C., Tax Matters Partner for Russian Recovery Fund Limited ("RRF"), respectfully submits this Response to Defendant's Motion to Stay Briefing on the Six-Year Statute of Limitations Issue Following the Federal Circuit's Granting Petition for Interlocutory Appeal in *Salman Ranch*[1] and to Permit Discovery on the Merits to Commence (dated March 20, 2008).[2]

Defendant has conceded, as Plaintiff has consistently maintained, that the three-year statute of limitations has expired for all but one of RRF's sixty-nine (69) direct and indirect partners. Def. Mot. at 4-5. Accordingly, unless Defendant can establish that the 6-year statute of limitations applies, only one of the 69 direct and indirect partners is a party to this proceeding. Defendant attempts to salvage the untimely issued Final Partnership Administrative Adjustment

---

[1] *Salman Ranch Ltd. v. United States*, 79 Fed. Cl. 189 (2007).

[2] This Response is made with respect to Case Nos. 06-030-EGB and 06-035-EGB, which, pursuant to an order dated May 11, 2007, this Court consolidated under Case No. 06-030-EGB. Case Nos. 06-030-EGB and 06-035-EGB relate to Plaintiff's tax year ended December 31, 2000 and are identical in all material respects. This brief applies equally to Case No. 06-030-EGB and Case No. 06-035-EGB.

by now asserting that the 6-year statute applies. But, as a matter of law the 6-year statute cannot apply to this case. This is the subject matter of Plaintiff's forthcoming motion for summary judgment that the Court has ordered Plaintiff to file on or before May 1, 2008. Plaintiff believes it can show, regardless of the outcome of the Federal Circuit's consideration of the interlocutory appeal of *Salman Ranch*, that the 6-year statute cannot apply to this case. There is every reason for the Court to consider the argument on this issue and none for delay.

The Court has properly determined that it should delay the broad discovery Defendant seeks. During the status conference of March 13, 2008, the Court ordered a temporary stay of discovery pending resolution of the forthcoming summary judgment motion. Order (Mar. 13, 2008). This stay appropriately balances the rights and interests of the parties. First, if Defendant ultimately fails to convince this Court to disregard the U.S. Supreme Court's decision in *Colony, Inc. v. Commissioner*,[3] Defendant's discovery at this time would be a wasteful cost and burdensome intrusion. Second, Defendant asks the Court to allow it to conduct a super-IRS audit on non-parties through discovery. Defendant asserts that, if only the Court permits the discovery it seeks, it can delve into the personal, unrelated tax information of non-parties to this case, and then see if any of the non-parties omitted sufficient gross income from his or her federal income tax return to establish that the 6-year statute of limitations applies to that party. That discovery would be inappropriate in any case, not only because of the unwarranted intrusion by the Attorney General into the Commissioner of Internal Revenue's statutory authority, but also because Defendant would be asking this Court to find facts on individual partner determinations unrelated to any partnership item or the partnership as a whole. *See, e.g., Crop Associates – 1986 v. Comm'r*, 113 T.C. 198, 202 (1999). Consistent with applicable authority, this Court should limit discovery pending resolution of the forthcoming dispositive

[3] 357 U.S. 28, 36 (1958).

motion. *See, e.g.*, *Croskey v. United States*, 26 Cl. Ct. 685, 687 (1992); *Reliance Insurance Company v. United States*, 18 Cl. Ct. 359 (1989); *Scope Enterprises, Ltd. v. United States*, 18 Cl. Ct. 875, 881 (1989). Contrary to Defendant's improper attempt to expand the scope of this case, the Court should afford the Plaintiff the opportunity to show that it is entitled to judgment as a matter of law.

For the foregoing reasons, the Court should deny Defendant's motion.

Dated: April 3, 2008

By:
s/ Loretta R. Richard

Loretta R. Richard
Kathleen Saunders Gregor
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

B. John Williams, Jr.
Alan J.J. Swirski
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
(202) 371-7000

Attorneys for Complainant,
RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., TAX MATTERS PARTNER