IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Bruggink)
Nos. 06-30 T and 06-35 T (consolidated)

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS, L.L.C.,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

REPLY IN SUPPORT OF MOTION TO STAY BRIEFING ON THE SIX-YEAR STATUTE OF LIMITATIONS ISSUE FOLLOWING THE FEDERAL CIRCUIT'S GRANTING PETITION FOR INTERLOCUTORY APPEAL IN *SALMAN RANCH* AND TO PERMIT DISCOVERY ON THE MERITS

COMES NOW the United States and hereby replies in support of its motion for this Court to stay its order of March 13, 2008, allowing plaintiff to file a motion for partial summary judgment in the above-captioned action on or before May 1, 2008, and to issue an order permitting discovery on the merits of this action. Plaintiff filed its response in opposition on April 3, 2008.

A. Plaintiff has not distinguished the six-year statute of limitations issue before the Federal Circuit in *Salman Ranch* from the issue presented here

In our motion, we advised that the Federal Circuit has granted a petition for interlocutory appeal of this Court's decision in *Salman Ranch*[1] regarding the application of the six-year statute of limitations within which to assess tax pursuant to an FPAA. The Internal Revenue Service has six years, rather than the more customary three years, to assess taxes when there has been an omission of more than 25% of the gross income reported on a return. *§§ 6501(e) and 6229(c)(2) (26 U.S.C.)*. The trial court agreed with the United States in *Salman Ranch* that an overstatement of basis satisfies the "omits from gross income an amount properly included therein" standard in both statutes. We explained that the issue here with regard to the six-year statutes is the same as in *Salman Ranch*, because the Russian Recovery Fund also involved an overstatement of basis. As a result, the Court's earlier decision to brief that issue in this case should be reevaluated. Since the Federal Circuit definitively will resolve this issue, briefing at the trial level will waste both the parties' and the Court's resources. We therefore requested a stay of briefing.

Plaintiff concedes that the six-year statute is "the subject matter of Plaintiff's forthcoming motion for summary judgment." (Resp. Br. 2.) Nevertheless, plaintiff opposes a stay of briefing. Without explanation of any kind, plaintiff very cryptically asserts that it can show the six-year statute cannot apply, "regardless of the outcome" of *Salman Ranch* in the Federal Circuit. (*Id*.) In asking this Court to deny defendant's motion, it certainly was incumbent on plaintiff to offer something more than this naked conclusion. Moreover, we are

[1] Salman Ranch Ltd. and William J. Salman v. United States, Misc. Docket No. 866 (Fed. Cir. March 11, 2008) (Slip.Op); *Salman Ranch Ltd. and William J. Salman v. United States*, 79 Fed. Cl. 189 (2007), as amended, 100 AFTR 2d 2007-6893 (2007).

hard pressed to imagine that there is some other legal issue plaintiff might assert to prevent the application of the six-year statute, not presented in *Salman Ranch*. The six-year statute applies when there has been an omission of more than 25% of the gross income reported on a return. The discussion of factual issues pertaining to whether particular partners have omitted sufficient gross income to trigger the six-year statute would not be appropriate in a summary judgment brief. The only legal issue we perceive is the one presented in *Salman Ranch* – whether an overstatement of basis, which reduces gain or increases loss, constitutes an omission of income. If any briefing of the six-year statute might be warranted after the Federal Circuit has decided *Salman Ranch*, plaintiff will be free at that time to identify the particular issue to be considered, and it may be briefed then, in light of *Salman Ranch.* But there is no need, or benefit, from briefing the issue now, without an understanding of the Federal Circuit's decision and views.

B. The United States seeks discovery regarding the merits of plaintiff's complaint as jurisdiction under the three-statute of limitations is now established

1. Plaintiff's description of who is a party to this action is incorrect

Under § 6226(c), all partners, direct or indirect, are initially treated as parties to a TEFRA partnership proceeding. Plaintiff insistence to the contrary is without merit and contrary to the statute's text, § 6226(c)(1) (emphasis added):

> (c) (1) each person who was a partner in such a partnership at any time during such year **shall** be treated as a party to such action, and . . .

A partner cannot proceed as a party, however, if the partner does not have an interest in the outcome of the proceeding. *§ 6226(d), App*. The United States explained this in its motion. Mot. Br. 5-6. The plaintiff failed to respond to the government's explanation that a partner may have an interest in the outcome of this proceeding, under the three-year statute of limitations, for

two reasons. First, a partner has an interest in this proceeding if the partner's year 2000 three-year statute of limitations was open on the date the FPAA was issued on October 14, 2005. One such partner has been identified.

Second, a partner has an interest in this proceeding even though his/her year 2000 three-year statute of limitations was closed on the date the FPAA was issued if a tax attributable to a "partnership item" at issue in this case may be assessed for open subsequent year, *e. g.* 2001 or 2002 . *§ 6226(d)(1)(B); 6231(a)(2), Treas. Reg. §301-6231(a)(3)-1.* Here, one clearly identified partnership item is a claimed $46 million loss. *Compl. ¶ 8(r).* Partners parties to this proceeding pursuant to § 6226(c)(1) thus also remain parties pursuant to § 6226(d)(1)(B) if they carried forward a distribution of this loss forward to a subsequent year that was open when the FPAA was issued. The United States believes that partners identified in the complaint are likely to be parties pursuant to this provision. *See Compl. ¶ 8(e)*; See *Barenholtz v. United States*, 784 F.2d 375, 380-81 (Fed. Cir. 1986); *Grapevine Imports, Ltd. v. United States*, 77 Fed. Cl. 505, 512-13 (2007); *J & J Fernandez v. United States*, 99 AFTR 2d 2007-2661, 2007 WL 1703439 (Fed. Cl. April 3, 2007); *G-5 Investment Partnership v. Commissioner*, 128 T.C.15 (2007); *Kligfeld Holdings v. Commissioner*, 128 T.C. 16 (2007)..

Plaintiff, therefore, is not correct when it contends that only one partner can be a party here if only the three-year statute of limitations is applicable. Resp. Br. 1. Moreover, this case will unquestionably go forward as to these partners regardless of the ultimate disposition of the six-year statute of limitations issue.

2. Plaintiff mischaracterizes the discovery sought by the United States

It is now established that this Court has jurisdiction to consider the merits of the complaint brought against the United States. The United States is therefore entitled to discovery on the merits pursuant to RCFC 26 - 37. Unless the plaintiff intends to concede this case, *i.e.*, agree that the FPAA determinations are correct, including the applicability of an accuracy-related penalty of 40%, there is no longer any basis for preventing the United States from taking discovery in order to properly defend its interests. Delaying the resolution on the merits of this matter does not protect the interests of the United States.

Plaintiff's inflammatory language regarding a "super-IRS audit on non-parties" is a red herring. Resp. Br. 2. In reality, the United States has proposed no discovery requests because the Court has not allowed any. Once discovery requests are served, the plaintiff can make its objections to the United States and, if necessary, to the Court in response to a motion to compel. The Court of Federal Claims' rules permit discovery of parties and non-parties. RCFC 30-34; 45. Discovery should proceed with respect to persons and/or entities that have knowledge of the matters described and determinations set forth in the FPAA, whether or not the objects of the discovery are parties or non-parties to this proceeding. In order words, discovery on the merits in this case should proceed in the same fashion as in other TEFRA partnership proceedings.

3. Discovery on the six-year statute of limitations issue

Plaintiff also misses the mark and misrepresents the United States' position with respect to discovery on the six-year statute of limitations issue. Resp. Br. 2. The Attorney General, and his delegates, represent the United States in this action. *See 28 U.S.C. §§ 516, 518*. This litigation is not a venue for plaintiff's purported concern with the interactions between the

Department of Justice and the Internal Revenue Service in defending TEFRA partnership proceedings.

Discovery to determine whether any party to this proceeding, pursuant to § 6226(c), remains a party, pursuant to § 6226(d)(1)(B), should the six-year statute of limitations apply, is appropriate under the these statutory provisions and the rules of this Court. Should the Court allow plaintiff to proceed with its motion for partial summary judgment, per the Court's order of March 13, 2008, the United States will determine at the appropriate time if a Rule 56(f) motion is necessary to allow discovery in order to formulate the United States' response to said motion. It is important for the Court to know who is a party before it. Furthermore, the flush language of § 6226(d)(1) permits any party to make an appearance solely to establish non-party status and grants the court jurisdiction to hear that party. It is in the interest of all concerned, plaintiff, the United States, and the Court, to know who is or is not a party here. Plaintiff's protestations to the contrary are without merit.

4. Plaintiff is not correct regarding individual partner determinations

This is a partnership level proceeding. The application of the six-year statute of limitations in this proceeding is a jurisdictional matter for the Court. A determination by the Court of any facts necessary to determine whether the six-year statute of limitations is applicable here would not transform such jurisdictional fact finding into partner level determinations. Plaintiff's apparent contention to the contrary is without merit. Resp. Br. 2.

WHEREFORE, the United States prays that this Court stay its March 13, 2008, order allowing plaintiff to file a motion for partial summary judgment on the six-year statute of limitation issues and issue an order permitting discovery on the merits to commence.

Respectfully submitted,

s/ Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6580
(202) 540-9440 (facsimile)
robert.j.higgins@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims
STEVEN I. FRAHM
Assistant Chief
GROVER HARTT, III
Senior Litigation Counsel

s/Grover Hartt, III
Of Counsel

April 10, 2008

# Appendix

**§ 6226. Judicial review of final partnership administrative adjustments**
********

**(c) Partners treated as parties.**--If an action is brought under subsection (a) or (b) with respect to a partnership for any partnership taxable year--

**(1)** each person who was a partner in such partnership at any time during such year shall be treated as a party to such action, and

**(2)** the court having jurisdiction of such action shall allow each such person to participate in the action.

**(d) Partner must have interest in outcome.--**

**(1) In order to be party to action.--**Subsection (c) shall not apply to a partner after the day on which--

**(A)** the partnership items of such partner for the partnership taxable year became nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, or

**(B)** the period within which any tax attributable to such partnership items may be assessed against that partner expired.

Notwithstanding subparagraph (B), any person treated under subsection (c) as a party to an action shall be permitted to participate in such action (or file a readjustment petition under subsection (b) or paragraph (2) of this subsection) solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person, and the court having jurisdiction of such action shall have jurisdiction to consider such assertion.