**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 06-030-EGB

(Senior Judge Eric G. Bruggink)

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS, L.L.C.,
Tax Matters Partner,

Plaintiff,

v.

The United States of America,

Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR THE 2000 TAX YEAR**

Loretta R. Richard
Kathleen Saunders Gregor
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

B. John Williams, Jr.
Alan J.J. Swirski
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
(202) 371-7000

Attorneys for Plaintiff.

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ..... iii

STATEMENT ..... 1

FACTUAL BACKGROUND ..... 3

ARGUMENT ..... 5

I. PARTIAL SUMMARY JUDGMENT IS APPROPRIATE ..... 5

II. THE SIX-YEAR STATUTE OF LIMITATIONS CANNOT APPLY HERE AS A MATTER OF LAW ..... 6

A. The Supreme Court's interpretation of the six-year statute in *Colony* clearly demonstrates that the six-year statute does not apply to the adjustment proposed by the FPAA. ..... 6

B. *Salman Ranch* is irrelevant to the determination of whether the six-year statute applies to this case. ..... 8

C. Partner-level individual items are irrelevant to application of the partnership six-year statute. ..... 8

III. DEFENDANT'S HYPOTHETICAL OF CARRYOVER LOSSES LACKS SUBSTANTIATION, HAS NOT BEEN SUPPORTED BY ITS REVIEW OF THE OFFICIAL RECORDS AND IS IRRELEVANT TO DETERMINING WHETHER THE FPAA WAS TIMELY ..... 12

A. Defendant has the burden of coming forward with proof. ..... 12

B. Defendant has failed to come forward with proof that the limitations period is open. ..... 13

CONCLUSION ..... 14

## TABLE OF AUTHORITIES

**Page**

### Cases

*AD Global Fund, L.L.C. v. United States*, 67 Fed. Cl. 657 (2006), *aff'd* 481 F.3d 1351 (Fed. Cir. 2007) ........ 2, 5, 10

*Adler v. Comm'r*, 85 T.C. 535 (1985)........ 5, 13

*Alexander v. United States*, 44 F. 3d 328 (5th Cir. 1995)........ 9

*Andantech L.L.C. v. Comm'r*, 331 F.3d 972 (D.C. Cir. 2003)........ 11

*Armes v. Comm'r*, 448 F.2d 972 (5th Cir. 1971) ........ 8, 13

*Bakersfield Energy Partners, L.P. v. Comm'r*, 128 T.C. 207 (2007) ........ 7

*Callaway v. Commissioner*, 231 F.3d 106 (2d Cir. 2000) ........ 9

*Colony, Inc. v. Commissioner*, 357 U.S. 28 (1958). ........ 6, 7, 8

*Crnkovich v. United States*, 202 F.3d 1325 (Fed. Cir. 2000) (per curiam) ........ 9

*Crop Associates – 1986 v. Comm'r*, 113 T.C. 198 (1999)........ 10

*G-5 Investment P'Ship v. Comm'r*, 128 T.C. 186 (2007) ........ 2

*Geisler v. United States*, 232 F.3d 864 (Fed. Cir. 2000)........ 5

*Grapevine Imports, Ltd. v. United States*, 77 Fed. Cl. 505 (2007) ........ 2, 7, 8, 13

*J & J Fernandez Ventures, L.P. v. United States*, 2007 U.S. Claims LEXIS 178 (Fed. Cl. 2007)........ 2

*Keener v. United States*, 76 Fed. Cl. 455 (2007) ........ 11

*Lazarus v. United States*, 1423 F. Supp. 897 (Cl. Ct. 1956)........ 8, 13

*Monti v. United States*, 223 F.3d 76 (2d Cir. 2000)........ 11

*N.C.F. Energy Partners v. Comm'r*, 89 T.C. 741 (1987) ........ 11

*Salman Ranch v. United States*, 79 Fed. Cl. 189 (2007), *appeal docketed*, No. 866 (Fed. Cir. March 11, 2008) (Slip Op.). ........ 2, 6, 8

*Slovacek v. United States*, 36 Fed. Cl. 250 (1996)........ 11

### Statutes

26 U.S.C. § 6211........ 9

26 U.S.C. § 6212........ 9

26 U.S.C. § 6221........ 9

26 U.S.C. § 6226(f)........ 10, 11

26 U.S.C. § 6229........ passim

26 U.S.C. § 6230(a)(2)........................................................................................................ 9

26 U.S.C. § 6501................................................................................................................ passim

Pub. L. No. 97-248, 96 Stat. 324, 648-71 (1982), codified at 26
U.S.C. §§ 6221-34. ................................................................................... 9, 10, 11, 12

**Other Authorities**

H.R. Conf. Rep. No. 97-760, 97th Cong., 2d Sess. at 600 (1982-2
Cum. Bull. at 662)................................................................................................................ 9

**Rules**

Rules of the Court of Federal Claims, Rule 56(c) .............................................................. 5

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | Case No. 06-030-EGB |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT FOR THE 2000 TAX YEAR**

Plaintiff Russian Recovery Advisors, L.L.C. ("Recovery Advisors"), Tax Matters Partner for Russian Recovery Fund Limited ("RRF"), respectfully submits this Memorandum in Support of its Motion for Partial Summary Judgment.[1]

**STATEMENT**

According to Defendant's Status Report of February 21, 2008, and as Plaintiff has consistently alleged, the records of the Internal Revenue Service ("IRS") show that the IRS issued the Notice of Final Partnership Administrative Adjustment for 2000 (the "FPAA") to RRF after the normal three-year statute of limitations of Internal Revenue Code ("Code") section 6501, 26 U.S.C. § 6501(a), was closed for all but one of RRF's direct and indirect partners. (Def. Status Rep. (Feb. 21, 2008) at 2; Status Conf. (March 13, 2008)). Defendant has failed to identify any partner that allegedly carried forward to other years any of the loss that the FPAA

[1] Pursuant to an Order dated May 11, 2007, this Court consolidated Case No. 06-035-EGB, which is identical in all respects to the present case except with respect to the name of the tax matters partner, under Case No. 06-030-EGB. This memorandum applies equally to support the motion filed in respect of both Case No. 06-030-EGB and Case No. 06-035-EGB.

purported to adjust.[2] Consequently, the three-year period of limitations for adjusting RRF's 2000 partnership return (the "2000 RRF Return") for all partners but one has expired (the "Closed Partners"). 26 U.S.C. §§ 6229(a); 6501(a).

The FPAA can be sustained as to the Closed Partners only if Defendant can prove that the six-year limitations period applies. The six-year statute would apply only if RRF itself omitted 25% or more of its gross income from the 2000 RRF Return or if the omitted partnership item constituted 25% or more of one of RRF's direct or indirect partner's gross income. 26 U.S.C. §§ 6229(c)(2); 6501(a)(1). Here, Defendant alleges that Plaintiff has overstated its basis in Russian debt securities that RRF sold. (Proposed Findings of Uncontroverted Fact ("Prop. Find."), ¶ 10). Assuming that allegation is true for purposes of this Motion, as a matter of law such an overstatement cannot constitute an omission from gross income, regardless of the outcome in *Salman Ranch v. United States*.[3]

Recovery Advisors asks the Court to rule that the FPAA is untimely under Code section 6501(a) insofar as it purports to adjust the partnership items of anyone other than the one indirect partner (who received a 1.3% allocation of the adjusted partnership item) whose statute was open as of the date the FPAA was issued. Recovery Advisors asks the Court to rule that the FPAA is invalid as time-barred as to all Closed Partners. 26 U.S.C. §§ 6501(a), 6229(a).

---

[2] In an exchange between counsel and the Court at the hearing of October 2, 2007, the Court acknowledged that the IRS could determine from a review of the tax returns whether the partnership item was carried forward on a partner's return. Tr. at 114-15. Although Defendant's Status Report of February 21, 2008 confirms that the partners' returns were reviewed, none was identified as having carried forward any of the partnership item allocated from RRF. In any event, under *AD Global Fund, L.L.C. v. United States*, 67 Fed. Cl. 657 (2006), *aff'd* 481 F.3d 1351 (Fed. Cir. 2007) , any losses carried forward by RRF's direct or indirect partners would not hold open the limitations period. *See AD Global* at 1355 (noting that the holding of the court should not be read to alter the statutory scheme of determining only partnership items in a partnership-level proceeding). Authority cited by Defendant to the contrary is inconsistent with *AD Global* and provides no statutory basis or other reasoning to support its conclusion. *See J & J Fernandez Ventures, L.P. v. United States*, 2007 U.S. Claims LEXIS 178 (Fed. Cl. 2007); *Grapevine Imports, Ltd. v. United States*, 77 Fed. Cl. 505 (2007); *G-5 Investment P'Ship v. Comm'r*, 128 T.C. 186 (2007).

[3] 79 Fed. Cl. 189 (2007), *appeal docketed*, No. 866 (Fed. Cir. March 11, 2008) (Slip Op.).

## FACTUAL BACKGROUND

Recovery Advisors is a limited liability company formed under the laws of the State of Delaware. (Prop. Find., ¶1). RRF is a limited liability company incorporated under the laws of the Cayman Islands that elected status as a partnership for federal income tax purposes. (Prop. Find., ¶3). FFIP is a partner in RRF. (Prop. Find., ¶5). FFIP is a limited partnership formed under the laws of the State of Delaware. (Prop. Find., ¶4).

The 2000 RRF Return was timely filed on August 14, 2001. (Prop. Find., ¶7). RRF reported its net section 988 losses on the 2000 RRF Return on the line "Other Income" and allocated all $46,424,782 of its net section 988 losses to FFIP on the supporting schedule to FFIP's K-1, under the line item "IRC Section 988 Income (Loss) (Foreign Currencies)" under the schedule for "Detail of Net Ordinary Income (Loss) From Trade or Business Activity . . ." (Prop. Find.,¶6). These losses were treated as ordinary business losses in accordance with Code section 988(a)(1). (Prop. Find., ¶6).

FFIP's 2000 federal partnership return was also timely filed on August 14, 2001. (Prop. Find., ¶8). FFIP reported the allocated net section 988 losses from RRF of $46,424,782. (Prop. Find., ¶¶6, 8). The indirect partner who entered into an extension agreement was allocated $543,330 of RRF's net section 988 losses. (Prop. Find., ¶12). Each of FFIP's direct and indirect partners filed their federal returns for the 2000 Tax Year prior to October 14, 2002. (Def. Status Rep. (Feb. 21, 2008) at 2).

On September 28, 2005, the IRS issued to Recovery Advisors, as Tax Matters Partner ("TMP") for RRF, a Notice of Beginning of Administrative Proceeding for RRF for the 2000 Tax Year. (Prop. Find., ¶9). On October 14, 2005, the IRS issued the FPAA to Recovery Advisors as TMP for RRF. (Prop. Find., ¶10). By that date, the three-year statute of limitations was closed as to all of RRF's partners – and as to all of FFIP's partners (i.e., RRF's indirect

partners), save one. (Prop. Find., ¶13). The FPAA was issued more than three years after (1) RRF had filed its 2000 return, (2) FFIP (the partner that was allocated all of RRF's net section 988 losses adjusted in the FPAA) had filed its 2000 federal partnership return, and (3) all of FFIP's direct and indirect partners (RRF's indirect partners) had filed their federal income tax returns for the 2000 Tax Year. (Prop. Find., ¶¶7, 8, 13).

The FPAA purported to adjust RRF's $46,424,782 of net section 988 losses to zero. (Prop. Find., ¶10). In the explanation attached to the FPAA, the IRS listed as the reason for its adjustment that "RRF and its partner(s) have failed to establish basis in the section 988 assets which were purportedly sold, exchanged or disposed of with regard to the claimed section 988 loss." (Prop. Find., ¶10). The FPAA makes no adjustment to RRF's return in respect of any other item of income, loss, deduction or credit. (Prop. Find., ¶10).

On January 10, 2006, $50,000 was deposited with the Boston, Massachusetts office of the IRS in connection with this action, and Recovery Advisors filed the instant action seeking, *inter alia*, an order stating that the FPAA was invalid as it was issued beyond the limitations period for making such an adjustment for Closed Partners. (Prop. Find., ¶11).

## ARGUMENT

### I. PARTIAL SUMMARY JUDGMENT IS APPROPRIATE

Summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Rules of the Court of Federal Claims, Rule 56(c); *see also Geisler v. United States*, 232 F.3d 864, 869 (Fed. Cir. 2000). For an adjustment to be timely, the IRS must issue an FPAA no later than either (i) three years after the filing of the partnership return or (ii) during the period of limitations on assessment of partnership items for the partner whose share of the partnership items the IRS seeks to adjust. 26 U.S.C. § 6229(a); *AD Global Fund, L.L.C. v. United States*, 67 Fed. Cl. 657 (2006), *aff'd* 481 F.3d 1351 (Fed. Cir. 2007). Defendant has reported to the Court that, as Plaintiff has consistently alleged, the FPAA was issued more than three years after RRF and all of RRF's direct and indirect partners filed their 2000 federal income tax returns. (Def. Status Rep. (Feb. 21, 2008); Status Conf. (Mar. 13, 2008)). Under *AD Global* that fact is sufficient to make Plaintiff's prima facie case that it is entitled to summary judgment for all Closed Partners. Accordingly, Defendant bears the burden of coming forward with proof that some exception to the clear rule of Code sections 6501(a) and 6229(a) applies to permit the FPAA's adjustment.[4]

Defendant has offered two claims to support the notion that, as to the Closed Partners, issues of material fact exist that cause exceptions to the normal three-year limitations period to apply, precluding summary judgment: (1) RRF and the Closed Partners (or some of them) omitted more than 25% of their gross income, resulting in an application of a six-year period of limitations on making the purported adjustment, see Code sections 6229(c)(2) and 6501(e)(1); and (2) the Closed Partners (or some of them) could not fully utilize RRF's net section 988 loss

[4] *Adler v. Comm'r*, 85 T.C. 535, 540 (1985).

allocated to them and carried some of the loss forward to future years. But these so-called issues of fact are not genuine and, indeed, are baseless.

## II. THE SIX-YEAR STATUTE OF LIMITATIONS CANNOT APPLY HERE AS A MATTER OF LAW

In making its unsupported claim that a six-year statute applies, Defendant offers two theories. The first theory asserts that *Colony, Inc. v. Commissioner*[5] has been misread for the past 50 years. Defendant's misreading of *Colony* is contrary to Supreme Court authority that has adhered for the past five decades, and as a matter of law the six-year statute of limitations cannot apply to this case.

Defendant attempts to overcome the clear application of *Colony* to this case by encouraging this Court to look instead to the decision in *Salman Ranch.* Defendant urges the Court to await the decision in the interlocutory appeal of *Salman Ranch.* Defendant completely misses the mark, because applying the rule of *Colony* here is independent of, and not affected by, the *Salman Ranch* view of the six-year statute.

The second theory maintains that somehow, somewhere, some one of the Closed Partners, omitted more than 25% of their 2000 gross income totally unrelated to RRF. This aggressive over-reaching of the Department of Justice into income tax examinations should not be countenanced.

### A. The Supreme Court's interpretation of the six-year statute in *Colony* clearly demonstrates that the six-year statute does not apply to the adjustment proposed by the FPAA.

The Supreme Court's holding in *Colony* mandates that the six-year statute of limitations does not apply to this case as a matter of law. Code section 6229(c)(2) substitutes a six-year statute of limitations in place of the normal three-year statute of limitations for partnership items

[5] 357 U.S. 28 (1958).

if the partnership omits income in excess of 25% of the gross income stated on the partnership return. 26 U.S.C. § 6229(c)(2). Code section 6501(e)(1) contains a similar substitution if a taxpayer omits gross income that exceeds 25% of reported gross income. 26 U.S.C. § 6501(e)(1). The FPAA alleges no omission of any item of gross income. Instead, the FPAA purports to adjust only a loss that was properly reported and disclosed on the 2000 RRF Return as well as on the K-1 provided to FFIP. (Prop. Find., ¶ 10).

In *Colony*, the Supreme Court addressed whether a disputed loss arising in connection with a basis adjustment could serve as an "omission" for purposes of applying the six-year statute of limitations. 357 U.S. at 38. In that case, as here, the IRS sought to apply the six-year statute of limitations by arguing that an overstated basis was tantamount to an omission of gross income. *Id.* at 30-32. The Supreme Court rejected the government's position and held that the purpose of the extended limitations period was to give the IRS additional time only in "the specific situation where a taxpayer actually omitted some income receipt or accrual in his computation of gross income." *Id.* at 33. In such an instance, the Court explained, the IRS is placed at a special disadvantage in detecting errors because "the return on its face provides no clue as to the existence of the omitted item." *Id.* at 36. In *Grapevine Imports, Ltd. v. United States*,[6] the Court of Federal Claims continued to read *Colony* the way it had been read for 50 years by holding that a denial of a loss allegedly resulting from an overstated basis was not an "omission" for purposes of applying the six-year statute of limitations.[7]

[6] 77 Fed. Cl. 505, 510-11 (2007) ("Grapevine II").

[7] In *Grapevine II*, the court noted that the tax return specifically claimed the loss at issue, eliminating any argument that the IRS was at a special disadvantage. *Id.* at 511-12. *See also Bakersfield Energy Partners, L.P. v. Comm'r*, 128 T.C. 207, 215 (2007) ("[T]he Supreme Court held that 'omits' means something 'left out' and not something put in and overstated.").

The reasoned holding of *Colony* is directly applicable to this case: the FPAA does not contain an adjustment to "an item of gross income" because it relates solely to an adjustment of basis. Therefore, the six-year statute under Code sections 6229(c)(2) and 6501(e)(1) cannot apply to RRF and, as a matter of law, summary judgment is appropriate. *See* 26 U.S.C. §§ 6229(c)(2); 6501(e)(1).

**B. *Salman Ranch* is irrelevant to the determination of whether the six-year statute applies to this case.**

The issue joined in *Salman Ranch* is whether an overstated basis in a sale of a capital asset results in an omission of gross income. The FPAA, consistent with the Code, treats the adjustment to the basis of RRF's debt securities as decreasing the amount of resulting ordinary business loss, not capital gain as was the case in *Salman Ranch*.[8] The characterization of RRF's debt security and its associated loss is not at issue in this case, is determinable as a matter of law under the Code rather than as an issue of fact, and has been left undisturbed by the FPAA. If the FPAA's purported adjustment were valid, the adjustment of the loss is, as a matter of law, an adjustment to an ordinary business loss. Under no known theory, including the theory of *Salman Ranch*, could anyone argue that a denied ordinary business loss is an omission from gross income.[9]

**C. Partner-level individual items are irrelevant to application of the partnership six-year statute.**

Defendant's second theory for applying the six-year statute is founded on a baseless allegation that, perhaps, one or more of the Closed Partners omitted more than 25% of gross income from their federal income tax returns. Defendant hypothesizes an omission that is

[8] Under Code section 988(a)(1), RRF's section 988 losses are treated as ordinary business losses.

[9] In any event, Defendant has failed to meets its burden to show, by a preponderance of the evidence, that the government is entitled to invoke the six-year statute. *See Armes v. Comm'r*, 448 F.2d 972, 974 (5th Cir. 1971); *Grapevine II*, 77 Fed. Cl. at 511 (citing *Lazarus v. United States*, 1423 F. Supp. 897, 898 (Cl. Ct. 1956)).

unrelated to any partnership item. This is a desperate grasp at an imagined handle to open the closed door of limitations.

The IRS's inability to issue the FPAA in a timely manner cannot be rectified by allowing the Department of Justice free reign to scour partner-level, individual, income items in a vain search for an omission from gross income that the Defendant has no basis at all to suspect occurred. Moreover, even if some basis for the scurrilous allegation of omitting more than 25% of gross income did exist, any partner-level items are irrelevant to this proceeding. In short, the Court has no jurisdiction in this proceeding to permit such an unwarranted foray into the nonpartnership items of RRF's indirect partners.

In enacting the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"),[10] Congress intended to determine "the tax treatment of items of partnership income, loss, deductions, and credits . . . at the partnership level in a unified proceeding rather than in separate proceedings with the partners." H.R. Conf. Rep. No. 97-760, 97th Cong., 2d Sess. at 600 (1982-2 Cum. Bull. at 662). TEFRA creates a bifurcated structure for determining the income tax attributable to partnerships that relies on the distinction between partnership and nonpartnership items. *Alexander v. United States*, 44 F. 3d 328, 330 (5th Cir. 1995). The partnership-level and partner-level procedures embodied in TEFRA are intended to be "mutually exclusive," *Callaway v. Commissioner*[11], and thus, the tax treatment of partnership items is resolved at the partnership level pursuant to a TEFRA proceeding while the tax treatment of nonpartnership items is resolved at the individual partner level, using, *inter alia*, the normal deficiency procedures of the Internal Revenue Code. 26 U.S.C. §§ 6211, 6212, 6221, 6230(a)(2); *see Crnkovich v. United States*, 202 F.3d 1325, 1328-29 (Fed. Cir. 2000) (per curiam).

---

[10] Pub. L. No. 97-248, 96 Stat. 324, 648-71 (1982), codified at 26 U.S.C. §§ 6221-34.

[11] 231 F.3d 106 (2d Cir. 2000)

*AD Global* honors this bifurcated process. *AD Global* holds that Code section 6501, as extended by Code section 6229, is the relevant period of limitations for determining whether an assessment *with respect to a partnership item* is timely. *Id.* at 1354-55. Read in the context of the statutory structure of TEFRA, *AD Global* requires the determination of whether an assessment is timely to be made solely with respect to partnership items. *See id.* at 1355 (noting that its holding should not be read to "alter the statutory scheme of determining partnership items in one partnership level proceeding"). The structure of Code sections 6501 and 6229, as interpreted by *AD Global*, mandate that partner-level omissions on a partner's tax return, if they existed, would not hold open the statute of limitations with respect to partnership items. As the Court of Federal Claims in *AD Global* noted, "the 'period specified in subsection (a)' [of section 6501] means the 'period for assessing any tax . . . which is attributable to any partnership item,' which period 'shall not expire before' three years after the later of the filing of the partnership return or its due date."[12] Thus, Code sections 6501 and 6229, as well as *AD Global*, all show that the statute of limitations that is relevant here relates to partnership items, and not partner items. While the six-year limitation provisions of Code sections 6501 and 6229 apply to determine whether an adjustment to a partnership-level item is timely, partner-level items that are wholly unrelated to the partnership item at issue are irrelevant to this determination.

Furthermore, any such partner-level determinations may not be made by the Court in this proceeding and must instead be made in a proper, partner-level proceeding. The scope of a TEFRA proceeding is limited to determinations with respect to partnership items. 26 U.S.C. § 6226(f). *See Crop Associates – 1986 v. Comm'r*, 113 T.C. 198, 202 (1999) ("Our role in [a partnership proceeding] is limited by section 6226(f) to the determination (and allocation) of

---

[12] 67 Fed. Cl. 657, 694 (2006) (quoting Code sections 6229 and 6501), *aff'd* 481 F.3d 1351 (Fed. Cir. 2007).

partnership items."); *Andantech LLC v. Comm'r*, 331 F.3d 972, 980 (D.C. Cir. 2003) ("[P]ursuant to §6226(f), subject matter jurisdiction is limited to determining all partnership items of the partnership for the partnership taxable year to which the FPAA relates, the proper allocation of such items among the partners, and certain penalties."); *N.C.F. Energy Partners v. Comm'r*, 89 T.C. 741, 746 (1987) ("[W]e lack jurisdiction over the issues relating to affected items raised in the petition."). To the extent a particular matter may involve questions of fact pertinent only to a partner, a court lacks jurisdiction to make a determination with respect to such a matter in a TEFRA proceeding. *Slovacek v. United States*, 36 Fed. Cl. 250, 255 (1996) (holding that a statute of limitations issue applicable only to an individual partner involves questions of fact pertinent only to a partner and as such is not appropriate for determination in a TEFRA proceeding).[13] The determination of whether the six-year limitations period of Code sections 6501 and 6229 applies to one of RRF's direct or indirect partners as a result of each partner's unique facts and circumstances and *due to matters unrelated to the partnership item* subject to adjustment under the FPAA is not a determination the Court can make in this proceeding.[14] Allowing such a determination to be interjected into a partnership proceeding

[13] *See also Monti v. United States*, 223 F.3d 76, 82-83 (2d Cir. 2000) (holding that a partner's right to seek consistent settlement terms from the IRS is more appropriately considered a nonpartnership item because the "question posed requires consideration of the relationship between one partner's situation and another's and the individual's, rather than the partnership's communications with the IRS. The facts needed to determine whether consistent terms were offered are facts about the partner, not facts about the partnership.").

[14] See also *Keener v. United States*, 76 Fed. Cl. 455 (2007), where the court suggested that issues relating to the sections 6501 and 6229 statutes of limitations may involve an item (the section 6501 limitation) affected by a partnership item (the section 6229 limitation). *Id.* at 461-62. Notably, the court's analysis does not give any indication that in making the sections 6501 and 6229 determination in the context of a partnership proceeding that a court could engage in unlimited inquiry into partner-specific items. Indeed, the court is careful to stress that its reading of the section 6501 and 6229 statutes is intended to avoid "the welter of conflicting decisions that might result should each partner, in pursuing affected items, be allowed [to] litigate in an individual refund action issues common to the partnership as a whole partnership." *Id.* at 462. Thus, *Keener* anticipates the type of partner-by-partner determinations that the Defendant seeks to have the Court undertake here and correctly reasons that this would be contrary to the unified partnership proceedings contemplated under TEFRA.

would undercut the clear demarcation between partnership-level and partner-level proceedings contemplated by TEFRA.

Defendant has offered no competent theory as to why the six-year statute applies to any of RRF's direct or indirect partners. The Court cannot be asked to determine that the six-year statute applies here solely as a result of partner-level items unrelated to the partnership item the FPAA seeks to adjust. Of course, such an inquiry would constitute a super audit – an income tax examination of the highest order – not by the Commissioner of Internal Revenue, but by the attorneys at the Department of Justice – an untenable usurpation of the authority Congress has delegated to the Treasury Department and the IRS.

## III. DEFENDANT'S HYPOTHETICAL OF CARRYOVER LOSSES LACKS SUBSTANTIATION, HAS NOT BEEN SUPPORTED BY ITS REVIEW OF THE OFFICIAL RECORDS AND IS IRRELEVANT TO DETERMINING WHETHER THE FPAA WAS TIMELY

Defendant has suggested that the FPAA may be timely solely because *perhaps* some of the indirect partners of RRF carried forward, into years that are potentially open at the individual partner level, a portion of the partnership item that the FPAA seeks to adjust. As discussed below, Defendant has the burden of coming forward with proof that any such carry forward occurred. Despite having had ample opportunity in this proceeding to review the indirect partners' federal income tax returns, Defendant has not offered a single instance in support of its claim. Consequently, there is no genuine issue of material fact left to be decided.

### A. Defendant has the burden of coming forward with proof.

Plaintiff has established a prima facie case that the three-year statute applies and accordingly the burden shifts to Defendant to show the FPAA is otherwise timely with respect to the Closed Partners. It is well established that "[w]here the party pleading such issue makes a showing that the statutory notice was issued beyond the normally applicable statute of

limitations, however, such party has established a prima facie case. At that point, the burden of going forward with the evidence shifts to the other side, and the other party has the burden of introducing evidence to show that the bar of the statute is not applicable." *Adler v. Comm'r*, 85 T.C. 535, 540 (1985); *see also Armes v. Comm'r*, 448 F.2d 972, 974 (5th Cir. 1971); *Grapevine Imports Ltd. v. United States*, 77 Fed. Cl. 505, 511 (2007) (citing *Lazarus v. United States*, 1423 F. Supp. 897, 898 (Cl. Ct. 1956)). Here, the normal three-year statute applies unless the government shows by a preponderance of the evidence that the normal statute has been extended, that a substitute statute applies, or that the FPAA is otherwise timely. Defendant has failed to meet this burden.

**B. Defendant has failed to come forward with proof that the limitations period is open.**

Defendant controls the records that would show whether any such carryovers exist but has failed to inform the Court whether the records support its hypothetical assertion, opting instead to renew its demand for intrusive discovery. Defendant's Status Report makes clear that Defendant has easy access to the returns of RRF's indirect partners and, indeed, that upon request the IRS has given a partner's return to Defendant's counsel. (Def. Status Rep. (Feb. 21, 2008) at 2.) Defendant has offered no reason to excuse its failure to review any return that it thought would reflect a carry forward of an allocated loss. In fact, the IRS examined one of the Closed Partners in a year of an alleged carryover and issued a "No Adjustment" Letter. *See* Case No. 06-031-EGB, Ex. A to Supp. Brief in Supp. of Pl.'s Mot. for Summ. J. for the 2001 Tax Year. Defendant offers no support for its allegations that any of RRF's indirect partners carried forward any of their allocated loss.

Because the Defendant has otherwise failed to show that the Code section 6501 limitations period, as extended by Code section 6229, is open for the Closed Partners, the Court should grant Plaintiff's Motion for Partial Summary Judgment.

**CONCLUSION**

For the foregoing reasons, the Court should grant Recovery Advisor's Motion for Partial Summary Judgment and enter an order declaring the FPAA to be invalid insofar as it seeks to adjust partnership items allocated to the Closed Partners.

By: s/ Loretta R. Richard

Dated: May 1, 2008

Loretta R. Richard
Kathleen Saunders Gregor
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

B. John Williams, Jr.
Alan J.J. Swirski
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
(202) 371-7000

Attorneys for Plaintiff,
RUSSIAN RECOVERY FUND
LIMITED, RUSSIAN RECOVERY
ADVISORS, L.L.C., TAX MATTERS
PARTNER