**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | Case No. 06-0030-EGB |

**PLAINTIFF'S PROPOSED FINDINGS**
**OF UNCONTROVERTED FACT FOR THE 2000 TAX YEAR**

Pursuant to Rule 56(h)(1) of the Rules of the Court of Federal Claims, Plaintiff Russian Recovery Advisors, L.L.C. ("Recovery Advisors"), Tax Matters Partner for Russian Recovery Fund Limited ("RRF"), respectfully submits the following proposed findings of uncontroverted fact in support of its Motion for Partial Summary Judgment.[1]

1. Recovery Advisors is a limited liability company formed under the laws of the State of Delaware. (Declaration of James DiBiase ("DiBiase Decl."), ¶2).

2. Recovery Advisors was designated the Tax Matters Partner ("TMP") for RRF for the tax year ended on December 31, 2000 (the "2000 Tax Year") on its partnership tax return filed with respect to the 2000 Tax Year (the "2000 RRF Return"). (DiBiase Decl., ¶2).

3. RRF is a company incorporated under the laws of the Cayman Islands that has elected status as a partnership for federal income tax purposes. (DiBiase Decl., ¶2; Compl., ¶3; Ans., ¶3; Def. Res. To Pl. Prop. Find. (July 2, 2007), ¶3).

[1] These Proposed Findings of Uncontroverted Fact are filed with respect to both Case Nos. 06-030-EGB and 06-035-EGB, which, pursuant to an order dated May 11, 2007, the Court of Federal Claims consolidated under Case No. 06-030-EGB.

4. FFIP, L.P. ("FFIP") is a Delaware limited partnership and is treated as a partnership for U.S. federal tax purposes. (DiBiase Decl., ¶5).

5. FFIP was a partner in RRF during the 2000 Tax Year. (DiBiase Decl., ¶4). During that tax year, FFIP had 36 direct partners. (DiBiase Decl., ¶5).

6. RRF allocated net Section 988 losses of $46,424,782 entirely to FFIP in the 2000 Tax Year. No RRF partner other than FFIP received an allocation of all or any portion of the net Section 988 losses. These losses were treated as ordinary business losses in accordance with Section 988(a)(1). (DiBiase Decl., ¶4, Ex. 1)

7. RRF's timely filed 2000 RRF Return was mailed on August 14, 2001. (DiBiase Decl., ¶3; Compl., ¶¶4, 8(q); Ans., ¶¶4, 8(q); Def. Resp. to Pl. Prop. Find. (July 2, 2007), ¶7).

8. FFIP's tax return was filed on August 14, 2001, reporting all items allocated to FFIP from RRF. (DiBiase Decl., ¶5).

9. The IRS took no action with respect to the 2000 RRF Return until more than four years after RRF filed its partnership tax return. Specifically, on September 28, 2005, the Internal Revenue Service ("IRS") issued to Recovery Advisors, as TMP for RRF, a Notice of Beginning of Administrative Proceeding for RRF for the 2000 Tax Year. (DiBiase Decl., ¶¶ 6, 7; Compl., ¶8(r); Ans. ¶8(r)).

10. Then, on October 14, 2005 – *four years and two months after the IRS received RRF's tax return* – the IRS mailed to Recovery Advisors an Notice of Final Partnership Administrative Adjustment ("FPAA") for the tax year ended on December 31, 2000 (the "2000 FPAA"), proposing a $46,424,782 adjustment to "Other Income" on the 2000 RRF Return. The amount of $46,424,782 ties to the exact amount of loss reflected on the supporting schedule to FFIP's K-1, under the line item "IRC Section 988 Income (Loss) (Foreign Currencies)" under the schedule

for "Detail of Net Ordinary Income (Loss) From Trade or Business Activity . . ." In the explanation attached to the 2000 FPAA, the IRS listed as the reason for its adjustment that "RRF and its partner(s) have failed to establish basis in the section 988 assets which were purportedly sold, exchanged or disposed of with regard to the claimed section 988 loss." The 2000 FPAA makes no adjustment to RRF's return in respect of any other item of income, loss, deduction or credit. (DiBiase Decl., ¶6, Ex. 1, Ex. 2; Compl., ¶¶4,5; Ans., ¶¶4,5).

11. On January 10, 2006, a deposit of $50,000 was tendered on behalf of Recovery Advisors and Recovery Advisors filed the instant action seeking, *inter alia*, an order stating that the 2000 FPAA was invalid. (Compl., ¶7; Ans., ¶7).

12. The indirect partner of RRF who entered into an extension agreement was allocated $543,330 of RRF losses. (DiBiase Decl., ¶8; Def. Status Rep. (Feb. 21, 2008); Status Conf. (Mar. 13, 2008)).

13. As stated by Defendant at the status conference on March 13, 2008, all of RRF's direct and indirect partners had filed their tax returns for 2000 more than three (3) years prior to the date that the 2000 FPAA was issued. *See also* Def. Status Rep. (Jan. 21, 2008).

By: s/ Loretta R. Richard

Dated: May 1, 2008

Loretta R. Richard
Kathleen Saunders Gregor
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

B. John Williams, Jr.
Alan J.J. Swirski
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
(202) 371-7000

Attorneys for Plaintiff,
RUSSIAN RECOVERY FUND
LIMITED, RUSSIAN RECOVERY
ADVISORS, L.L.C., TAX MATTERS
PARTNER