IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Bruggink)
Nos. 06-30 T and 06-35 T (consolidated)

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS, L.L.C.,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REDACTION OF MAY 22, 2008 TRANSCRIPT

COMES NOW the United States and hereby responds in opposition to plaintiff's motion to redact the May 22, 2008 transcript (TR) of proceedings in this matter, for the reasons set forth below.

A. <u>There is no reason to make the redactions requested by plaintiff</u>

There is no justification for making plaintiff's two redaction requests. The proposed redactions, text on pages 7 and 15, each refer to Nancy Zimmerman, as follows:

TR at 7: [Redacted]

TR at 15: [Redacted]

Neither passage contains information subject to redaction pursuant to FRCP 5.2 or by this Court's transcript redaction procedure, *i.e.*, social security number, year of birth, name of a minor, or financial account numbers. These texts do not reveal "confidential tax information" that is "wholly personal" and excludable from this proceeding, as plaintiff contends. The text on page 15 simply states the last name of Nancy Zimmerman, albeit in the plural. She is an important, if not the most important individual involved in this case, as she created, controlled, or directed many of the entities involved in the underlying tax transaction that the Internal Revenue Service determined, by the issuance of the FPAA at issue, was an abusive tax shelter. Plaintiff's apparent contention to the contrary is inexplicable.[1]

The text on page 7 refers to facts pertinent to Ms. Zimmerman that are critical to this case, both jurisdictionally and with respect to the amounts of tax at issue. Such information is subject to public disclosure in this litigation brought by the plaintiff, Russian Recovery Advisors, undoubtedly with the consent and direction of Ms. Zimmerman. The complaint describes the founding of Russian Recovery Fund and the role of the plaintiff, Russian Recovery Advisors, in advising the Fund. Doc. # 1 at 3. The complaint also describes Bracebridge Capital , LLC, as the sole member of Russian Advisors. *Ibid.* Nancy Zimmerman was, and remains, a principal of Bracebridge. For example, she signed Bracebridge's 2001 Form 1065.

---

1/ RCFC 11(b)((3) requires, *inter alia*, that "factual contentions have evidentiary support." The defendant is at a loss to understand how the plaintiff can suggest in its motion that Nancy Zimmerman "is not a party to this proceeding and who was not involved in the disputed losses." Doc. # 61 at 2. For example, she signed the 2000 partnership return that is subject of the FPAA at issue in this litigation. The Forms K-1 for that tax return identify her as a direct partner and she is also an indirect partner through other direct partners of Russian Recovery Fund. Doc. # 56-2 at 30. The reference in the transcript (TR at 15) cannot be to Ms. Zimmerman's spouse, since Zimmerman is not his name, as plaintiff should clearly know.

Moreover, Ms. Zimmerman has previously been identified by the plaintiff, both in the complaint [Doc. # 1 at 4] and in their latest filing, the May 1, 2008, motion for partial summary judgment [Doc. #56-2 at 30]. The plaintiff publicly disclosed confidential, personal tax information pertaining to Ms. Zimmerman by including in Exhibit 1 to plaintiff's motion for partial summary judgment filed May 1, 2008, the IRS Form K-1 issued to Ms. Zimmerman by Russian Recovery Fund Limited for its taxable year 2000, which included her unredacted social security number. There are also references to Ms. Zimmerman in the transcript that are not subject to plaintiff's motion for redaction. TR 7, line 24; TR 12, line 14. These omissions further diminish any purpose for the suggested redactions.

B. <u>All partners, direct or indirect, are parties to a TEFRA proceeding</u>

Plaintiff has consistently misconstrued in this proceeding the provisions of § 6226(c) and (d) which first provide that all partners are treated as a party to a TEFRA proceeding and the court "shall allow such person to participate in the action." § 6226(c)(2). Section 6626(d)(1)(B) further provides that a person otherwise a party would cease to be a party if the assessment periods for the party had expired. But the flush language of §6226(d)(1) permits any partner to make an appearance in a partnership proceeding to assert that their assessment period had expired. Contrary to the plaintiff's apparent contention here, the statute does not put the onus on the United States to show that a partner is, or is not, a party under § 6226(c) and (d). The statute provides the opposite.

In fact, in this case, the plaintiff has proved that Nancy Zimmerman is treated as a party in this proceeding by virtue of the fact that she is a direct partner of Russian Recovery Fund, whose Form 1065 is the subject of the FPAA at issue here. Doc. # 56-2 at 30. This document,

an unsigned copy of Russian Recovery Fund's Form 1065 for taxable year 2000, was filed as an exhibit to plaintiff's May 1, 2008, motion for partial summary judgment. The filed copy of this tax return is signed by Nancy Zimmerman. She has not entered an appearance in this case to attempt to prove that she should not be a treated as party pursuant to § 6226(d).

Of course, Nancy Zimmerman's status as a party and her role in the underlying transaction has not been developed fully to date by United States since discovery has not been permitted. Her deposition will no doubt be among the first taken when discovery is permitted.

C. Plaintiff's references to Section 6103 are inapposite

There is no direct connection between FRCP 5.2 and Section 6103 of the Internal Revenue Code. Plaintiff's vague references to "underlying policies" of Section 6103 in support of its motion are without merit. FRCP 5.2 is concerned with the security of electronic court filings, not the release of tax return or tax return information by any means, as is Section 6103.

As plaintiff well knows, the disclosure of tax returns and tax return information in judicial proceedings such as this is specifically authorized by Section 6103(h)(4)(A) through (C). Plaintiff's invocation of Section 6103 in support of its motion therefore is without merit. *See Vons Companies, Inc. v. United States,* 51 Fed. Cl. 1 (2001); *Shell Petroleum Inc. v. United States*, 46 Fed. Cl. 719 (2000); *Shell Petroleum Inc. v. United States*, 47 Fed. Cl. 812 (2000).

In sum, Section 6103 of the Internal Revenue Code does not support the plaintiff's request; to the contrary, Section 6103 expressly permits disclosure in these judicial proceedings. We recognize the trend of some litigants to attempt to keep information out of the public record. But Judge Anderson of the District of South Carolina, who has studied the arguments of both those who favor openness and those who favor secrecy in court proceedings, sides with

openness, and he has noted that "[o]penness is an important feature of the American legal system. . . . The Supreme Court has observed that "justice cannot survive behind walls of silence." Joseph F. Anderson Jr., Hidden from the Public by Order of the Court: The Case Against Government-Enforced Secrecy, 55 S.C. L. Rev. 711, 740 (2004) (citing *Sheppard v. Maxwell*, 384 U.S. 333, 349 (1966)). Perhaps Ms. Zimmerman is embarrassed that she has been publicly associated with a tax shelter that the Government believes is highly abusive. Perhaps she mistakenly believes, as do plaintiff's lawyers, that she is not a party to this proceeding and that, despite having signed a partnership return, the use of her name in these proceedings is "wholly personal" to her. Whatever the reason, stated or unstated, the plaintiff has shown no private interest of Ms. Zimmerman that would justify publicly shielding her involvement in a tax shelter, unlike the scores of participants in other tax shelter cases that are presently being openly litigated in the federal courts.

WHEREFORE, the United States prays that this Court deny plaintiff's motion to redact the May 22, 2008 transcript.

Respectfully submitted,

s/ Robert J. Higgins

ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6580
(202) 540-9440 (facsimile)
robert.j.higgins@usdoj.gov

JOHN DICICCO
Acting Assistant Attorney General
STEVEN I. FRAHM
Acting Chief, Court of Federal Claims Section
GROVER HARTT, III
Senior Litigation Counsel

s/Grover Hartt, III
Of Counsel

August 15, 2008