# In the United States Court of Federal Claims

No. 06-30 T
(Consolidated with No. 06-35 T)
(Filed: September 11, 2012)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RUSSIAN RECOVERY FUND LTD.,
RUSSIAN RECOVERY ADVISORS, L.L.C.,
Tax Matters Partner,

       *Plaintiffs*,

v.

THE UNITED STATES,

       *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Before the court is defendant's motion to "unseal the record." The entire record is not under seal, but, at the time defendant's motion was filed, dozens of docket entries were maintained under seal. Subsequent to the motion, and after oral argument, the parties agreed to unseal virtually all of the documents initially put under seal. Currently in dispute are only five documents. Even as to those disputed documents, however, defendant does not object to redaction of social security numbers and employee identification numbers ("EINs"). After considering the parties' argument, we dispose of those items as set out herein.

## BACKGROUND

This is a Tax Equity and Fiscal Responsibility Act ("TEFRA") action seeking readjustment of partnership items. It is brought under 26 U.S.C. § 6226(a) (2006)[1] by Russian Recovery Advisors, LLC ("RRA" or "plaintiffs")

---

[1] All subsequent references to the United States Code are to Title 26 and
(continued...)

as the tax matters partner for Russian Recovery Fund, LTD ("RRF"). Plaintiffs alleges that the Internal Revenue Service ("IRS") erred in its October 14, 2005 Notice of Final Partnership Administrative Adjustment for the tax year ending December 31, 2000 ("2000 FPAA"). Plaintiffs contend that the 2000 FPAA was issued outside the limitations period and is invalid.

We have had occasion to rule on a number of procedural and substantive issues. *See Russian Recovery Fund Ltd. v. United States*, 81 Fed. Cl. 793 (2008) (holding it improper for 2000 FPAA to adjust an individual partner's amount at risk in its distributive share of non-recourse partnership liabilities); 90 Fed. Cl. 698 (2009) (satisfying jurisdictional deposit requirement of section 6226(e) requires inclusion of all potential increased tax liability for tax years affected by the FPAA). In our most recent opinion we held that the 2000 FPAA suspended the statute of limitations for adjustment of Nancy Zimmerman's 2001 individual tax return, or for any partners she represents, while an extension agreement failed to apply to James DiBiase's return, which was filed beyond the 2000 FPAA's three year window. 101 Fed. Cl. 498 (2011). Each opinion and a number of other orders triggered the filing of numerous docket entries. Early on we accepted plaintiffs' assertion that the risk of unnecessary disclosure of private tax information outweighed the presumption of public access and allowed the redaction of information from numerous docket entries. We indicated that we would reassess that approach as the case progressed. *See, e.g.,* Order of August 3, 2010, *Russian Recovery Fund Ltd. v. United States*, No. 06-30T (Fed. Cl. Aug. 3, 2010).

The documents at issue (by CMECF docket number), the filing party, and the information plaintiffs wish to maintain under seal are set out below.

1. Document 56, "Declaration of James DiBiase" (Filed by plaintiffs in support of their May 1, 2008 motion for partial summary judgment.) (Names and addresses of two individuals and other partners of RRF).

2. Document 81, "Response in Opposition to Plaintiffs' Motion to Seal the United States' Motion to Dismiss Due to Privacy Concerns and Alleged Violations of 26 U.S.C. § 6103(a)" (Name of university that is a partner of RRF).

---

[1](...continued)
the United States Code of 2006 ("the Code").

    3. Document 105, Transcript of hearing on motion to dismiss held on October 6, 2009 (Name of university that is a partner of RRF).

    4. Document 75, Exhibits 1-20 to "Proposed Findings of Uncontroverted Fact in Support of Defendant's Motion to Dismiss" (Names and addresses of partners of RRF).

    5. Document 76, Exhibits 21-36 to "Proposed Findings of Uncontroverted Fact in Support of Defendant's Motion to Dismiss" (Individual tax information of Nancy Zimmerman and names of two funds of RRF).

## DISCUSSION

    There is a well-recognized right of public access to judicial records that rests in the common law and First Amendment. *Pratt v. Whitney Can. Inc. v. United States*, 14 Cl. Ct. 268, 272 (1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). Although the Internal Revenue Code places a restriction on the release of tax returns, 26 U.S.C. § 6103(a), we ruled that defendant did not violate section 6103. Consequently, parties seeking to have a document sealed must provide "compelling reasons supported by specific factual findings . . . [to] outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). In addition, application of the test may depend on the procedural context in which the information is used. For example, it may be more difficult to justify redaction of materials used in connection with a summary judgment motion. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 122 (2d Cir. 2006). We believe that the same holds true for documents submitted in connection with a motion to dismiss.

    With respect to the information plaintiffs seek to redact from Document 56, other than social security numbers and EINs, we direct that the document be unsealed. We begin with the fact that plaintiffs view the information in the document as relevant, as Document 56 was an attachment to plaintiffs' motion for summary judgment. In addition, in the complaint, plaintiffs name Zimmerman and allude to the university and the trust. Ms. Zimmerman was a representative partner with respect to numerous rulings. While the university may have no direct or even indirect economic interest, defendant included the name of the university in materials it submitted in support of its May 22, 2009 motion to dismiss and asserts that it was necessary to use information related

to the university to trace allocated losses.  Such losses were pertinent to the issues resolved in our decision on the jurisdictional deposit requirement. *See* 90 Fed. Cl. 698, 703 (2008).  The trust was named in a number of documents, some of which the parties have agreed to unseal. The same holds true for the name of a remaining individual, a name which appears in the complaint and two unsealed documents.

This result applies as well with respect to Documents 85 and 105, as to which plaintiffs wished to redact the name and address of the university. Those documents shall be unsealed without redactions.

With respect to Documents 75 and 76, we take at face value defendant's assertion that the entirety of Ms. Zimmerman's tax returns was relevant to its ability to trace her losses and support defendant's argument with respect to the amount of the deposit required.  The court is poorly positioned to revisit the motion to determine what information in the attachments was essential to defendant's argument.  Her information need not be redacted, except with respect to social security number or EIN.

Also in Document 76, two funds not discussed above, apparently partners which did not receive loss distributions, are mentioned on pages B00261, B00263, B00401, and B00403.  Other than the fact that these firms appear in documents filed with the court, defendant provides no reason for why these funds are relevant.  Those names and EINs may be redacted.

## CONCLUSION

The Clerk is directed to unseal Document 105, as it does not contain EINs or social security numbers.  Plaintiffs are directed to file versions of Documents 56, 75, 76, and 85 which contain only the redactions permitted above by September 17, 2012.

                                                s/ Eric G. Bruggink
                                                ERIC G. BRUGGINK
                                                Judge